**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **PICTIVA DISPLAYS INTERNATIONAL LTD.**<br><br>Plaintiff,<br><br>v.<br><br>**SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.**<br><br>Defendants. | Civil Action No. _________<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

1. Plaintiff Pictiva Displays International Ltd. ("Pictiva" or "Plaintiff"), by and through its undersigned counsel, brings this action against Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung" or "Defendants") to prevent the Defendants' continued use of Plaintiff's patents without authorization and to recover damages resulting from such unauthorized use.

## I. THE PARTIES

2. Plaintiff Pictiva is a corporation organized and existing under the laws of Ireland, with its principal place of business at The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin, Ireland A96 VR66. It operated under the name of Dolya Holdco 5 Limited until July 17, 2020.

3. Pictiva is the assignee of all right, title, and interest in U.S. Patent Nos. 6,949,389 (the "'389 Patent," Ex. 1) and 8,314,547 (the "'547 Patent," Ex. 2) (collectively, the "Patents-in-Suit").

4. On information and belief, Defendant SEC is a corporation organized and existing under the laws of the Republic of Korea, with its principal place of business at 129, Samsung-ro, Yeongtong-gu, Suwon, Gyeonggi-do, 16677, Republic of Korea. On information and belief, SEC is the worldwide parent corporation for SEA. On information and belief, SEC designs, manufactures, and provides to the United States a range of digital consumer electronics, including devices containing organic light-emitting diode ("OLED") display panels, such as smartphones, tablets, computers, and televisions. On information and belief, SEC is also involved in the design, manufacture, and provision of products sold by SEA.

5. On information and belief, Defendant SEA is a corporation organized and existing under the laws of the State of New York. On information and belief, SEA is a wholly owned subsidiary of SEC. On information and belief, SEA, collectively with SEC, designs, manufactures, uses, offers for sale, sells, and/or imports into the United States a range of digital consumer electronics, including devices containing OLED display panels, such as smartphones, tablets, computers, and televisions. Defendant SEA maintains offices and facilities at 6625 Excellence Way, Plano, Texas 75023. SEA may be served with process through its registered agent for service in Texas: C T Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201

6. Defendants operate under and identify with the trade name "Samsung." On information and belief, each of the Defendants directly or indirectly imports, develops, designs, manufactures, uses, distributes, markets, offers to sell, and/or sells products and services in the United Sates, including in this district, and otherwise purposefully directs activities to the same.

On information and belief, the Defendants have been and are acting in concert and are otherwise liable jointly, severally, or in the alternative for a right to relief with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences related to the making, using, importing into the United States, offering for sale or selling of at least one infringing product.

## II. FACTUAL ALLEGATIONS

### *The Patents-in-Suit*

7. The Patents-in-Suit relate to, among other things, novel and fundamental aspects of OLED display technologies. OLED is the chosen display technology in a significant percentage of smartphones, televisions, wearables, computers and other devices; and it provides higher resolutions, greater brightness, thinner panels, and higher power efficiency than the prior-art technologies.

8. The patented inventions resulted from years of research and development by OSRAM, including OSRAM Opto Semiconductors Gmbh, a technology pioneer in the OLED field. OSRAM "embark[ed] on large scale research in the mid 1990s, establishing state-of-the-art OLED design and manufacturing operations."[1] OSRAM's inventive efforts led to commercial success with OSRAM manufacturing and selling OLED display modules under the Pictiva brand name in the early 2000s.[2]

---

[1] https://www.pictivadisplaysinternational.ie/; *see also* https://ams-osram.com/about-us/history ("1997: First patents for OLED technology"; "2005: First commercial luminaire with OLED modules by OSRAM").

[2] *E.g.*, Ron Mertens, *OSRAM Expands Display Product Line with New OLED "Pictiva,"* OLED-INFO (July 15, 2004), https://www.oled-info.com/oled_display_modules/osram_expands_display_product_line_with_new_oled_pictiva (reporting OARAM Opto Semiconductors' announcement of a new Pictiva OLED display).

9. OSRAM's innovations in optical solutions have resulted in hundreds of patents covering OLED technologies.[3] Today, Plaintiff Pictiva is responsible for protecting and licensing OSRAM's seminal innovations in the OLED display field.[4]

10. The '389 Patent is generally directed to novel methods for encapsulating a plurality of devices fabricated upon a substrate, which is beneficial for OLED devices. Ex. 1, at 2:42-43. As described in the '389 Patent, "[e]ncapsulation is a way to protect the OLED device from the damaging environmental effects—primarily from oxygen and moisture." *Id.* at 1:8-9. By way of example, the '389 Patent recites a novel method of encapsulating a plurality of devices fabricated upon a substrate that includes the steps of "fabricating a plurality of devices on a substrate," "selectively depositing at least one planarization layer upon said devices," and "selectively depositing at least one barrier layer over said planarization layer." *Id.* at 10:16-11:5 (claim 34). As the '389 Patent notes, the claimed method provides "cost reduction and improved reliability," as well as allowing the package to "be thinner and/or lighter and/or mechanically more flexible" as compared to the prior art methods for encapsulation. *Id.* at 1:48-52.

11. The '547 Patent relates to an optoelectronic device that emits electromagnetic radiation during operation and that includes a structured layer. By way of example, the '547 Patent recites a novel optoelectronic device that includes "a structured layer" that includes "first and second regions" and is disposed "in the beam path of [an] electromagnetic radiation emitted by

---

[3] Key Patent Innovations, *Key Patent Innovations' Subsidiary Pictiva Display International Acquires Portfolio of OLED Patents from OSRAM*, CISION (Oct. 13, 2020), https://www.newswire.ca/news-releases/key-patent-innovations-subsidiary-pictiva-display-international-acquires-portfolio-of-oled-patents-from-osram-836552575.html.

[4] https://www.pictivadisplaysinternational.ie/ ("Pictiva is focused on licensing these pioneering inventions to established players and new entrants in the OLED display market.").

[an] organic layer sequence," wherein the first regions "each include a wavelength conversion layer," and the second regions "each include a filter layer." Ex. 2, at 14:55-15:10 (claim 1).

***Samsung's Devices and Infringement***

12. On information and belief, Samsung makes, uses, sells, offers for sale and/or imports infringing products in the United States, including, but not limited to, Samsung smartphones, computers, tablets, personal wear products, televisions, and other consumer electronic products that incorporate infringing OLED displays (the "Accused Products"). Examples of the Accused Products include, but are not limited to, certain Galaxy smartphones, computers, tablets, and personal wear products, as well as certain televisions.

13. On information and belief, starting from at least 2008, Samsung began to incorporate OLED displays in its devices. On information and belief, the global OLED market is led by Samsung, with Samsung having over a 90% market share on smartphone OLED displays in 2020. This is substantial because, on information and belief, over 40% of the smartphones sold in 2022 incorporate OLED displays. On information and belief, Samsung also markets TVs with OLED screens, including ones powered by quantum dot technology.

14. On its website, Samsung discusses the importance of OLED displays stating that: "OLED is excellent in terms of image quality, thickness, and power consumption as each pixel directly emits light, and its bendable and foldable properties allow it to be utilized in a variety of applications"; OLED "boasts excellent color reproducibility" and "brings a variety of colors to life"; OLED's "high brightness and low reflectance . . . allows you to get clear image quality even under strong sunlight"; OLED's "contrast ratio is close to infinity," making it "the best display for realizing High dynamic range (HDR) because it can express detailed, deeper and more three-

dimensional images"; and "OLED realises fast response speed with fast electron mobility . . . so you can see fast and natural movements without delay."[5]

15. On its website, Samsung also notes the improved experience brought by its OLED technology to TV viewers, stating, for example, "Bring the movie theater experience home with Samsung OLED. Combining 8.3 million self-lit pixels with Quantum Dots (QD) lets you discover the ultimate entertainment experience. With Samsung OLED Technology, your favorite content comes to life with the deepest blacks and a billion colors that burst from the screen."[6]

***Samsung's Knowledge of the Patents-in-Suit and Infringement***

16. SEC, through its subsidiary Samsung Display Co., Ltd. ("SDC"), has had actual knowledge of the '547 patent since no later than September 21, 2016, at which time it submitted an Information Disclosure Statement to the USPTO citing the '547 patent pursuant to 37 C.F.R. §§ 1.56, 1.97, 1.98 in connection with its own pending patent application related to OLED technology, which subsequently issued as U.S. Patent No. 9,267,651.

17. Samsung was also aware of the Pictiva patents, and Pictiva's assertion that Samsung was infringing those patents as a result of licensing discussions. For example, on or around September 25, 2020, Pictiva notified SEC—through its subsidiary SDC—that Samsung's products incorporating OLED displays, including but not limited to the displays found in the Samsung Galaxy S8, S9, and S20, infringe one or more of the claims of certain Pictiva patents. Pictiva further informed SEC (through its subsidiary SDC) that Pictiva believed that Samsung "requires a license from Pictiva" to continue making, using, selling, or offering for sale those infringing products.

---

[5] SAMSUNG DISPLAY, *OLED Display*, https://www.samsungdisplay.com/eng/tech/oled-display.jsp (last visited May 26, 2023).

[6] https://www.samsung.com/us/tvs/oled-tvs/ (last visited June 28, 2023).

18. On or around October 7, 2020, Pictiva and SDC entered into a Mutual Non-Disclosure Agreement "for the purpose of evaluating a possible license or other transaction between the Parties in connection with a portfolio of patents owned by Pictiva relating to OLED display technology and facilitation discussions that may follow or result as a consequence of such evaluation." In or around November, 2020, Pictiva and SDC began to engage in a series of negotiations to discuss the patents and license terms. In their meetings, Pictiva presented SDC with claim charts to one or more claims of at least one of the Patents-in-Suit. For example, no later than June 2021, Pictiva provided SDC with a claim chart mapping claims 34 and 35 of the '389 Patent to the Samsung Galaxy S20.

19. Further, on or around August 17, 2021, Pictiva reiterated to SEC directly that SEC required a license from Pictiva because SEC was making, using, selling, or offering for sale products that infringe one or more of Pictiva's patents. Pictiva provided SEC with an exemplary list of patents—including the '389 patent—that Pictiva believed SEC was infringing through the making, using, selling or offering for sale of SEC's products incorporating OLED displays, including but not limited to the displays found in the Samsung Galaxy S8, S9, and S20 smartphones and Galaxy Book Pro laptops.

20. After several discussions, Pictiva and SDC failed to reach a meeting of the minds. As a result, Pictiva is forced to bring this suit to vindicate its rights.

21. As another example, Samsung has had actual knowledge of the '389 and '547 patents and Pictiva's allegations of infringement since at least as of the service of the Complaint in this action.

22. Despite having received notice that it was and is infringing Pictiva's patents, Samsung continues to make, use, sell, offer for sale, and import into the United States the Accused

Products. Samsung's making, using, selling, offering to sell, and importing of the Accused Products into the United States constitute direct infringement under 35 U.S.C. §§ 271(a) and/or 271(g).

23. Despite having received notice that it was and is infringing Pictiva's patents, Samsung remained willfully blind to the risk of infringement by its customers, partners, dealers, representatives, and agents, despite believing there to be a high probability of infringement due to its instructions and inducement, in violation of 35 U.S.C. § 271(b).

24. After having received notice that it was and is infringing Pictiva's patents, Samsung continued to advertise the infringing features, distribute the Accused Products, offer technical assistance, provide literature featuring OLED displays to customers, dealers and partners, and advise them to import, offer to sell, sell, or use the Accused Products in a manner that directly infringed the Patents-in-Suit, in violation of 35 U.S.C. § 271(b).

## III. JURISDICTION AND VENUE

25. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the patent laws of the United States of America, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. § 271.

26. Each Defendant is subject to this Court's personal jurisdiction consistent with the principles of due process and/or the Texas Long Arm Statute. Tex. Civ. Prac. & Rem. Code §§ 17.041, *et seq.*

27. This Court has personal jurisdiction over Samsung because each Defendant has sufficient minimum contacts and/or has engaged in substantial, continuous, and systematic activities with the State of Texas and with the Eastern District of Texas. For example, Defendant SEA has a regular and established place of business in the State of Texas and in this judicial district, and maintains facilities and employees within Texas and within this judicial district.

Personal jurisdiction also exists over Samsung because each Defendant, directly or through subsidiaries, makes, uses, sells, offers for sale, imports, advertises, makes available, and/or markets products within the State of Texas and the Eastern District of Texas that infringe one or more claims of the Patents-in-Suit, and has committed acts of infringement and/or contributed to or induced acts of infringement by others in this judicial district and elsewhere in Texas. Further, Defendants have placed or contributed to placing infringing products into the stream of commerce knowing or understanding that such products would be sold and used in the United States, including in this judicial district. Additionally, Defendant SEA is registered to do business in Texas and maintains an agent authorized to receive service of process within Texas. Samsung further authorizes sales of and services for the Accused Products in this judicial district. For example, on information and belief, Samsung authorizes sales at Best Buy, Costco, Walmart, and others located in this judicial district. Samsung further maintains authorized service centers in this judicial district, including at, for example, 3580 Preston Rd #100, Frisco, Texas 75034.

28. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(d) and/or 1400(b). For example, SEA has a regular and established place of business in this district and has committed acts of infringement in this district. And SEC is a foreign defendant for whom venue is proper in any district in which it is subject to personal jurisdiction. As noted above, SEC has regularly conducted business in this district and is subject to personal jurisdiction in this district; and certain acts complained of herein occurred in this district.

## IV. FIRST CLAIM FOR RELIEF – INFRINGEMENT OF THE ’389 PATENT

29. Pictiva re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

30. The ’389 Patent is entitled “Encapsulation for Organic Light Emitting Diodes Devices.” The ’389 Patent was filed as Application No. 10/137,163 on May 2, 2002, and issued on September 27, 2005. A true and correct copy of the ’389 Patent is attached as Exhibit 1.

31. The ’389 Patent names Karl Pichler and Kyle D. Firschknecht as co-inventors.

32. Pictiva owns by assignment the entire right, title, and interest in and to the ’389 Patent, including the exclusive right to seek damages for past infringement thereof.

33. Pictiva is informed and believes, and on this basis alleges, that Samsung, agents of Samsung, and/or third parties acting under Samsung’s direction and control, have committed acts of direct infringement under 35 U.S.C. §§ 271(a) and/or 271(g) of the ’389 Patent literally and/or under the doctrine of equivalents by making, using, selling, offering to sell, and/or importing within this district and elsewhere in the United States, without authority, products that infringe the ’389 Patent (the “’389 Accused Products”), including, for example, various Galaxy smartphones, computers, tablets, personal wear products, and/or other consumer electronic products, and, on information and belief, those products are not materially changed by subsequent process and have not become trivial and nonessential components of another product.

34. On information and belief, the ’389 Accused Products have infringed at least one claim of the ’389 Patent. By way of example, Samsung’s manufacturing of the Galaxy S20 smartphone included all recited steps of claim 34, including “fabricating a plurality of devices on a substrate,” with the plurality of devices being, e.g., OLED devices as in an example shown below;




"selectively depositing at least one planarization layer upon said devices" and "selectively depositing at least one barrier layer over said planarization layer," as in an example shown below;




and wherein the planarization and barrier layers are selectively deposited (as shown in purple in the example below) without covering the edge, data driver, or camera hole (as shown in red in the example below).




35. Pictiva is also informed and believes, and on this basis alleges, that Samsung has induced infringement of the '389 Patent, in violation of 35 U.S.C. § 271(b), by intentionally aiding and encouraging third parties (including Samsung's vendors, customers, and partners) to use, sell, or offer for sale in the United States and/or import into the United States the '389 Accused Products, having known that the acts it was causing would infringe or have a high probability of infringing the '389 Patent under 35 U.S.C. §§ 271(a) and/or 271(g) and with a specific intent that those performing the acts infringe the '389 Patent.

36. As a result of Samsung's infringement of the '389 Patent, Pictiva has been damaged. Pictiva is entitled to recover for damages sustained as a result of Samsung's wrongful acts in an amount yet to be determined.

37. Samsung has had actual knowledge of its infringement of the '389 Patent since no later than June 2021. Pictiva is further informed, and on this basis alleges, that Samsung's

infringement of the ’389 Patent was deliberate and willful, and, therefore, this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney’s fees to Pictiva pursuant to 35 U.S.C. §§ 284-285.

## V. SECOND CLAIM FOR RELIEF – INFRINGEMENT OF THE ’547 PATENT

38. Pictiva re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

39. The ’547 Patent is entitled “Opto-Electronic Component.” The ’547 Patent was filed as Application No. 12/679,138 on March 19, 2010, issued as a patent on November 20, 2012, and claims priority to, among others, PCT Application No. PCT/DE2008/001302, filed on August 4, 2008, which in turn claims priority to German Application No. 102007044597, filed on September 19, 2007. A true and correct copy of the ’547 Patent is attached as Exhibit 2.

40. The ’547 Patent names Markus Klein, Norwin Von Malm, and Benjamin Claus Krummacher as co-inventors.

41. The ’547 Patent has been in full force and effect since its issuance. Pictiva owns by assignment the entire right, title, and interest in and to the ’547 Patent, including the right to seek damages for past, current, and future infringement thereof.

42. Pictiva is informed and believes, and on this basis alleges, that Samsung, agents of Samsung, and/or third parties acting under Samsung’s direction and control, have committed acts of direct infringement of the ’547 Patent literally and/or under the doctrine of equivalents by, among other things, making, using, selling, offering to sell, and/or importing within this district and elsewhere in the United States, without authority, products that infringe the ’547 Patent (the “’547 Accused Products”), including, for example, various S95 televisions and other infringing consumer electronic products that include similar structure and functionality.

43. On information and belief, the '547 Accused Products have infringed at least one claim of the '547 Patent. By way of example, the S95B TV uses an OLED panel (i.e., "an optoelectronic device") that includes all of the recited elements of claim 1, including "an organic layer sequence which emits an electromagnetic radiation having a first wavelength spectrum during operation" (e.g., a spectrum corresponding to blue light) and "a structured layer disposed downstream of the organic layer sequence in a beam path of the electromagnetic radiation . . . and including first and second regions" that are "arranged laterally in [the] beam path" as shown in an example below;




the "first regions each includ[ing] a wavelength conversion layer configured to convert at least partially electromagnetic radiation having a first wavelength spectrum into an electromagnetic radiation having a second wavelength spectrum" (e.g., converting from a spectrum corresponding to blue light to a spectrum corresponding to green light) as shown in an example below; and




the "second regions each includ[ing] a filter layer which is at least partially opaque to an electromagnetic radiation having a third wavelength spectrum which corresponds to at least one part of the second wavelength spectrum" and that "is transparent to the electromagnetic radiation having the first wavelength spectrum" (e.g., a filter layer transparent to wavelength spectrums corresponding to blue light but opaque to wavelength spectrums corresponding to red or green light) as shown in an example below.




44. Pictiva is informed and believes, and on this basis alleges, that Samsung has induced infringement of the '547 Patent, in violation of 35 U.S.C. § 271(b), by intentionally aiding and encouraging third parties (including Samsung's vendors, customers, and partners) to use, sell, or offer for sale in the United States and/or import into the United States the '547 Accused Products, having known that the acts it was causing would infringe or have a high probability of

infringing the ’547 Patent under 35 U.S.C. § 271(a) and with a specific intent that those performing the acts infringe the ’547 Patent.

45. As a result of Samsung’s infringement of the ’547 Patent, Pictiva has been damaged. Pictiva is entitled to recover for damages sustained as a result of Samsung’s wrongful acts in an amount yet to be determined.

46. Samsung has had actual knowledge of the ’547 Patent since no later than September 2016. Pictiva is further informed, and on this basis alleges, that Samsung’s infringement of the ’547 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney’s fees to Pictiva pursuant to 35 U.S.C. §§ 284-285.

47. In addition, Samsung’s infringing acts and practices have caused and are causing immediate and irreparable harm to Pictiva.

## VI. DEMAND FOR JURY TRIAL

48. Pursuant to Federal Rule of Civil Procedure 38(b), Pictiva hereby demands a trial by jury on all issues triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Pictiva respectfully requests that this Court enter judgment in its favor ordering, finding, declaring, and/or awarding Pictiva relief as follows:

A. that Samsung has infringed each of the Patents-in-Suit;

B. that Samsung continues to infringe the ’547 Patent;

C. all equitable relief the Court deems just and proper as a result of Samsung’s infringement;

D. an award of damages adequate to compensate Pictiva for Samsung's acts of infringement of the Patents-in-Suit, together with interest and costs in accordance with 35 U.S.C. § 284;

E. that Samsung's infringement of the Patents-in-Suit was willful and that the damages awarded to Pictiva should be enhanced for up to three times the actual damages awarded pursuant to 25 U.S.C. § 284;

F. that this is an exceptional case and awarding Pictiva its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

G. an accounting for acts of infringement and supplemental damages, without limitation, prejudgment and post-judgment interest; and

H. such other equitable relief which may be requested and to which Pictiva is entitled.

Dated: October 19, 2023

Respectfully submitted,

*/s/ Samuel F. Baxter*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com

**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice* forthcoming)
jsheasby@irell.com
Rebecca Carson (*pro hac vice* forthcoming)
rcarson@irell.com

_______________________________________
Annita Zhong, PhD (*pro hac vice* forthcoming)
hzhong@irell.com
Philip Warrick
New York Bar No. 4471413
pwarrick@irell.com
Jie Gao (*pro hac vice* forthcoming)
jgao@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

***Attorneys for Plaintiff Pictiva Displays International Ltd.***