**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **PICTIVA DISPLAYS INTERNATIONAL LTD.**<br><br>Plaintiff,<br><br>v.<br><br>**SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.**<br><br>Defendants. | Civil Action No. 2:23-cv-00495-JRG |

**PROTECTIVE ORDER**

WHEREAS, Plaintiff Pictiva Displays International Ltd. ("Pictiva" or "Plaintiff") and Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c);

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the

Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL." The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought, as well as on the cover page of the document. For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

2. Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential," "Confidential – Outside Attorneys' Eyes Only," or similar shall receive the same treatment as if designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information or material designated "CONFIDENTIAL, "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or, if applicable, "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," both individually and collectively.

of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. A designation of Protected Material (i.e., "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon. In the event of a disclosure of any DESIGNATED MATERIAL to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall promptly notify counsel for the producing Party whose DESIGNATED MATERIAL has been disclosed and shall cooperate in good faith to retrieve the improperly disclosed DESIGNATED

MATERIAL and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

5. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth herein:

(a) outside counsel of record in this Action for the Parties;

(b) employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c) in-house counsel for the Parties who either have responsibility for making decisions, dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(d) up to and including three (3) designated corporate representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives (such request shall identify the additional corporate representatives to whom disclosure is requested), the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(e) outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant. Upon receipt of such disclosure, the producing party may within ten (10) days object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order. For

purposes of this Order, an outside consultant or expert includes the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert;

(f) independent litigation support services, including persons working for or as court reporters, stenographers, videographers, translators, graphics or design services, jury or trial consulting services (including mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential), and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

(g) the Court and its personnel;

(h) any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(i) any other person with the prior written consent of the producing Party.

6. A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7. Protected Material designated as DESIGNATED MATERIAL shall be used by the Parties only in the litigation of this Action and any related proceedings involving the same Parties and same Asserted Patent(s) before the PTAB or USPTO, and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts,

summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8. To the extent a producing Party has a good faith basis to conclude that certain Protected Material qualifying to be designated "CONFIDENTIAL" is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

9. For Protected Material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY," access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (e-i); provided, however, in the event a Party believes in good faith that an in-house counsel needs to access materials "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to facilitate settlement discussions, the Parties agree to meet and confer in good faith to address such access on a document-by-document basis.

10. For Protected Material designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" the following additional restrictions apply:

(a) Access to a Party's Source Code Material shall be provided only on at least two "standalone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) that is password protected, maintained in a secure, locked area, and disabled from having external storage devices attached to it (the "Source Code Computers"), equipped with a 20" or larger high-definition external monitor, an external keyboard and mouse. No keystroke or other monitoring software may be installed on any Source Code Computer. Additionally, except as provided in paragraph 10(k) below, the Source Code Computers may only be located at the offices of the producing Party's outside counsel

or at another location mutually agreeable to the Parties. Prior to the first inspection of any requested Source Code Material, the receiving Party shall provide seven (7) days of notice of the first day on which it wishes to inspect the Source Code Material. The receiving Party shall provide three (3) days notice prior to the first day of any additional inspection. Upon five (5) days of notice and providing the reasonably requested tools, the producing Party shall provision the Source Code Computers with reasonably requested tools for reading the Source Code reasonably requested by the reviewing Party. The reviewing Party shall provide the license(s) for the software review tool(s) and either (a) a disk or other media containing such licensed software review tool(s), or (b) instructions to download or otherwise obtain such licensed software tool(s) pursuant to the reviewing Party's license(s) at the time of providing notice;

(b) The Source Code Computer(s) will be made available for inspection at the offices of outside counsel or any other mutually agreed-upon location, until the close of trial, during normal business hours, which for purposes of this paragraph shall be 8:30 a.m. through 5:30 p.m. However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c) The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d) The producing Party will produce Source Code Material in native, computer searchable format, with the filenames and relative filepath structures as they exist in the ordinary course of business—to the extent practicable—intact, on the Source Code Computer(s) as described above;

(e) Access to Protected Material designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall be limited to (i) court reporters or videographers recording testimony or other proceedings in this action, (ii) individuals listed in paragraphs 5(a-b) and 5(g)-(i), and (iii) up to six (6) outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) who have been disclosed pursuant to the procedure set forth in paragraph 5(e). For avoidance of doubt, consultants from the same firm shall be counted as a single outside consultant. A receiving Party may include excerpts of Source Code Material in a Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled

to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(f) To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Material will be stamped and treated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," or (2) those pages containing quoted Source Code Material will be separately stamped and treated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE." For avoidance of doubt, where fewer than 50% of the document contains Source Code Material, the Producing Party will produce only those pages containing quoted Source Code Material under this paragraph 10 with the remaining pages produced under a lower designation in a document with the Source Code Material redacted.

(g) Use or possession of any input/ output device or other electronic device (e.g., USB memory stick, cameras or any camera-enabled device, CDs, floppy disk, portable hard drive, laptop, cellular telephones, PDA, smartphones, voice recorders, peripheral equipment, DVDs, or drives of any kind, etc.) is prohibited while in the secured, locked area containing the Source Code Computer(s). Except as provided in this Paragraph, the receiving Party will not copy, remove, or otherwise transfer any portion of the Source Code Material from the Source Code Computer including, without limitation, copying, removing, or transferring any portion of the Source Code Material onto any other computers or peripheral equipment. The receiving Party will not transmit any portion of the Source Code Material in any way from the location of the Source Code inspection. All persons entering the locked room containing the Source Code Computer(s) must agree to submit to reasonable security measures to insure they are not carrying any prohibited items before they will be given access to the locked room. Except as set forth in paragraph 10(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(h) The receiving Party shall be permitted to request that the producing Party make a reasonable number of printouts and photocopies of Source Code Material, all of which shall be designated and clearly labelled "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE." The producing Party will comply with all such requests for printouts within five (5) business days of the request (and shall endeavor to provide them in 3 business days), and the receiving Party shall maintain a log of all such files that are printed or photocopied. Producing Party will strive to accommodate shorter turnaround requests. In no event may the receiving Party print any continuous block of Source Code that results in more than 50 continuous printed pages, or an aggregate total of more than

1000 pages, for each producing Party's Source Code, during the duration of the case without prior written permission of the producing Party, and the producing Party shall not unreasonably withhold or delay such permission. The parties will work in good faith if any party needs to print additional pages. The printed pages shall constitute part of the Source Code Material produced by the Producing Party in this action. At the receiving Party's request, up to three additional sets (or subsets) of printed source Code may be requested, and the producing Party shall provide the additional sets by overnight mail or other mutually agreed method within three business days after receiving the request;

(i) Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" and shall continue to be treated as such;

(j) If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition);

(k) A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper via hand carry, Federal Express or other similarly reliable courier. Source Code Material shall be maintained at all times in a secure location under the direct control of counsel or authorized individuals listed under Paragraph 5(f) responsible for maintaining the security and confidentiality of the DESIGNATED MATERIALS and in a manner that prevents duplication of or unauthorized access to the Source Code Material, including, without limitation, storing the Source Code Material in a locked room or cabinet at all times, when it is not in use. When in transport from one of the above approved locations to another, the Receiving Party shall take reasonable measures to secure the Source Code Material. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported outside the offices of outside counsel for the Receiving Party or of the experts and/or consultants who have been approved to view the Source Code for the purpose of Court proceeding(s) or deposition(s) as

set forth in paragraph 10(j) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer;

(l) A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the documents containing Source Code Material are appropriately marked under the Protective Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders. To the extent portions of Source Code Material are quoted in a document, either (1) the entire document will be stamped and treated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," or (2) those pages containing quoted Source Code Material will be separately stamped and treated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE";

(m) A producing Party may, at its election, prohibit a receiving Party's source code reviewer(s) from bringing electronic devices (other than medical devices) into the room containing the stand-alone computer. If the producing Party so elects, the producing Party must provide (1) a separate, secure, and substantially private workspace convenient to the review room for use by the receiving Party's reviewer(s) to store and use electronic devices; and (2) a note-taking laptop located in the review room. The note-taking laptop must be equipped with Microsoft Word and Microsoft OneNote, or (after reasonable notice to the reviewing Party) equivalent software. The producing Party must provide for any reviewer to load notes, including electronic documents, onto the note-taking laptop prior to a review session and to retrieve notes from the note-taking laptop after a review session, for example by supervised use of a USB storage device. All notes, whether electronic or otherwise, will remain protected as work product. The note-taking laptop computer will not track, keep any file histories of, or otherwise record notes generated by the Reviewing Party, including through any keyloggers, tracking software, or recording software. For the avoidance of doubt, no reviewer may at any time copy any portions or sections of Source Code Material into either electronic or paper notes and counsel for the reviewing Party shall instruct its reviewer(s) not to copy or include any portion or section of Source Code Material in either electronic or paper notes;

(n) For depositions, five (5) business days before the date of the deposition, the receiving Party shall notify the producing Party that it wishes to use the Source Code printouts at the deposition, and the producing Party shall make the entire set of printouts available to the witness at the deposition. The producing Party shall endeavor to accommodate requests made on shorter notice. Absent other agreement among the parties, the receiving Party will ensure that its counsel have any needed Source Code printouts, and the

producing Party will ensure its counsel and its witnesses have any needed Source Code printouts. In the event air travel is needed for a deposition, the Source Code Printouts shall be carried on and not placed in checked luggage by the traveling attorney or witness. For avoidance of doubt, the preceding sentence does not preclude a party from having the printed Source Code Materials delivered by FedEx, DHL or another equivalent carrier. Furthermore, for depositions of persons eligible to view Source Code Material, at least two weeks in advance of the deposition, the receiving Party shall notify the producing Party if the receiving Party wishes to have the producing Party make a Source Code Computer available at the deposition. , Any deposition where a Source Code Computer is requested shall take place in person at a mutually agreed-upon location. The producing Party is only required to prepare one additional Source Code Computer for use during depositions, and the parties agree to meet and confer regarding the appropriate scheduling of depositions to avoid any conflicts. During the deposition, the screen and/or contents of the Source Code Computer shall not be recorded. The Source Code Computer made available at the deposition shall include appropriate software analysis tools as discussed below, provided the receiving Party has, at its expense, provided the supplier with a license for such software tool in sufficient time to have it properly loaded on the deposition source code computer.

11. Absent written consent of the producing Party, no person on behalf of the receiving Party, including without limitation any outside consultant or expert of the receiving Party, who obtains, receives, has access to, or otherwise learns, in whole or in part, the producing Party's Protected Material that is designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" (collectively "HIGHLY SENSITIVE MATERIAL") under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application, or engage in any prosecution activity, pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for two years after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in

the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit. Nothing in this provision shall preclude any person who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order from participating in any post-grant or reexamination proceeding (US or overseas), so long as such persons do not share any HIGHLY SENSITIVE MATERIAL with any individual involved with amending any claims and do not directly or indirectly assist in drafting, amending, or proposing for substitution patent claims in any post-grant proceedings. Notwithstanding the above, and solely after claim amendments are submitted in any such post-grant or reexamination proceeding, any such person may still, in submissions to and appearances at the proceeding, formulate reasons and argue for patentability of such claim amendments (that he or she did not participate in drafting).

12. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity in the current litigation or any other state or federal proceeding. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity in the current litigation or any other state or federal proceeding. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity shall, upon becoming aware of such inadvertent or unintentional production, promptly identify such information to the receiving Party and obtain the return of such documents, information or other

material by notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

13. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of that DESIGNATED MATERIAL, (iii) although not identified as an author, addressee, or copy recipient of that DESIGNATED MATERIAL, has, in the ordinary course of business, seen that DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party, of a company affiliated with the producing Party, or of a third party who originally created that DESIGNATED MATERIAL; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED

MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

15. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEY' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

16. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court. However, the Parties agree to meet and confer prior to the pretrial conference to negotiate a proposal for treatment of Protected Material at trial to be submitted for approval by the Court.

18. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

20. To the extent that any discovery is taken of Third Parties and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information,

or other materials to make such a designation. Until that time period lapses or until such designation has been made, whichever occurs sooner, all documents, information or other material so produced shall be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Order.

22. Within sixty (60) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request. Notwithstanding this provision, outside counsel for a party or non-party are entitled to retain archival copies of all pleadings, filings, or other documents served by or on any party, trial, deposition, and hearing transcripts, legal memoranda, correspondence, expert reports, attorney work product, and consultant and expert work product, and exhibits to any of these materials, even if such materials reflect materials designated under this Order. Notwithstanding this provision, no Party shall be required to return or destroy any materials designated under this Order that may exist on any disaster recovery backup system. Any such archival and/or backup copies of materials designated under this Order shall remain subject to the provisions of this Order.

23. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall

in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24. For purposes of this Order, "PROTECTED PERSONAL DATA" shall refer to sensitive personal information relating to an identified or identifiable natural person, that a producing Party believes in good faith to be subject to European Union data protection laws, including but not limited to Regulation (EU) 2016/679 of the European Parliament and of the Council (the "GDPR"). If a producing Party believes in good faith that a document required to be produced in this Action includes PROTECTED PERSONAL DATA that must be redacted to comply with European Union data protection laws, that Party may redact the PROTECTED PERSONAL DATA. If the receiving party objects to the redaction, the Parties shall meet and confer in good faith regarding the redaction.

25. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

26. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

27. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery, evidentiary, or trial privilege or objection.

28. In the event of any disclosure of Protected Material other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also make every effort to further prevent unauthorized disclosure, including retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Material in any form. Compliance with the foregoing shall not prevent the Producing Party from seeking further relief from the Court. Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the right to hold the disclosed document or information as Protected.

29. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

30. Nothing in this Order shall prevent or restrict a producing Party's own disclosure or use of its own "DESIGNATED MATERIAL" for any purpose.

31. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of DESIGNATED MATERIAL that Party must: (a) promptly notify in writing the producing Party (such notification shall include a copy of the subpoena or court order); (b)

promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order (such notification shall include a copy of this Stipulated Protective Order); and (c) cooperate with respect to all reasonable procedures sought to be pursued by the producing Party whose protected material may be affected. If the producing Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any DESIGNATED MATERIAL before a determination by the court from which the subpoena or order issued, unless the Party has obtained the producing Party's permission. The producing Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

32. "Jury or trial consulting services" refer only to individuals detained by a Party in preparation for trial for this litigation. For any jury research, an appropriate screening must be used to ensure that the jury consultant(s) and mock jurors are not current or former officers, directors, employees, or consultants of any party or direct competitors of any party. Each party may retain no more than two jury consultant firms and forty (40) mock jurors. Each jury consultant and mock juror must agree to be bound by the terms of this Protective Order and must execute the Undertaking attached as Appendix A. The party retaining the mock jurors or jury consultants shall retain the executed agreements. Jury consultants and mock jurors may review information designated "CONFIDENTIAL" but not information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," in the context of mock trials or jury research, and they shall not retain possession or custody of any such materials. Mock jurors hired may view presentations or

summaries derived from CONFIDENTIAL – ATTORNEYS' EYES ONLY information, subject to the other limitations of this paragraph, and provided they are not themselves given custody of any CONFIDENTIAL – ATTORNEYS' EYES ONLY information or of any such derivative materials. Financial amounts must be altered in derivative materials but may be within the same magnitude as those in the underlying CONFIDENTIAL – ATTORNEYS' EYES ONLY information.

33. To the extent that a producing Party believes that any DESIGNATED MATERIAL is subject to any applicable laws and regulations of the United States relating to the export of technical data contained in such DESIGNATED MATERIAL, it shall clearly mark and only mark the impacted material as such. Each party receiving DESIGNATED MATERIAL with such designations of expert control shall comply with all applicable export control statutes and regulations of the United States. *See, e.g.*, 15 CFR 734.2(b). HIGHLY SENSITIVE MATERIAL (as defined in paragraph 11) subject to U.S. export control shall not be provided to non-U.S. citizens, nor shall non-U.S. citizens have access to HIGHLY SENSITIVE MATERIAL subject to U.S. export control through electronic means whether within or without the territorial limits of the United States. Notwithstanding this prohibition, and to the extent otherwise permitted by law, DESIGNATED MATERIAL may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition of the Producing Party taken outside the territorial limits of the United States. The restrictions contained within this paragraph may be amended through the consent of the Producing Party to the extent that such agreed-to procedures conform with applicable export control laws and regulations of the United States. Furthermore, any materials originating from outside the United States or having been used overseas (*e.g.*, documents generated

by a Samsung engineer based in Korea or a document used at a manufacturing site overseas) that are not marked as being subject to export control shall be presumed as not subject to this provision.

34. A receiving Party (including its counsel and their staff, experts, contractors, and consultants) shall not enter any information from a producing Party's DESIGNATED MATERIAL into publicly accessible artificial intelligence (AI) platform, such as Chat GPT, that may result in the information becoming available to unauthorized parties. A receiving Party (including its counsel and their staff, experts, contractors, and consultants) shall be permitted to engage reputable translation vendors to translate information from a producing Party's DESIGNATED MATERIAL with the understanding that such vendors may use secure machine translation tools. The receiving Party hiring such a vendor is responsible for reporting any breaches or loss of the producing Party's data by the vendor (to the extent the Party hiring such vendor is aware of any breach) to the producing Party immediately upon becoming aware of the breach and the receiving Party shall use reasonable efforts to investigate the breach or loss of data as soon as possible.

35. The United States District Court for the Eastern District of Texas is responsible for the interpretation and enforcement of this Agreed Protective Order. After termination of this litigation, the provisions of this Agreed Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Information for enforcement of the provision of this Agreed Protective Order following termination of this litigation. All disputes concerning Protected Information produced under the protection of this Agreed Protective Order shall be resolved by the United States District Court for the Eastern District of Texas. In the event anyone shall violate or threaten to violate the terms of this Protective Order, the aggrieved designating Party may immediately apply to obtain injunctive

relief against any such person violating or threatening to violate any of the terms of this Protective Order.

36. This Protective Order shall be binding upon the Parties and their attorneys, successors, executors, personal representative, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**So ORDERED and SIGNED this 26th day of April, 2024.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| COBBLESTONE WIRELESS, LLC | § | |
| | § | |
| v. | § | |
| | § | Case No. 2:23-cv-00285-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. | § | |

**EXHIBIT A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER**

I, ____________________________________________, declare that:

1. My address is ___________________________________________________________.

My current employer is ___________________________________________________.

My current occupation is __________________________________________________.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature ________________________________________

Date ____________________________________________