# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **PICTIVA DISPLAYS INTERNATIONAL LTD.** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 2:23-cv-00495-JRG |
| **SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.** | ) ) ) | JURY TRIAL DEMANDED **Filed Under Seal Pursuant to Protective Order** |
| Defendants. | ) ) ) ) ) ) ) | |

## PLAINTIFF PICTIVA DISPLAYS INTERNATIONAL LTD.'S MOTION TO FIND DEFENDANTS IN VIOLATION OF P.R. 3-4(A) AND TO ORDER COMPLETE COMPLIANCE

11334150

## TABLE OF CONTENTS

**Page**

I.      Factual Background ....................................................................................................2

II.     Argument..................................................................................................................5

        A.      Samsung Must Produce Technical Documents Required by P.R. 3-4(a) .............5

        B.      Samsung Has Access to and Is In Control Of SD Documents ............................6

        C.      Samsung Should Be Precluded From Relying On Any Belated
                Production ..................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aldridge v. D. Courtney Construction, Inc.*,
  No. 2:21-CV-0300-JRG-RSP, 2022 WL 19976465 .....................................................................7

*Computer Acceleration Corp. v. Microsoft Corp.*,
  503 F. Supp. 2d 819 (E.D.Tex.2009) ........................................................................................5

*Edward D. Ioli Tr. v. Avigilon Corp.*,
  No. 2:10-CV-605-JRG, 2012 WL 5830711 (E.D. Tex. Nov. 16, 2012)....................................5

*EVS Codec Techs., LLC v. OnePlus Tech. (Shenzhen) Co.*,
  2020 WL 6365514 (E.D. Tex. Apr. 9, 2020)............................................................................6

*Polaris Innovations Ltd. v. Broadcom, Inc.*,
  No. 2:22-CV-00347-JRG, 2023 WL 2542598 (E.D. Tex. Mar. 15, 2023)...............................7

**Statutes**

Korean Core Technology Act .................................................................................................4, 5

**Rules**

L.R. 3-1(c)...............................................................................................................................5

L.R. 3-4(a)...............................................................................................................................5

Under the Court's Docket Control Order, Defendants Samsung Electronics Co. Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung") were required to produce by June 10 "[s]ource code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its P. R. 3-1(c) chart." Dkt. 40 at 5; P.R. 3-4(a). That deadline has come and gone, and Samsung still has not produced any of the required documents. Of the documents that Samsung has produced to date, 173 are prior art references, and 910 relate to home appliances (refrigerators, stoves, washing machines, dryers, dishwashers, microwaves, and vacuums) that do not even appear to have OLED displays. The remaining 338 documents are primarily user manuals, single-paged advertisements, basic marketing materials, and publicly available third-party product reviews. The production does not contain documents sufficient to describe the structures, operations, manufacturing processes or the materials related to the Accused Instrumentalities' OLED displays.

Samsung knows what it is required to produce because Pictiva has provided it with a list of documents that Pictiva seeks. Ex. 1. Samsung makes the excuse that the relevant documents are in its display panel suppliers' possession, control and custody. Yet, Samsung does not and cannot deny that the vast majority of the OLED display panels in the Accused Instrumentalities come from Samsung Display ("SD"), one of the four divisions operated by SEC, a named defendant in this case. Ex. 2 (Samsung filing). SEC also does not deny that it can access SD's documents. Nor does Samsung deny that it has technical documents from its display suppliers.

Pictiva therefore respectfully requests that the Court order Samsung to comply with P.R. 3-4(a). This should include the production of technical documents showing at least the following categories of information for each of the Accused Instrumentalities:

| Patent | Technical information needed |
|--------|------------------------------|
| '389 | OLED display manufacturing process, OLED display layout |
| '547 | Samsung's QD-OLED and QD-LED technology including details on the light emitting diode layers, the color conversion layers, the color filtering layers and the layout and shape of the light emitting diode materials, the color conversion materials and the color filtering materials |
| '223 | the deposition process used to manufacture each layer of the OLED display panel and the materials used in the deposition |
| '164 | chemical composition and material properties for the organic materials located between cathode(s) and anode(s) of the OLED layer |
| '492 | OLED display manufacturing process |
| '425 | OLED display's layered structures, including the organic materials used between the cathode(s) and anode(s), the material composition and properties of the electron transport layer, the material composition and manufacturing processes of the encapsulation layer(s), the integration of touch sensors and display panels |

## I.    Factual Background

This case has been pending since October 19, 2023 and the FAC was filed 3.5 months ago, providing Samsung plenty of time to collect the relevant documents.  The Accused Instrumentalities include mobile phones, laptops, TV screens, computer monitors, watches, and tablets. Pictiva's patents are directed to key features and manufacturing methods related to the OLED displays in the Accused Instrumentalities.

Pictiva served its Preliminary Infringement Contentions on March 11, 2024 and sent Samsung a list of document requests on April 29, 2024.  Ex. 1.  This list included the following categories:

1. Product manuals, data sheets, application notes, specifications, **material data sheets**, **manufacturing process recipes and specifications**, brochures and/or user guides for each Accused Product and each Accused Process.

2. Documents sufficient to identify all features, names, and codes for each Accused Product.

4. Documents sufficient to fully describe the design, structure, functionality, chemical compositions, material properties, manufacturing process, and operation of each Accused Product as related to the display panels or display functionality.

8. Documents sufficient to identify each chemical compound in each layer of the display in each Accused Product.

9. Documents sufficient to associate each chemical compound with the corresponding layer

of the display panel in each Accused Product and identify the function of the chemical compound and/or the reason for including the chemical compound in the display panel.

10. All documents related to any testing, simulation or study Samsung has in possession, control or custody with respect to the energy levels of the lowest unoccupied molecular orbital (HOMO) and/or the highest occupied molecular orbital (HOMO) for any component in the Accused Products' display panels.

20. Documents sufficient to show the manner in which any OLED display or QD-OLED display in any Accused Product is manufactured and incorporated into the Accused Product.

21. All Documents relating to the design, performance, requirements, and/or feature sets of the OLED displays or QD-OLED displays in the Accused Products, including product manuals, data sheets, application notes, specifications, brochures, installation guides, advertisements, webpages, and/or user guides.

22. Documents sufficient to identify all models, names, and codes for the OLED display or QD-OLED display in each Accused Product.

23. All Documents, including specifications, schematics, drawings, diagrams, notebooks, lab books, memoranda, data sheets, electronic files or other records of activity, relating to the research and development of the OLED displays or QD-OLED displays in the Accused Products.

26. Documents sufficient to support any contention by You that You do not infringe any claim of the Patents-in-Suit.

53. Documents sufficient to identify all of Your products that include an OLED, OLED display, or QD-OLED display.

70. Documents sufficient to describe the differences in structure, manufacturing process, materials, performance, cost and consumer demand for each display used in each Accused Product.

On May 15, 2024, at a meet-and-confer that was scheduled in part to discuss Samsung's upcoming P.R. 3-4(a) production, Pictiva first learned that Samsung did not plan to collect or produce documents that were in SD's possession, control or custody.  On that same day, Pictiva emailed Samsung, providing a link that describes SD as "one of the four divisions operated by SEC" (a named defendant) and reiterating Pictiva's understanding that Samsung was required to collect and produce relevant SD documents as part of Samsung's P.R. 3-4(a) production. Ex. 3 (May 15, 2024 E-mail from A. Zhong to Samsung Counsel); 2 (Samsung filing).  Samsung has never responded to that email and

has not denied that it has the ability to obtain documents from SD.   How could it?   SD is one of Defendant SEC's four divisions.

On June 10, Samsung served its P.R. 3-4(a) disclosures.  Pictiva promptly notified it of the deficiency in the production, a fact that Samsung does not deny.  At a June 16 meet-and-confer, Samsung announced that it was authorized to accept a subpoena to SD.  But if SEC counsel is authorized to accept a subpoena to SD, how could it not have taken the basic step of collecting documents from SD?

In an abundance of caution, Pictiva issued a subpoena to SD on June 14 seeking the technical documents Samsung refused to collect and produce.  But this is not an appropriate substitute as the mechanism for production is P.R. 3-4(a) which is explicit on what must be produced, does not allow objections or require motion to enforce the subpoena.  Samsung subsequently stated that it would "be working with SDC to produce documents" and that the "Korean Core Technology Act requires approval from the Korean government" before the documents could be produced, but offered no indication that document collection had begun or that approval from the Korean government had been sought.

In other words, Samsung has granted itself an indefinite extension on complying with P.R. 3-4(a).  It also has not provided any evidence to substantiate that the Korean Core Technology Act is even applicable.  Moreover, at the May meet-and-confer, Pictiva's counsel noted specifically that Samsung should not use export clearance as an excuse to delay producing relevant technical documents.

Putting aside its failure to collect documents from SD, Samsung's P.R. 3-4(a) production is deficient as to even the records of SEC and SEA.  Of the 1,421 documents that Samsung has produced, only 338 documents even relate to the Accused Instrumentalities, but those comprise primarily publicly available third-party product reviews, user manuals, single-paged advertisements,

11334150

- 4 -

and basic marketing materials.  Based on this production Samsung would have Pictiva and the Court believe that it has no technical documentation on the displays used in its products.  At the May met-and-confer, Samsung's counsel agreed that it would produce documents it had received from its display suppliers.  Decl. at 1.  Inexplicably, it did not do so.

On June 20, 2024, Pictiva sent Samsung a draft of this Motion to Compel to provide Samsung with a final opportunity to commit to curing the deficiencies in its productions within two weeks.  In response, Samsung failed to confirm (1) that it would immediately produce any technical documents from SD or its other suppliers that are already in SEA or SEC's physical possession, (2) whether and when it began the export approval process under the allegedly applicable Korean Core Technology Act for any SD documents that are not already in Samsung's physical possession, or (3) a specific date by which Samsung will comply with P.R. 3-4.  Ex. 4.  Pictiva was thus forced to file this Motion.

## II.    Argument

### A.    Samsung Must Produce Technical Documents Required by P.R. 3-4(a)

Patent Local Rule 3-4(a) is clear:

> [T]he party opposing a claim of patent infringement must produce or make available for inspection and copying: (a) Source code, specifications, schematics . . . or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its Patent L.R. 3-1(c) chart.

This rule "requires the alleged infringer to produce any and all documents describing the operation of any aspects or elements of an accused instrumentality."  *Edward D. Ioli Tr. v. Avigilon Corp.*, No. 2:10-CV-605-JRG, 2012 WL 5830711, at *3 (E.D. Tex. Nov. 16, 2012).  As this Court has explained, "[s]uch rules 'exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush.'"  *Id.* (quoting *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 821 (E.D.Tex.2009).  Moreover, "it is the responsibility of the party itself to make disclosures that satisfy the Rules."  *Id.*  Courts in this district have made it clear

11334150

that "[t]he rules of discovery are to be accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials." *EVS Codec Techs., LLC v. OnePlus Tech. (Shenzhen) Co.*, 2020 WL 6365514, at *1 (E.D. Tex. Apr. 9, 2020) (quotation omitted).

Samsung has failed to comply with P.R. 3-4(a) for the Accused Instrumentalities. Two thirds of the documents produced by Samsung pertain to products that do not even have OLED display panels. The remaining 338 documents on Samsung products with OLED panels are largely publicly available documents containing no technical details on the structures, manufacturing processes or the materials related to the Accused Instrumentalities' OLED displays. Relevant documents would include manufacturing process flows and recipes that provide the details of the materials and process steps used in the manufacturing of the OLED display panels; material data sheets that describe the nature of the organic materials in the OELD display panel; qualification reports on the OLED displays; schematics that provide the structural details of the OLED display panels; internal presentations; qualification reports on OLED materials; and engineering design files. Samsung should be compelled to make prompt production of these relevant documents and materials.

**B.      Samsung Has Access to and Is In Control Of SD Documents**

Samsung may not shield itself from discovery obligations by claiming that it has no authority over SD. SD is one of the four divisions of SEC, and SEC's annual reports describe as part of SEC's business:

11334150

- 6 -

**Samsung Electronics Co., Ltd. and its subsidiaries**

**NOTES TO THE INTERIM CONSOLIDATED FINANCIAL STATEMENTS**

As of March 31, 2024 and December 31, 2023, and
for the three-month periods ended March 31, 2024 and 2023

**1. General Information**

**1.1 Company Overview**

Samsung Electronics Co., Ltd. ("SEC") was incorporated under the laws of the Republic of Korea in 1969 and listed its shares on the Korea Stock Exchange in 1975. SEC and its subsidiaries (collectively referred to as the "Company") operate four business divisions: DX, DS, SDC and Harman. DX (Device eXperience) division comprises businesses for digital televisions, refrigerators, smartphones and communication systems. DS (Device Solutions) division comprises businesses for memory, foundry, and system Large Scale Integration (LSI). SDC includes display panels products. Harman division includes connected car systems, audio and visual products, enterprise automation solutions and connected services. SEC is domiciled in the Republic of Korea and is located in Suwon, the Republic of Korea.

Samsung has at least control over the relevant documents created by SD because it does not deny that it has at least ability to obtain documents from SD. "'Control' does not require that a party have legal ownership or actual physical possession of the [discovery] at issue," and "has been construed broadly by the courts as the legal right, authority, or practical ability to obtain the materials sought on demand." *Aldridge v. D. Courtney Construction, Inc.*, No. 2:21-CV-0300-JRG-RSP, 2022 WL 19976465, at *1 (second alteration in original) (quotation omitted). In *Polaris Innovations Ltd. v. Broadcom, Inc.*, No. 2:22-CV-00347-JRG, 2023 WL 2542598, at *2 (E.D. Tex. Mar. 15, 2023), this Court ordered a defendant to produce responsive documents of the subsidiary because the defendant controlled the subsidiary as evidenced by the defendant's ability to "secure and produce" several subsidiary employees. Here SEC and SEA (the defendants) have admitted they can accept a subpoena on behalf of the SEC display division.

**C.    Samsung Should Be Precluded From Relying On Any Belated Production**

Given the total lack of support for its position, Samsung should not be allowed to rely on belatedly produced documents for any defenses or claims of non-infringement. Fed. R. Civ. P. 37(b)(2); *id.* 37(c); *see also Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (Rule 37(b) "empowers the courts to impose sanctions for failures to obey discovery orders").

11334150

Dated:  June 21, 2024

Respectfully submitted,

/s/ *Jason Sheasby*

    Jason Sheasby

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Rebecca Carson (*pro hac vice*)
rcarson@irell.com
Philip Warrick (NY #4471413)
pwarrick@irell.com
Jie Gao (*pro hac vice*)
jgao@irell.com
Jeffrey Linxwiler (*pro hac vice*)
jlinxwiler@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

**Attorneys for Plaintiff Pictiva Displays International Ltd.**

11334150

- 8 -

## CERTIFICATE OF CONFERENCE

I hereby certify that, on June 13, 2024, the lead and local counsel of each side met and conferred. The parties are at an impasse.

/s/ *Jason Sheasby*
Jason Sheasby

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing and the attachment thereto were electronically served to all counsel of record.

/s/ *Jason Sheasby*
Jason Sheasby

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

/s/ *Jason Sheasby*
Jason Sheasby

11334150