## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| PICTIVA DISPLAYS INTERNATIONAL LTD. ) ) ) Plaintiff, ) ) v. ) SAMSUNG ELECTRONICS CO., LTD., ) SAMSUNG ELECTRONICS AMERICA, ) INC. ) ) Defendants. ) ) ) ) ) ) | Civil Action No. 2:23-cv-00495-JRG JURY TRIAL DEMANDED |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

**TABLE OF CONTENTS**

**Page**

BACKGROUND ....................................................................................................................2

ARGUMENT........................................................................................................................4

I.     SAMSUNG HAS COMPLIED WITH ITS PATENT RULE 3-4(A) OBLIGATIONS WITH RESPECT TO ITS OWN DOCUMENTS .................................4

II.    PICTIVA'S MOTION AS TO SDC'S DOCUMENTS IS MOOT....................................5

     A.     The Motion Is Moot Because SDC Has Agreed To Produce Technical Documents In Response To Pictiva's Subpoena ......................................................5

     B.     Pictiva Failed To Meet Its Burden To Show That SEC Has "Access" To Or "Control" Of SDC's Documents ....................................................................5

III.    PICTIVA'S REQUEST FOR SANCTIONS IS MERITLESS.........................................7

SAMSUNG'S OPPOSITION TO PICTIVA'S MOTION TO COMPEL

# TABLE OF AUTHORITIES

**Page**

## Cases

*Innovation Scis, L.L.C. v. Amazon.com, Inc.*,
No. 4:18-CV-474-ALM, 2020 WL 4431875 (E.D. Tex. July 31, 2020)................................7

*Maxell Ltd. v. Apple Inc.*,
No. 5:19-CV-00036-RWS, 2019 U.S. Dist. LEXIS 227278
(E.D. Tex. Nov. 13, 2019) .......................................................................................................5

*Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*,
685 F.3d 486, 487 (5th Cir. 2012).........................................................................................7

*Soverain Software LLC v. Oracle Corp.*,
No. 6:12-cv-00141-LED, Dkt. 66 (E.D. Tex. Oct. 30, 2012)...................................................5

*St. Gregory Cathedral Sch. v. LG Elecs., Inc.*,
No. 6:12-CV-739, 2013 WL 12214144 (E.D. Tex. Nov. 25, 2013) ........................................5

*United My Funds, LLC v. Perera*,
Civil Action No. 4:19-CV-00373, 2020 WL 1225042
(E.D. Tex. Mar. 12, 2020) .......................................................................................................6

*Wiwa v. Royal Dutch Petroleum Co.*,
392 F.3d 812 (5th Cir. 2004) ..................................................................................................6

## Rules

Fed. R. Civ. P. 34(a)....................................................................................................................6

Fed. R. Civ. P. 37(b-c) ................................................................................................................8

SAMSUNG'S OPPOSITION TO PICTIVA'S MOTION TO COMPEL

Pictiva's Motion (Dkt. 52) should be denied as moot because the documents Pictiva seeks have either been produced or are in the process of being produced in a timely manner.

Defendants Samsung Electronics Co. Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively "Samsung") complied with its P.R. 3-4(a) obligations by producing hundreds of technical documents. It also committed to search for additional documents in its possession describing the functionality of the accused displays, to the extent they exist. The close of fact discovery is more than 10 months away. Substantial completion is six months away.

Non-party Samsung Display Corp. ("SDC"), the entity with possession, custody, and control of most of the technical documents that Pictiva seeks, will produce documents responsive to Pictiva's subpoena once it obtains approval from the South Korean government, which it has already applied for. Samsung made all of this clear to Pictiva before Pictiva filed the present Motion. Pictiva nevertheless rushed to move to compel without the parties being at an impasse and without making good-faith efforts to meet and confer with Samsung, wasting this Court's time and resources, forcing Samsung to file an unnecessary response.

Finally, Pictiva's request for sanctions is baseless. Samsung has not violated its discovery obligations. It timely produced its own technical documents by the P.R. 3-4(a) deadline. The law does not require a complete document production by then. Samsung did not produce non-party SDC's documents because they were not in Samsung's possession, custody, or control. SEC and SDC do not freely share information between them. That safeguard protects the companies' competitive interests, because they each transact with each other's competitors and their respective competitive interests are not necessarily aligned. And at any rate, Pictiva has showed no harm it has suffered from the supposedly "delayed" production, so there could be no justification for sanctions. Pictiva's Motion should be denied in its entirety.

## BACKGROUND

Pictiva alleges infringement of patents relating to OLED displays in Samsung's consumer products (e.g., smartphones and televisions). Am. Compl. ¶¶ 7, 33-93. Samsung does not make the displays and relies on display manufacturers like SDC. Despite knowing this, Pictiva sued Samsung rather than the display manufacturers. Contrary to Pictiva's characterization, SDC is a partially-owned subsidiary of SEC with its own legal personhood, not a division of SEC. Ex. A.

During a May 15 meet-and-confer, Samsung told Pictiva that documents showing the functionality of the displays in the accused products were in the possession, custody, and control of the display manufacturers, including SDC. Yang Decl. ¶ 7. But Pictiva inexplicably chose not to issue subpoenas to the display manufacturers to obtain those documents.

On June 10, Samsung timely produced documents in its possession, custody, and control for the accused products in accordance with Patent Rule 3-4(a). Yang Decl. ¶ 8. That production encompassed hundreds of technical documents, including datasheets, manuals, and other documents for the accused products that are in Samsung's possession and are not subject to export control requirements. *Id.*

, among other documents. Samsung also made a production ***before*** its P.R. 3-4 production, consisting of user manuals and marketing materials. *Id.* at ¶ 6. Samsung has also already produced over ***11 thousand*** more documents, giving Pictiva a wide range of things in its possession, custody, and control related to the accused

████████████

products. *Id.* at ¶¶ 11-12. Samsung will continue to investigate and produce documents in the coming weeks. *Id.* at ¶ 13.  The deadline for substantial completion is the end of December 2024. Dkt. 40. Discovery closes in March 2025.[1]  *Id.*

On June 13, the parties met and conferred about Samsung's interrogatory responses and P-R 3-4(a) document production. Ex. B, Yang Decl. ¶ 9. Samsung's lead and local counsel joined the call prepared to share a plan and timeline for supplementing Samsung's interrogatory responses and associated production of its own documents, consistent with the current stage of discovery. *Id*. The call lasted only minutes. *Id.* Pictiva's counsel refused to resolve any disputes and made clear it was not interested in hearing anything from Samsung about forthcoming supplementation. *Id.*

During the same call, Samsung's counsel reiterated that Samsung could not produce SDC's documents because they were not in its possession, custody or control. Ex. B, Yang Decl. ¶ 10. Samsung's counsel, Quinn Emanuel, also represents SDC and told Pictiva that SDC would accept service of a subpoena. *Id.* This obviated the need for service through the Hague Convention. As Quinn Emanuel emphasized, this would ensure that Pictiva received the documents faster. *Id.* Pictiva rejected that offer and it had no interest in coordinating discovery from SDC. *Id.*

Despite that rejection, on June 14, Pictiva sent a subpoena to SDC to Quinn Emanuel. Ex. C. The next business day, Quinn Emanuel accepted service on SDC's behalf. *Id*. Less than two weeks later, SDC served its objections and responses to Pictiva's subpoena. SDC stated that it would produce non-privileged documents that it could locate after a reasonable search, including, among others, documents sufficient to: (1) ████████████████████████████ ████████████████ ; (2) describe its manufacturing process related to alleged infringement;

---

[1]  Samsung produced several documents unrelated to the accused products but it is undisputable Samsung's production with respect to the accused products is expansive.

(3) identify the chemicals and materials used in the relevant display panels; (4) identify the functions of the chemical and materials used in the display panel related to alleged infringement; (5) describe the structures of the OLED display panels related to alleged infringement; and (6) identify types of testing Samsung Display performed on OLED display panels related to the alleged infringement. Ex. D. SDC has already collected Process Design Review documents, which specify how the displays operate and show information about structure and material.

On June 26, SDC applied for Korean government approval to export documents. As Quinn Emanuel told Pictiva's counsel, the Korean Core Technology Act requires approval from the Korean government before SDC may produce documents relating to its OLED production and process outside of South Korea. Ex. B. SDC will promptly produce once it receives approval.

## ARGUMENT

Pictiva is not entitled to the relief sought in its Motion. As explained below, its demand for additional documents is moot because SDC has already agreed to produce documents—an offer made well before Pictiva filed its Motion. Further, SEC also already produced technical documents and will produce additional responsive documents in its possession.

## I.    SAMSUNG HAS COMPLIED WITH ITS PATENT RULE 3-4(A) OBLIGATIONS WITH RESPECT TO ITS OWN DOCUMENTS

Pictiva contends that these technical documents will not suffice, but Samsung already committed to continuing to search for, and produce, additional responsive and non-privileged documents. It is unclear what more Pictiva would like Samsung to do.

To the extent that Pictiva's argument is that Samsung was required to *complete* its document production by the P.R. 3-4(a) deadline, that is wrong. No court in this District has interpreted the P.R. 3-4(a) deadline date as a deadline to *complete* document production, and Pictiva cites no authority to support its view. Indeed, the substantial completion deadline is December 24,

2024, which is ***months away***. In fact, this Court previously held it was "unreasonable to expect [a defendant] to produce all relevant documents" by the P.R. 3-4(a) deadline. *See Maxell Ltd. v. Apple Inc.*, No. 5:19-CV-00036-RWS, 2019 U.S. Dist. LEXIS 227278, at *5-6 (E.D. Tex. Nov. 13, 2019); *see also Soverain Software LLC v. Oracle Corp.*, No. 6:12-cv-00141-LED, Dkt. 66 at 7 (E.D. Tex. Oct. 30, 2012) (Additional Disclosures date is when the parties "shall begin" a "rolling document production to be substantially completed" later).

## II.    PICTIVA'S MOTION AS TO SDC'S DOCUMENTS IS MOOT

### A.    The Motion Is Moot Because SDC Has Agreed To Produce Technical Documents In Response To Pictiva's Subpoena

The Court should deny the Motion as moot to the extent it seeks the SDC documents. As Samsung has told Pictiva, most of the information about the materials, structures, circuitry, and manufacturing processes related to the display functionality of the accused products is in the possession, custody, and control of the display manufacturers. SDC is actively working to produce documents that are sufficient to show the functionality of the displays in the accused products. *See*, *e.g.*, *St. Gregory Cathedral Sch. v. LG Elecs., Inc*., No. 6:12-CV-739, 2013 WL 12214144, at *5 (E.D. Tex. Nov. 25, 2013) (denying motion to compel as moot where "[a] review of [Defendants'] supplemental response shows that Defendants have agreed to produce the requested information"). In particular, on June 27, 2024, SDC served its objections and responses to Pictiva's subpoena, and it ***agreed*** to search for, and produce, the very documents Pictiva seeks through its current Motion. Ex. D. Additionally, as mentioned above, SDC recently filed for approval with the South Korean government to produce the technical documents requested by Pictiva, and once approved, SDC will promptly produce these documents. Thus, SDC has agreed to provide the very documents Pictiva seeks to compel. Pictiva's request to compel is therefore moot.

### B.    Pictiva Failed To Meet Its Burden To Show That SEC Has "Access" To Or "Control" Of SDC's Documents

SAMSUNG'S OPPOSITION TO PICTIVA'S MOTION TO COMPEL

▮▮▮▮▮▮▮▮▮

Even if Pictiva's request to compel the production of SDC documents were not moot, it lacks legal merit. Pictiva asks this Court to *force* SEC to produce documents from SDC (notwithstanding SDC's voluntary agreement to produce the requested documents directly to Pictiva), a separate legal entity that not a party to this litigation and that is only partially owned by SEC. But SEC is obligated to produce only evidence in its own "possession, custody, or control." Fed. R. Civ. P. 34(a). A party has "control" over documents if it "is able to command release of [the] documents by the non-party." *United My Funds, LLC v. Perera*, Civil Action No. 4:19-CV-00373, 2020 WL 1225042, at *8 (E.D. Tex. Mar. 12, 2020). As detailed below, Pictiva failed to meet its burden to show that "[SEC] has control over the documents sought." *Id.* at *8-9.

Pictiva relies *solely* on the erroneous claim that SDC is a "division" of SEC, apparently to give the impression that they are part of the same legal entity. But that claim is wrong. SDC *is not* a division of SEC, but rather SEC holds a majority stake in SDC, a separate legal entity with about 21,000 employees. SEC does not have unfettered access to SDC's documents, which is anyhow not the legal standard. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 821 (5th Cir. 2004) (access to documents is a broader proposition than documents being within one's possession, custody, and control). Moreover, mere ownership is not decisive whether a parent has "control" over its subsidiary's documents. *See, e.g, United My Funds, LLC v. Perera*, No. 4:19-CV-00373, 2020 WL 1225042, at *9 (E.D. Tex. Mar. 12, 2020) (common ownership and address did establish control). Here, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and so SEC does not have the reasonable ability to obtain SDC's documents. Finally, Pictiva wrongly contends that "SEC and SEA (the defendants) have admitted they can accept a subpoena on behalf of the SEC display division." Mot. at 7. Not true. Rather, SDC itself authorized its own counsel (Quinn

Emanuel) to accept Pictiva's subpoena on SDC's behalf.

Because Pictiva failed to meet its burden to demonstrate that Samsung controls the SDC documents on which it has moved to compel, its motion should be denied.

### III.   PICTIVA'S REQUEST FOR SANCTIONS IS MERITLESS

Pictiva's request for sanctions has no justification. Pictiva moves under Rule 37(b-c), but sanctions under these rules must be just and fair. *Innovation Scis, L.L.C. v. Amazon.com, Inc.,* No. 4:18-CV-474-ALM, 2020 WL 4431875, at \*2 (E.D. Tex. July 31, 2020). Further, "[t]o impose sanctions against a party, a court must make a specific finding that the party acted in bad faith." *Id.* Samsung has behaved reasonably, and Pictiva failed to make any showing Samsung acted in bad faith. Pictiva has provided no authority that suggests the drastic sanction it proposes— restricting the factfinder from considering otherwise admissible materials for non-infringement and invalidity—is warranted based on a routine dispute about the sufficiency of a party's initial document production. The only precedent that Pictiva cites—*Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*—involved an entirely different scenario, when a law firm disseminated trade secrets in violation of a protective order. 685 F.3d 486, 487 (5th Cir. 2012). Additionally, its motion fails because Pictiva has not showed any harm it suffered from the supposedly "delayed" production.

If anything, it is Pictiva's conduct that warrants concern, because its Certificate of Conference incorrectly states that the parties are "at an impasse." In reality, the dispute over the SDC documents was resolved before Pictiva even filed its Motion. Ex. B. By filing its Motion before the parties reached an impasse, Pictiva has shirked its meet-and-confer obligations and imposed an unnecessary burden on both the Court and Samsung.

In sum, Pictiva filed this Motion in the early stages of discovery seeking production of documents that Samsung and SDC have already produced, or agreed to produce. Pictiva's request for an order compelling production is therefore moot and its request for sanctions is baseless.

Dated:  July 5, 2024

By:    */s/ Lance Yang*

Melissa R. Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Phone:  (903) 934-8450
Fax:  (903) 934-9257

D. James Pak (admitted *pro hac vice*)
Lance Yang (admitted in E.D. Tex.)
Patrick Schmidt (admitted *pro hac vice*)
djamespak@quinnemanuel.com
lanceyang@quinnemanuel.com
patrickschmidt@quinnemanuel.com
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel:  213-443-3000
Fax:  213-443-3100

Sean S. Pak (admitted *pro hac vice*)
Melissa J. Baily (admitted in E.D. Tex.)
seanpak@quinnemanuel.com
melissabaily@quinnemanuel.com
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, California 94111
Tel:  415-875-6600
Fax:  415-875-6700

***Attorneys for Defendants Samsung Electronics
Co., Ltd. and Samsung Electronics America, Inc.***

FILED UNDER SEAL

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served

on counsel of record for Plaintiff via electronic mail on July 5, 2024.

> */s/ Lance Yang*
> Lance Yang

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to

be filed under seal pursuant to the Protective Order entered in this Case.

> */s/ Lance Yang*
> Lance Yang

SAMSUNG'S OPPOSITION TO PICTIVA'S MOTION TO COMPEL