**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **PICTIVA DISPLAYS INTERNATIONAL LTD.** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 2:23-cv-00495-JRG |
| **SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.** | ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) ) ) ) ) ) ) | |

**DEFENDANTS' MOTION TO DISMISS FOR LACK OF STANDING PURSUANT TO
RULE 12(b)(1), OR, IN THE ALTERNATIVE, PURSUANT TO RULE 12(b)(6)**

-i-

## **TABLE OF CONTENTS**

**Page**

I.      BACKGROUND ................................................................................................2

II.     PICTIVA LACKS CONSTITUTIONAL STANDING.......................................................6

III.    PICTIVA LACKS STATUTORY STANDING .............................................................12

IV.     CONCLUSION................................................................................................14

# TABLE OF AUTHORITIES

**Page**

**Cases**

*A123 Sys., Inc. v. Hydro-Quebec*,
626 F.3d 1213 (Fed. Cir. 2010).................................................................................13

*Intell. Prop. Dev, Inc. v. TCI Cablevision of Cal., Inc.*,
248 F. 3d 1333 (Fed. Cir. 2001).................................................................................13

*Intell. Tech LLC v. Zebra Techs. Corp.*,
101 F.4th 807 (Fed. Cir. 2024) ...................................................................................6

*Intell. Tech LLC v. Zebra Techs. Corp.*,
*No*. 6:19-CV-00628-ADA, 2022 WL 3088572 (W.D. Tex. Aug. 3, 2022)..............11

*Keene Corp. v. United States*,
508 U.S. 200 (1993).....................................................................................................6

*Legacy Cmty. Health Servs., Inc. v. Smith*,
881 F.3d 358 (5th Cir. 2018) .......................................................................................7

*Lone Star Silicon Innovations v. Nanya Tech.*,
925 F.3d 1225 (Fed. Cir. 2019)...................................................2, 8, 11, 12, 13, 14

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992).....................................................................................................6

*Morrow v. Microsoft Corp.*,
499 F.3d 1332 (Fed. Cir. 2007)..................................................................................8, 9

*Oaxaca v. Roscoe*,
641 F.2d 386 (5th Cir. 1981) .......................................................................................7

*Ortho Pharm. Corp. v. Genetics Inst., Inc.*,
52 F.3d 1026 (Fed. Cir. 1995)...................................................................................6, 9

*Paradise Creations, Inc. v. UV Sales, Inc.*,
315 F.3d 1304 (Fed. Cir. 2003).................................................................................6, 12

*Paterson v. Weinberger*,
644 F.2d 521 (5th Cir. 1981) .......................................................................................7

*Propat International Corp. v. Rpost, Inc.*,
473 F.3d 1187 (Fed. Cir. 2007).................................................................9, 10, 13, 14

SAMSUNG'S MOTION TO DISMISS

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016)......................................................................................................6, 7

*Textile Prods., Inc. v. Mead Corp.*,
    134 F.3d 1481 (Fed. Cir. 1998)..........................................................................................9

*Univ. of S. Fla. Rsch. Found., Inc. v. Fujifilm Med. Sys. U.S.A.*,
    19 F.4th 1315 (Fed. Cir. 2021) ......................................................................................7, 12

*Valtrus Innovations Ltd. v SAP America, Inc., et al.*
    2:24-cv-00021-JRG (E.D. Tex.) .........................................................................................5

*Whitmore v. Arkansas*,
    495 U.S. 149 (1990)..........................................................................................................6

*WiAV Sols. LLC v. Motorola, Inc.*,
    631 F.3d 1257 (Fed. Cir. 2010)........................................................................................6, 7

*Williamson v. Tucker*,
    645 F.2d 404 (5th Cir. 1981) .........................................................................................7, 11

## Statutes

35 U.S.C. §100(d) ................................................................................................................12

35 U.S.C. §281.........................................................................................................1, 2, 12, 14

Federal Rule of Civil Procedure 12(b)(1) ................................................................................1, 14

Federal Rule of Civil Procedure 12(b)(6) ............................................................................1, 12, 14

Defendants Samsung Electronics Co. Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively "Samsung") respectfully move to dismiss the Complaint with prejudice Samsung moves under Federal Rule of Civil Procedure 12(b)(1) because Plaintiff Pictiva Displays International Ltd. ("Pictiva") lacks Article III standing and, in the alternative, under Rule 12(b)(6) because Pictiva is not a "patentee" within the meaning of 35 U.S.C. §281.

### INTRODUCTION

Pictiva filed this patent-infringement action against Samsung in October 2023, claiming that it was the owner of the patents-in-suit ("Asserted Patents").[1]  Dkt. 1, at ¶¶ 32, 41; *see also* Dkt. 17, at ¶¶ 55, 66, 76, 87.  But earlier this month,



demonstrates that years before filing suit,

. Ex. A.  Under that arrangement,

Given this new disclosure—nine months into the case—it is now clear that Pictiva lacks both Article III standing and so-called "statutory" standing under 35 U.S.C. §281 to enforce the Asserted Patents.  The Federal Circuit has held that a plaintiff lacks Article III standing to enforce

---

[1]  The Asserted Patents are U.S. Patent Nos. 6,949,389; 8,314,547; 8,558,223; 8,723,164; 9,257,492; and 11,828,425.

a patent if it does not hold "exclusionary rights" in the patent, *i.e.*, the rights to exclude other parties from practicing the patent and to forgive activities that would ordinarily violate the patent statutes. *Lone Star Silicon Innovations v. Nanya Tech.*, 925 F.3d 1225, 1234 (Fed. Cir. 2019). ███████

██████████████████████████ Pictiva has no exclusionary rights in the Asserted Patents. And even if Pictiva could overcome that jurisdictional defect, it could not qualify as a "patentee" under Section 281 unless it possesses "all substantial rights" in the patents—a standard it could not possibly meet because ██████████████████████████ *Id.* at 1229.

It is a mystery why Pictiva believed that it could bring this action in light of the ████████ ██████████ and settled Federal Circuit precedent, or why Pictiva failed to flag this serious jurisdictional problem for the Court or Samsung any time in the last nine months.  But at any rate, the suit cannot be maintained.  Samsung respectfully asks the Court to dismiss the action.

## I.     BACKGROUND

On October 19, 2023, Pictiva ██████████████████████████ brought this lawsuit for patent infringement, alleging infringement of two patents.  Dkt. 1.  Pictiva filed an amended complaint on March 1, 2024, adding four more patents to the case.  Dkt. 17.

Pictiva is not the original owner of the Asserted Patents.  The purported inventors of the patents assigned all rights and ownership to OSRAM Opto Semiconductors GMBH.  *See generally* Exs. B-G.  OSRAM Opto then assigned the Asserted Patents to OSRAM GMBH.  *Id.*[2] ████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

---

[2]   For U.S. Patent No. 9,257,492, the inventor assigned it directly to OSRAM OLED GMBH. *See* Ex. F.

SAMSUNG'S MOTION TO DISMISS

██████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████ Ex. I.

Six days later, ████████████████████████████████

████████████. Ex. A. ████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████

████████████████████████████████████████ ████████

████████████████████████████████████████

████████████████████████████████ Ex. J. ████████████████

████████████████████████████████████████

██████████████████████.[3] Ex. K at §17. ████████████████

████████████████████████████████████████

████████████████████████████████████████████████. *Id.*

---

[3] U.K. law similarly distinguishes the authority of ████████████████ ████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████ *Id.*

SAMSUNG'S MOTION TO DISMISS



SAMSUNG'S MOTION TO DISMISS



The deadline to add additional parties passed on April 1, 2024.  Dkt. 40 at 5.

---

[4] ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

[5] ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Pictiva had not previously produced the ████████████ despite Samsung's specific request that Pictiva produce "[a]ll documents regarding the ownership or transfer of ownership of the Patents-in-Suit or any rights associated therewith."  Ex. M at 7 (Request No. 5).  ████████████████████████████████████████████████████████████████████████████ Ex. N at 4.  Samsung has expended considerable resources litigating this case, including responding to Pictiva's unwarranted discovery motion.  Such expenditure was prejudicial to Samsung given Pictiva's

## II.   PICTIVA LACKS CONSTITUTIONAL STANDING

Article III standing is a necessary component of a federal court's subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). "The burden of demonstrating standing falls to [Plaintiff], as '[i]t is well established . . . that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue.'" *Ortho Pharm. Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026 (Fed. Cir. 1995) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990)).

To establish standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). If any of these requirements were not satisfied at the time that the plaintiff filed suit, the case must be dismissed. *See Keene Corp. v. United States*, 508 U.S. 200, 207 (1993); *Intell. Tech LLC v. Zebra Techs. Corp.*, 101 F.4th 807, 817 (Fed. Cir. 2024); *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309-10 (Fed. Cir. 2003).

Two principles of standing doctrine are particularly important here. First, Federal Circuit precedent (rather than regional circuit precedent) governs an entity's constitutional standing in a patent-infringement action. *See WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1263 (Fed. Cir.

---

lack of standing and could have been avoided if Pictiva had fulfilled its own discovery obligations by producing the ▮▮▮▮▮▮▮ earlier. Instead, Pictiva focused its discovery efforts on filing an improper and premature discovery motion against Samsung.

The Declaration is but one example of Pictiva withholding material discovery. For example, Samsung has repeatedly ask Pictiva to confirm that they have produced all documents related to conception and reduction to practice under Local Patent Rule 3-2. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ which contradicts Pictiva's assertion that documents of non-party Samsung Display Corp. should have already been produced. *See* Dkt. 52.

2010); *see also Univ. of S. Fla. Rsch. Found., Inc. v. Fujifilm Med. Sys. U.S.A.*, 19 F.4th 1315, 1323 (Fed. Cir. 2021).

Second, a defendant may make a "factual attack" upon the court's subject matter jurisdiction (as opposed to a facial attack) by submitting evidentiary materials in support of the motion to dismiss. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). "A factual attack on the subject matter jurisdiction of the court . . . challenges the facts on which jurisdiction depends[,] and matters outside of the pleadings, such as affidavits and testimony, are considered." *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981). In adjudicating a factual challenge, a court is not confined to the allegations of the complaint, nor does the presumption of truthfulness attach to those allegations. *See Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981). Once the defendant raises a factual challenge, "each element of Article III standing must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, with the same evidentiary requirements of that stage of litigation." *Legacy Cmty. Health Servs., Inc. v. Smith*, 881 F.3d 358, 366 (5th Cir. 2018) (quotation marks omitted).

In light of those principles, it is clear that Pictiva lacks constitutional standing.

Most clearly, Pictiva lacks an injury in fact. "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo*, 578 U.S. at 339 (internal quotation marks omitted). The Federal Circuit has repeatedly held that "the touchstone of constitutional standing in a patent infringement suit is whether a party can establish that it has *an exclusionary interest in a patent* that, if violated by another, would *cause the party holding the exclusionary right to suffer legal injury*." *WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1267 (Fed. Cir. 2010) (emphasis added). Exclusionary rights "involve the ability to *exclude others*

from practicing an invention or to ***forgive activities*** that would normally be prohibited under the patent statutes." *Lone Star*, 925 F.3d at 1235 (emphasis added). The Federal Circuit "pay[s] particular attention to whether the agreement conveys in full the right to exclude" in order to find standing. *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1342 (Fed. Cir. 2007) (quotation marks omitted).

Here,

*See Lone Star*, 925 F.3d at 1234. Pictiva falls within the "category of plaintiffs" that "are not injured by a party that makes, uses, or sells the patented

██████████████████

invention because they do not hold the necessary exclusionary rights." *Morrow*, 499 F.3d at 1341.

"Plaintiffs in this category lack constitutional standing." *Id.*

███████████████████████████████████████████

██████████████████████████. In *Morrow*, for example, while the plaintiff (a trust) held

the right to sue parties, another entity held the "the right to sell the patent, grant exclusive and

nonexclusive licenses, grant the right to sublicense, or transfer any of the rights … to another

party." *Id.* at 1342. The Federal Circuit concluded that the plaintiff "suffer[ed] no legal injury in

fact to the patent's exclusionary rights." *Id.*; *see also, e.g.*, *Ortho Pharm. Corp. v. Genetics

Institute, Inc.*, 52 F.3d 1026, 1034 (Fed. Cir. 1995) ("[A] right to sue clause cannot negate the

requirement that, for co-plaintiff standing, a licensee must have beneficial ownership of some of

the patentee's proprietary rights."). ████████████████████████████

████████████████████████████████████.

In *Morrow*, the Federal Circuit relied on its prior holdings in *Textile Prods., Inc. v. Mead

Corp.*, 134 F.3d 1481, 1485 (Fed. Cir. 1998), and *Propat International Corp. v. Rpost, Inc.*, 473

F.3d 1187 (Fed. Cir. 2007), and those decisions also confirm that Pictiva lacks Article III standing.

In *Textile Productions*, the plaintiff had the right to sue, but the Federal Circuit held that right was

insufficient to establish constitutional standing "because the agreement did not clearly manifest

that the owner would refrain from granting a license to anyone else in the particular area of

exclusivity." *Morrow* at 1342 (discussing *Textile Prods., Inc. v. Mead Corp.*, 134 F.3d 1481, 1485

(Fed. Cir. 1998)). Again, this case is even more straightforward: ███████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

-9-

████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████

Finally, in *Propat International*, the Federal Circuit found that Propat lacked standing to participate in an infringement suit despite having the exclusive right to sue third parties for patent infringement, the right to grant licenses to third parties, and the right to enforce license agreements. 473 F.3d at 1191. Propat's right to license and sue third parties was subject to prior approval by the legal title holder Authentix. Propat was also required to receive the consent of Authentix before it assigned rights or obligations under the agreement to another party. Although Authentix was not permitted to unreasonably withhold its approval of a license, the Federal Circuit held that Propat did not have "rights in the patent sufficient to give it standing to sue, even with Authentix named as a co-plaintiff." *Id.* at 1195 (noting that even if Authentix was a party this would not ameliorate Propat's standing problem). Propat lacked sufficient exclusionary rights and therefore did not suffer an Article III injury. It follows that ███████████████████████████ ████████████████████████████.

Pictiva thus lacks an Article III injury-in-fact, which is sufficient to establish that the Court lacks subject matter jurisdiction over this dispute. Of course, without an injury-in-fact, Pictiva cannot satisfy the second and third requirements for Article III standing, *i.e.*, that any injury be fairly traceable to the challenged conduct of Samsung and that the injury is likely to be redressed by a favorable judicial decision. But even if Pictiva could establish some injury-in-fact that was traceable to Samsung, the ████████████████████████████████ ██████████ ████████████████████████████████████

███████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████

████████████████████████████████████████████████

███.[6] But "constitutional standing . . . does not depend on labels." *Lone Star*, 925 F.3d at 1234; *see also Intell. Tech LLC v. Zebra Techs. Corp., No.* 6:19-CV-00628-ADA, 2022 WL 3088572, at *2 (W.D. Tex. Aug. 3, 2022) (emphasizing that "holding title to a patent is not the same as holding exclusionary rights to a patent"). ████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████s.

████████████████████████████████████████████████

████████    ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████. ██████████████

---

[6]    While Pictiva alleges that "Pictiva owns by assignment the entire right, title, and interest to" the Asserted Patents (Dkt. 17 at ¶¶ 36, 45, 55, 66, 76, 87), this Court is not bound to assume that these allegations are true. *See Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981).

SAMSUNG'S MOTION TO DISMISS

████████████████

████████████████████    █████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████    ████████████████    ███████████████████████████

███████████████████████████████████████

In short, this case should be dismissed because Pictiva did not have constitutional standing when it was filed. *Schreiber Foods*, 402 F.3d at 1203 ("[I]f the original plaintiff lacked Article III initial standing, the suit must be dismissed, and the jurisdictional defect cannot be cured" after the inception of the lawsuit.); *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309 (Fed. Cir. 2003); *Gaia Techs., Inc. v. Reconversion Techs.*, Inc., 93 F.3d 774, 780 (Fed. Cir. 1996).

## III.    PICTIVA LACKS STATUTORY STANDING

Even if Pictiva could establish that it holds sufficient exclusionary rights in the Asserted Patents for Article III standing, Pictiva would not qualify as a "patentee" under 35 U.S.C. §281 and therefore would lack so-called "statutory" standing to sue. Accordingly, in the alternative, the case should be dismissed under Rule 12(b)(6). *See, e.g.*, *Univ. of S. Fla. Rsch. Found., Inc. v. Fujifilm Med. Sys. U.S.A., Inc.*, 19 F.4th 1315, 1319 (Fed. Cir. 2021); *see also Lone Star*, 925 F.3d at 1235.

Section 281 provides that "[a] patentee shall have remedy by civil action for infringement of his patent." 35 U.S.C. §281. The Patent Act defines "patentee" to include "the original patentee (whether the inventor or original assignee) and 'successors in title.'" *Lone Star*, 925 F.3d at 1229 (quoting 35 U.S.C. §100(d)). Construing those provisions, the Federal Circuit has held that "[i]f the party asserting infringement is not the patent's original patentee," then a court must determine whether the party has received an assignment of the patent, which depends on whether the party "obtained all substantial rights in the patent." *Id.*

███████████████

A party possesses all "substantial rights" where it has the ability to enforce and alienate the patent. *Lone Star*, 925 F.3d at 1231. A court looks to the "totality" and "substance" of an agreement rather than to "formalities or magic words" to determine whether a party possesses substantial rights. *Lone Star*, 925 F.3d at 1229; *A123 Sys., Inc. v. Hydro-Quebec*, 626 F.3d 1213, 1218 (Fed. Cir. 2010) ("In determining ownership for purposes of standing, labels given by the parties do not control.").

███████████████████████████████████████████████████

██████████  █████████████████████████████████████████

██████████████████████████████████  █████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

██████████████████  That alone defeats statutory standing under Federal Circuit precedent. *Lone Star*, 925 F.3d at 1231 ("[A] transferee that receives all substantial patent rights from a transferor would never need consent from the transferor to file suit."); *Intell. Prop. Dev, Inc. v. TCI Cablevision of Cal., Inc.*, 248 F. 3d 1333, 1338 (Fed. Cir. 2001) (holding that the requirement of the licensor to consent to the licensee's actions meant that the licensee lacked all substantial rights); *Propat Int'l*, 473 F.3d at 1191 ("Authentix's right to veto licensing and litigation decisions also constitutes a significant restriction on Propat's interest in the patent.").

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

███████████████

██████ Again, that defeats statutory standing. *See Lone Star*, 925 F.3d at 1231 (finding a restriction on alienation requiring consent of another party to transfer fundamentally inconsistent with possession of all substantial rights); *Propat*, 473 F.3d at 1191 ("Propat's obligation to notify Authentix as to the selection of all targets for licensing or suit and to obtain Authentix's consent to all [litigation and licensing] decisions indicates that Authentix retains substantial ongoing control of the sort typically associated with the retention of an ownership interest in the patent.").

████████████████████████████████████████████

Further, ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████.

████████████████████████████████████████████

████████████████████████████████    ███████████

████████████████████████████████████████████

████████████████████    ██████████████████████

██████Therefore, it lacks statutory standing to bring suit against Samsung.

The deadline for Pictiva to add additional parties passed on April 1, 2024. Dkt. 40 at 5. The proper remaining remedy is for this action to be dismissed.

## IV.    CONCLUSION

Based on the foregoing, Samsung respectfully requests that the Court grant its Motion and dismiss this case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) or, in the alternative, for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

████████████████

Dated:  July 26, 2024

By:    */s/ Lance Yang*

Melissa R. Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Phone:  (903) 934-8450
Fax:  (903) 934-9257

D. James Pak (admitted *pro hac vice*)
Lance Yang (admitted in E.D. Tex.)
Patrick Schmidt (admitted *pro hac vice*)
djamespak@quinnemanuel.com
lanceyang@quinnemanuel.com
patrickschmidt@quinnemanuel.com
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel:  213-443-3000
Fax:  213-443-3100

Sean S. Pak (admitted *pro hac vice*)
Melissa J. Baily (admitted in E.D. Tex.)
seanpak@quinnemanuel.com
melissabaily@quinnemanuel.com
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, California 94111
Tel:  415-875-6600
Fax:  415-875-6700

John Bash
Texas State Bar No. 24067504
johnbash@quinnemanuel.com
**QUINN EMANUEL URQUHART &**

-15-

█████████████

**SULLIVAN, LLP**
300 West 6th Street, Suite 2010
Austin, Texas 78701-3901
Phone:  (737) 667-6100
Fax:  (737) 667-6110


*Attorneys for Defendants Samsung Electronics*
*Co., Ltd. and Samsung Electronics America, Inc.*

-16-

██████████████████

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on July 26, 2024, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

Dated:  July 26, 2024                     */s/ Melissa R. Smith*
                                          Melissa R. Smith

████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████

█████████████████████████████████

█████████████

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), the undersigned hereby certifies that counsel for the parties conducted a meet-and-confer regarding this Motion prior to filing.  Specifically, on July 23, 2024, counsel for Samsung (lead counsel Sean Pak, with others) participated in a telephonic conference with counsel for Pictiva (lead counsel Jason Sheasby, with others) regarding the issues raised herein but the parties were unable to resolve their dispute.  Thus, this Motion is opposed.

Dated:  July 26, 2024                     */s/ Lance Yang*
                                          Lance Yang