**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **PICTIVA DISPLAYS INTERNATIONAL LTD.** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 2:23-cv-00495-JRG |
| **SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.** | ) ) ) ) | JURY TRIAL DEMANDED ██████████████ |
| Defendants. | ) ) ) ) ) ) | |

**PLAINTIFF PICTIVA DISPLAYS INTERNATIONAL LTD.'S MOTION TO
COMPEL SAMSUNG DISPLAY CO., LTD. TO COMPLY WITH SUBPOENA**

11343781

## TABLE OF CONTENTS

**Page**

I.    Factual Background ................................................................................................................1

II.   Argument.................................................................................................................................3

      A.    Legal Standard.............................................................................................................3

      B.    Samsung's Failure To Produce Relevant Documents Is Prejudicing
            Pictiva ........................................................................................................................4

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*611 Carpenter LLC v. Atl. Cas. Ins. Co.*,
  No. 1:23-cv-823-DII, 2024 WL 1977160 (W.D. Tex. Apr. 30, 2024) ................................4

*Allergan, Inc. v. Teva Pharms. USA, Inc.*,
  No. 2:15-CV-1455-WCB, 2017 WL 1319555 (E.D. Tex. Apr. 10, 2017) ...........................3

*Crosby v. La. Health Serv. & Indem. Co.*,
  647 F.3d 258 (5th Cir. 2011) ..........................................................................................4

*Donaldson v. Crisp*,
  No. 1:22-CV-111, 2023 WL 6201372 (E.D. Tex. Sept. 21, 2023) .....................................4

*TravelPass Grp., LLC v. Caesars Ent. Corp.*,
  No. 5:18-CV-153-RWS-CMC, 2021 WL 2492858 (E.D. Tex. May 4, 2021) ...............4, 6

**Statutes**

Korean Core Technology Act..............................................................................................3, 7

**Other Authorities**

Fed. R. Civ. P. 26 ..............................................................................................................1

Fed. R. Civ. P.  26(b) .........................................................................................................4

Fed. R. Civ. P. 26(b)(1).......................................................................................................4

Fed. R. Civ. P. 34 ..............................................................................................................4

Fed. R. Civ. P. 45 ...........................................................................................................1, 3

local rule 3-4(a) .................................................................................................................4

Pursuant to the Federal Rules of Civil Procedure Rules 26 and 45, Pictiva Displays International Ltd. ("Pictiva"), the Plaintiff in the underlying action, respectfully moves for an order compelling Samsung Display Co., Ltd. ("SD") to comply with document production and deposition subpoena Pictiva served on June 14, 2024. Ex. 1 (subpoena *duces tecum)*. Pictiva files this motion in the Eastern District of Texas because, when Pictiva asked whether SD would object to Pictiva filing the motion to compel in the Eastern District of Texas at the July 23 meet-and-confer, SD's counsel (who is also Samsung Defendants' counsel) did not voice any objection.

Pictiva seeks an order compelling SD (or its parent SEC) to produce, within 14 days after the Court's entrance of the order, documents responsive to subpoena request Nos. 1-8, and 15.[1] Samsung does not and cannot dispute that these are basic technical documents required under P.R. 3-4(a) that describe the patented features at issue in the underlying action. But SD and Samsung Defendants have so far not produced any of the responsive documents and have refused to provide a date certain to produce these highly relevant and long overdue technical documents.

## I. Factual Background

Pictiva's subpoena was served in connection with this patent infringement lawsuit Pictiva brought against Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively "Defendants" or "Samsung"). Samsung's smartphones, tablets, wearables, TVs and other products containing organic light emitting diode displays ("OLED displays") are accused of infringing Pictiva's six patents-in-suit. The P.R. 3-4(a) deadline in this action was June 10, 2024, 1.5 months ago. Dkt. 40 at 5. But Samsung has not produced any "[s]ource code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of [the most salient] aspects or elements of an Accused Instrumentality identified by [Pictiva] in its P. R. 3-1(c) chart" as

---

[1] Pictiva reserves its right to enforce requests that do not fall squarely under P.R. 3-4(a) later.

required. P.R. 3-4(a). Pictiva has filed a motion to compel against Samsung in the underlying action. Dkt. 52.

Pictiva also served a subpoena on SD in an excess of caution on June 14, 2024 seeking, among other things, information contemplated by P.R. 3-4(a) because Samsung refused to produce any SD documents. To date, SD has not produced a single document in response to the subpoena. ████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████. Given Samsung's failure to comply with P.R. 3-4(a) deadline and its lack of diligence in producing the relevant technical documents, Pictiva has no choice but to seek an order from the Court for SD (and Samsung) to produce the responsive documents under P.R. 3-4(a).

The subpoena requests that Pictiva is seeking to enforce in this motion include:

1. Document sufficient to identify OLED, QD-OLED or QD-LED display panels sold by [SD] to Samsung Electronics Col, Ltd. or Samsung Electronics America ("Samsung Defendants") since October 2017.

2. Document sufficient to identify OLED, QD-OLED or QD-LED display panels made by [SDC] for Samsung Defendants since October 2017.

3. For each OLED, QD-OLED or QD-LED display panel at issue in 1 or 2, documents sufficient to describe its manufacturing process, including identifying the chemicals and materials that are deposited, removed or formed in each process step.

4. For each OLED, QD-OLED or QD-LED display panel at issue in 1 or 2, documents sufficient to determine the chemicals and materials used in the display panel, including documents sufficient to determine their chemical structures, material properties (such as highest occupied-molecular orbital energy level, lowest unoccupied molecular orbital energy level, and light emission spectra), and electrical properties (such as charge mobility).

5. For each chemical or material at issue in 3, documents sufficient to identify the functions of the chemical or material (e.g., as a cathode or anode, as an encapsulant, as a substrate, as a matrix material, aiding electron or hole transport, aiding electron or hole injection, or as a phosphorescence or a fluorescence, etc.) and the location of the chemical/material relative to other chemicals or materials

11343781

- 2 -

6.  Documents sufficient to describe the structures of each OLED, QD-OLED or QDLED display panel in 1 and 2, including specifying (1) the location and coverage of encapsulation layers, (2) shape and location of each layer between cathode and anode, (3) shape and locations of light emitting materials, (4) shape and location of quantum dot conversion layer, if any, and (5) shape and location of filter layer, if any.

7.  Representative samples of the chemicals and materials used in each OLED, QDOLED or QD-LED display panel at issue in 1 and 2 above.

8.  All documents related to any testing, simulation or study You performed on OLED display panels at issue[] in 1 and 2 above or components thereof.

15. Documents sufficient to identify the materials used in the displays in the Accused Products.

Ex. 1. Request Nos. 1-6, 8 and 15 seek "documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the [Pictiva] in its P. R. 3-1(c) chart" and Request No. 7 seeks representative samples of the chemicals/materials at issue so testing can be performed. Notably, SD never disputed the relevance of these requests nor argued that it does not have possession of the relevant information. ███████████████████████████████ ███████████████████████████████████████████ ██████████████████████████████████. Without an order from the Court, SD and Samsung will just grant themselves an indefinite extension for compliance with P.R. 3-4(a), to Pictiva's detriment.

## II.  Argument

### A.  Legal Standard

Federal Rule of Civil Procedure 45 governs discovery from nonparties through the issuance of subpoenas. Fed. R. Civ. P. 45; advisory committee notes to 2013 amendment. Federal Rule of Civil Procedure 45 permits litigants to issue subpoenas to nonparties and provides that "the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45. "The Court has broad discretion in resolving disputes over motions to compel discovery of documents. *Allergan, Inc. v. Teva Pharms. USA, Inc.*, No. 2:15-

11343781

- 3 -

CV-1455-WCB, 2017 WL 1319555, at *2 (E.D. Tex. Apr. 10, 2017). "The scope of discovery under a subpoena is the same as the scope of discovery under Rules 26(b) and 34. *Donaldson v. Crisp*, No. 1:22-CV-111, 2023 WL 6201372, at *3 (E.D. Tex. Sept. 21, 2023) (citing Fed. R. Civ. P 45(d)(1) and collecting cases). Pictiva is allowed to conduct discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see also Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections." *611 Carpenter LLC v. Atl. Cas. Ins. Co.*, No. 1:23-cv-823-DII, 2024 WL 1977160, at *1 (W.D. Tex. Apr. 30, 2024) (citing *Hobbs v. Petroplex Pipe & Constr., Inc.*, No. MO:17-CV-00030-DC, 2018 WL 3603074, at *2 (W.D. Tex. Jan. 29, 2018)).

### B.     Samsung's Failure To Produce Relevant Documents Is Prejudicing Pictiva

SD is not a disinterested and unrelated third party. It is a subsidiary of SEC and a sister company to SEA; in fact, it shares an address with SEA. *See* https://www.samsungdisplay.com/eng/intro/loc-global.jsp. ████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

██████████████████████

To date, not a single responsive document sought under the subpoena has been produced. Faced with the coordinated delay by SD and the Samsung Defendants, Pictiva seeks an order from the Court to enforce subpoena request Nos. 1-8 and 15 that fall squarely under the scope of the patent local rule 3-4(a), the deadline for which was June 10, 2024, 1.5 months ago. Dkt. 40 at 5; *see TravelPass*

*Grp., LLC v. Caesars Ent. Corp.*, No. 5:18-CV-153-RWS-CMC, 2021 WL 2492858, at *17 (E.D. Tex. May 4, 2021) (explaining in the context of enforcement of a subpoena that "full diligence requires that at some point negotiations must end" and a motion to compel must be filed where the party subpoenaed fails to comply with a subpoena).

SD does not dispute the relevance of the subpoena and has indeed agreed to produce non-privileged documents responsive to the requests. This is not surprising because they fall squarely within the scope of P.R. 3-4(a). In the underlying case, there are six patents directed to OLED display technology, covering methods of encapsulating OLED devices (*e.g.*, '389, claim 43), methods of making an OLED that involved a step of joint vaporization of a metal complex with an organic compound of a specific structure (*e.g.*, '223, claim 10), methods of producing OLED devices in specific recited steps (*e.g.*, '492, claim 1), optoelectronic devices that include an organic layer sequence that emits electromagnetic radiation (such as light) and structured layers having a wavelength conversion layer and filter layer of specific requirements (*e.g.*, '547, claim 1); an electronic device that includes three matrix materials having specific requirements on their relative Highest Occupied Molecular Orbital (HOMO) and Lowest Unoccupied Molecular Orbital (LUMO) energy levels and/or charge mobility (*e.g.*, '164, claims 1, 15, 16), and OLEDs with recited layer sequences that include at least an n-doped electron transport layer such as 8-hydroxy-qunolinolato-lithium ("LiQ") (*e.g.*, '425, claims 1-2). Consistent with the scope of the claims, the subpoena seeks information on:

- the manufacturing process of the relevant OLED display panels, including the chemicals and materials that are deposited, removed or formed in each process step, which information is relevant to at least the '389, '223, and '492 patents (Request No. 3)

- the chemicals and materials in the OLED display panels so that Pictiva could assess their HOMO and LUMO levels and charge mobility (Request Nos. 4, 7 and 15)

- information related to the functions performed by the chemicals in the OLED devices, which

11343781

- 5 -

information is relevant to all the patents at issue (Request No. 5)

- information related to the layer structures and functions of the OELD devices, which information would be relevant to at least the '389, '223, '492, '425 and '547 patents (Request No. 6)

- Testing, simulation and study that Samsung has performed on its OLED panels (Request No. 8).

Put another way, Pictiva's subpoena seeks relevant infringement information and documents that fall squarely within the requirements of P.R. 3-4(a).[2] SD does not disagree as it has not moved to quash Pictiva's subpoena as either unduly burdensome or directed to irrelevant documents. Nor has SD refused to produce documents on those grounds. SD also does not dispute that Pictiva's subpoena was properly served.

But while SD has agreed in principle to produce the documents requested in Pictiva's subpoena, it has not produced a single document thus far. Because SD also will not provide a time certain for the document production, Pictiva has no choice but to move the Court to enforce its subpoena so that SD and Samsung's coordinated delay will not further prejudice Pictiva's ability to proceed with its infringement case. *See TravelPass*, 2021 WL 2492858, at *17 (explaining in the context of enforcement of a subpoena that "full diligence requires that at some point negotiations must end" and a motion to compel must be filed where the party subpoenaed fails to comply with a subpoena).

Pictiva has been diligently seeking these documents since at least April 29, 2024 when it sent Pictiva Defendants a discovery letter listing the information it is requesting. Dkt. 52-2 (Document request letter). Samsung Defendants assured Pictiva at their first meet-and-confer in May that their P.R. 3-4(a) production would include any responsive documents SEC or SEA had received from SD.

---

[2] Samsung Display has consented to the filing of this motion in the Eastern District of Texas. As such, enforcement of this subpoena is proper in this District.

Thus far, no such production has occurred; and Samsung's counsel cannot affirmatively state that Samsung Defendants cannot access the documents that will be eventually produced in response to the subpoena or that such documents are not already in possession, control or custody of Samsung Defendants. After Samsung Defendants insisted that Pictiva subpoena SD, Pictiva obliged out of an abundance of caution. But now, more than a month after the proper service of the subpoena, not a single responsive document falling squarely within P.R. 3-4(a) has been produced and no date certain of production has been promised.



, after the deadline for P.R. 3-4(a) compliance, to file an application with the appropriate Korean authority. Nor does SD appear to have diligently followed up on the application. For example,

Given the delays and noncommittal representations by Samsung, Pictiva respectfully requests that the Court order SD to produce documents responsive to Requests Nos. 1-8 and 15 within 14 days of the order and produce samples responsive to Request No. 7 within one month of the order. The order is needed for compliance with P.R. 3-4(a) and to enable Pictiva to advance its infringement case. *See* Dkt. 40 (claim construction begins on October 1, just over two months away).

Dated: July 29, 2024

Respectfully submitted,

*/s/ Jason Sheasby*
  Jason Sheasby

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Rebecca Carson (*pro hac vice*)
rcarson@irell.com
Philip Warrick (NY #4471413)
pwarrick@irell.com
Jie Gao (*pro hac vice*)
jgao@irell.com
Jeffrey Linxwiler (*pro hac vice*)
jlinxwiler@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

***Attorneys for Plaintiff Pictiva Displays
International Ltd.***

11343781

- 8 -

**CERTIFICATE OF CONFERENCE**

I hereby certify that, on July 23, 2024, the lead and local counsel of each side met and conferred. The parties are at an impasse.

/s/ *Jason Sheasby*
Jason Sheasby

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served to counsel of record via E-mail.

/s/ *Jason Sheasby*
Jason Sheasby

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

/s/ *Jason Sheasby*
Jason Sheasby

11343781

- 9 -