**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **PICTIVA DISPLAYS INTERNATIONAL LTD.** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 2:23-cv-00495-JRG |
| **SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.** | ) ) ) ) | JURY TRIAL DEMANDED ▆▆▆▆▆▆▆▆▆▆ ▆▆▆ |
| Defendants. | ) ) ) ) ) ) | |

**SAMSUNG DISPLAY CO., LTD.'S
OPPOSITION TO PICTIVA'S MOTION TO COMPEL**

# TABLE OF CONTENTS

**Page**

BACKGROUND ...................................................................................................................1

ARGUMENT......................................................................................................................3

I.     PICTIVA'S MOTION SHOULD BE DENIED AS MOOT ...............................................3

     A.     Pictiva's Motion Regarding Request Nos. 1-6, 8, 15 Should Be Denied As Moot Because SDC Has Agreed To Produce Responsive Documents And Will Begin Doing So Shortly...................................................................................3

     B.     Pictiva's Motion Regarding Request No. 7 Should Be Denied For Failure To Sufficiently Meet And Confer ...........................................................................5

     C.     Pictiva's Request That SDC Complete Production Within 14 Days Of An Order Is Unreasonable and Unsupported.....................................................................7

# TABLE OF AUTHORITIES

**Page**

### **Cases**

*Bowie v. Martin Transp., Inc.*,
  No. 2:14-CV-998-JRG, 2015 WL 12832561 (E.D. Tex. Apr. 23, 2015) ..................................6

*Greenthread, LLC v. OmniVision Techs., Inc.*,
  No. 2:23-CV-00157-JRG, 2024 WL 1913130 (E.D. Tex. May 1, 2024) ................................5

*St. Gregory Cathedral Sch. V. LG Elecs., Inc.*,
  No. 6:12-CV-739, 2013 WL 12214144 (E.D. Tex. Nov. 25, 2013) ........................................4

### **Rules/Statutes**

Korean Technology Act....................................................................................................................3

### **Other Authorities**

Eastern District of Texas Local Rule CV-7(h) ...............................................................................5

Eastern District of Texas Patent Rule 3-4......................................................................................7

SDC'S OPPOSITION TO PICTIVA'S MOTION TO COMPEL

████████████████

Pictiva's Motion (Dkt. 58) should be denied as moot because the documents Pictiva seeks are in the process of being produced. ████████████████████████

█████████████████████████████████████████████████████████

████████████████████████████████████████████████ SDC made this clear to Pictiva before Pictiva filed the present Motion. Pictiva nevertheless moves to compel without the parties being at an impasse and without making a good-faith effort to meet and confer with SDC. ██████████████████████████

█████████████████████████████████████████████████████████

████████████████████████████████████

## BACKGROUND

Pictiva alleges infringement of patents relating to OLED displays in Defendants Samsung Electronics Co. Ltd.'s ("SEC") and Samsung Electronics America, Inc.'s ("SEA") (collectively "Samsung") consumer products (e.g., smartphones and televisions). Am. Compl. ¶¶ 7, 33-93.

█████████████████████████████████████████████. ██████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

████████████████████████████████████████

During a May 15, 2024 meet-and-confer, ████████████████████████

█████████████████████████████████████████████████████████

████████████████████████████████ But Pictiva chose not to issue subpoenas to

-1-

the ███████████████████████████████ On June 13, 2024, the parties met and conferred about Samsung's interrogatory responses and P-R 3-4(a) document production. During the call, ████████████████████████████████████████

███████████████████████████████████. ████████████████████████████

███████████████████████████████████████████. This obviated the need for service through the Hague Convention. As Quinn Emanuel emphasized, this would ensure that Pictiva received the documents faster. Pictiva rejected that offer, and said it had no interest in coordinating discovery ███████

Perhaps recognizing its error, on June 14, ████████████████████████████

█████ The next business day, ████████████████████████████████Less than two weeks later, on June 27, 2024, SDC served its objections and responses to Pictiva's subpoena. SDC stated that it would produce non-privileged documents that it could locate after a reasonable search, including, among others, documents sufficient to: █████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████

SDC objected to and offered to meet and confer regarding some of Pictiva's requests, including regarding Request No. 7 which ████████████████████████████

████████████████████████ As stated in SDC's objections, these requests, including

SDC'S OPPOSITION TO PICTIVA'S MOTION TO COMPEL

██████████████████

Request No. 7, are overly broad, unduly burdensome, and not proportional to the needs of the case. *Id.* Pictiva, however, never responded to SDC's offer to meet and confer.

On June 26, eight business days after receiving the subpoena, ████████████████████ ██████████████████████████████████████████████ under the Korean Technology Act. Park Decl. ¶ 4. As SDC informed Pictiva, the Korean Core Technology Act requires approval from the ███████████████████████████████████████████ ██████████████████████████████. *Id.* at ¶ 3. ████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████

## ARGUMENT

Pictiva is not entitled to the relief sought in its Motion. As an initial matter, Pictiva lacks standing to maintain this suit (Dkt. 57) and therefore its Motion to non-party SDC should be denied for that reason alone. Regardless, as explained below, Pictiva's demand for documents is moot because ███████████████████████████ and will promptly begin producing documents.

### I.    PICTIVA'S MOTION SHOULD BE DENIED AS MOOT

#### A.    Pictiva's Motion Regarding Request Nos. 1-6, 8, 15 Should Be Denied As Moot Because SDC Has Agreed To Produce Responsive Documents And Will Begin Doing So Shortly

The Court should deny Pictiva's Motion as moot because █████████████████████ ████████ and will begin producing documents that are sufficient to show the functionality of the displays in the accused products, as requested in Pictiva's Request Nos. 1-6, 15. *See*, *e.g.*, *St.*

██████████████

*Gregory Cathedral Sch. V. LG Elecs., Inc.*, No. 6:12-CV-739, 2013 WL 12214144, at *5 (E.D. Tex. Nov. 25, 2013) (denying motion to compel as moot where "[a] review of [Defendants'] supplemental response shows that Defendants have agreed to produce the requested information").

As ████████████████████████████████, it will promptly produce documents responsive to Pictiva's Request Nos. 1-6 and 15. Park Decl. ¶ 6. ████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████ *Id.* No impasse exists as to these requests.

As for Pictiva's Request No. 8, this request asks for: ██████████████████

███████████████████████████████████ Exhibit A. This request, however, is overly broad, unduly burdensome, and not proportional to the needs of the case. Importantly, not only will producing "all" documents related to testing ██████████

████████████████████████████████████████

████████████████████████████████████████

████████████████ Thus, SDC appropriately narrowed the scope of this request to documents sufficient to identify the types of ██████████████████████

████████████████ Pictiva does not contest this narrowed scope of response to its Request 8. Although vague and overly broad, SDC is in the process of collecting responsive documents that will then be produced.

Pictiva's argument that SDC intentionally used its ████████████ as a delay tactic (Mot. at 2) is meritless and should be rejected. As described above, before SDC could produce any



confidential documents ███████████████████████████████████. Park Decl. ¶ 3. While ███████████████ on June 26, 2024, it is SDC's experience that approval normally takes about two to three months. *Id.* at ¶¶ 4-5. SDC communicated this information to Pictiva during the meet and confers between and amongst the parties. Accordingly, any suggestion by Pictiva that SDC was anything less than forthcoming about the ████████████ is unsupported.

In short, ████ █████ █ ██████ ██████ ████████ ████████ ██████ ████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████ These documents are responsive to at least Pictiva's Request Nos. 1-6, 8, and 15. Pictiva's Motion should therefore be denied as moot.

**B.    Pictiva's Motion Regarding Request No. 7 Should Be Denied For Failure To Sufficiently Meet And Confer**

Pictiva failed to discharge its meet and confer obligations regarding Request No. 7 and its Motion regarding this request should be denied. *See Greenthread, LLC v. OmniVision Techs., Inc.*, No. 2:23-CV-00157-JRG, 2024 WL 1913130, at *7 (E.D. Tex. May 1, 2024) ("Further, it does not appear that the parties engaged in a meet and confer sufficient to comply with L.R. CV-7(h). This is a sufficient reason to deny the motion."). Pictiva's Request No. 7 asks for: "[r]epresentative samples of the chemicals and materials used in each ████████████████████ display panel at issue." SDC objected to this request on the grounds that (1) it is overly broad and unduly burdensome for Pictiva to serve as a request on a third party, (2) it is unclear what Pictiva means by "representative sample of the chemicals and minerals," and (3) Pictiva failed to appropriately limit its request to any particular date range, relevant product, or any product imported, sold for importation, or sold after importation into the United States (as the request could encompass irrelevant products that were made for markets outside the United States). Exhibit A.

██████████████████████

For example, Pictiva's Request No. 7 would require SDC to produce a very large volume of samples of chemicals and materials. ████████████████████████████████████, and there are ████████████████████████████████████████ Park Decl. ¶ 7. Pictiva has accused more than ***one hundred*** different SEC products sold since October 2017, and ████████████████ ████████████████ ████████████████████████████████████████████████ *Id.* at ¶¶ 7, 9.

The burden to SDC associated with ████████████████████████████████████ ████████████████████████████████████████████████████████████████. ████████████████████████████████████████████████████████████ ████████████████████████████████████████████ *Id.* ████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████

Accordingly, SDC offered to meet and confer with Pictiva to determine a proper temporal limit and scope for this request. To date, however, Pictiva has declined. As such, an order compelling SDC to produce documents and things responsive to Request No. 7 would be contrary to local discovery rules and this Court's standing order. *See Bowie v. Martin Transp., Inc.*, No. 2:14-CV-998-JRG, 2015 WL 12832561, at *1 (E.D. Tex. Apr. 23, 2015) ("This Court takes very seriously the 'meet and confer' requirement prescribed by the Local Rules.").

SDC continues to be available to meet and confer with Pictiva to determine a reasonable scope of production for Request No. 7 and SDC requests that the Motion with respect to Request No. 7 be denied.

██████████████

**C.    Pictiva's Request That SDC Complete Production Within 14 Days Of An Order Is Unreasonable and Unsupported**

Pictiva's demand that SDC be compelled to complete its document production within 14 days of any Court order is unreasonable and should be rejected. SDC is a non-party to this litigation and Pictiva provides no support for its assertion that non-parties are held to the Rule 3-4 deadline or even 14 days from a Court order. Indeed, even named parties have months to gather and produce the scope of documents Pictiva is requesting. Given the breadth and scope of Pictiva's subpoena, SDC has been diligently searching for, collecting, and reviewing responsive documents. Moreover, as described above, after accepting service of the subpoena, ████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████. Having now received that approval, SDC plans to produce documents on September 4 and 11, 2024.

In sum, Pictiva filed this Motion in the early stages of discovery seeking production of documents that SDC will be producing. Pictiva's request for an order compelling production is therefore moot and should be denied.

■■■■■■■■■■

Dated:  August 23, 2024

By:    */s/ Lance Yang*

Melissa R. Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Phone:  (903) 934-8450
Fax:  (903) 934-9257

D. James Pak (admitted *pro hac vice*)
Lance Yang (admitted in E.D. Tex.)
Patrick Schmidt (admitted *pro hac vice*)
djamespak@quinnemanuel.com
lanceyang@quinnemanuel.com
patrickschmidt@quinnemanuel.com
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel:  213-443-3000
Fax:  213-443-3100

Sean S. Pak (admitted *pro hac vice*)
Melissa J. Baily (admitted in E.D. Tex.)
seanpak@quinnemanuel.com
melissabaily@quinnemanuel.com
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, California 94111
Tel:  415-875-6600
Fax:  415-875-6700

***Attorneys for Non-Party Samsung Display Co., Ltd.***

-8-

███████████████

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on counsel of record for Plaintiff via electronic mail on August 23, 2024.

*/s/ Melissa R. Smith*

## CERTIFICATE OF AUTHORIZATION ████████████████████

I hereby certify that the foregoing document is being ████████████ pursuant to the Protective Order entered in this matter.

*/s/ Melissa R. Smith*

SDC'S OPPOSITION TO PICTIVA'S MOTION TO COMPEL