[redacted]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **PICTIVA DISPLAYS INTERNATIONAL LTD.**<br><br>Plaintiff,<br><br>v.<br><br>**SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.**<br><br>Defendants. | ) | Civil Action No. 2:23-cv-00495-JRG<br><br>JURY TRIAL DEMANDED<br><br>[redacted] **Pursuant to Protective Order** |

**SAMSUNG DISPLAY CO., LTD.'S MOTION TO AMEND THE PROTECTIVE ORDER**

# TABLE OF CONTENTS

**Page**

I. BACKGROUND ....................................................................................................1

II. ARGUMENT.........................................................................................................3

A. The Three File Types SDC Seeks To Protect As Source Code Are Commonly Protected As Source Code ...................................................3

B. SDC Received Approval From The South Korean Government To Produce These Documents As Source Code.............................................4

C. The Terms Of The Current Protective Order Were Negotiated Between Pictiva And The Samsung Defendants Months Before Pictiva Served Its Subpoena On Non-Party SDC ..........................................................5

III. CONCLUSION......................................................................................................5

[redacted]

Non-party Samsung Display Co., Ltd. ("SDC") moves to amend Paragraph 8 of the Protective Order (Dkt. 48) to ensure adequate protections for three types of files SDC has produced in this case. Specifically, SDC respectfully requests that Paragraph 8 of the Protective Order be revised as follows so that Source Code Material includes GDS files, recipes, and run specifications, which are highly sensitive and proprietary:

> To the extent a producing Party has a good faith basis to conclude that certain Protected Material qualifying to be designated 'CONFIDENTIAL' is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material 'CONFIDENTIAL – ATTORNEYS' EYES ONLY,' or to the extent such Protected Material includes, reproduces and/or contains highly sensitive and proprietary process steps such as run specifications or recipe, computer source code and/or live data (that is, data as it exists residing in a database or databases) and/or layout files (such as GDS, GDSII, OASIS, LAFF, or other comparable file types) ('Source Code Material'), the producing Party may designate such Protected Material as 'CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE.

Ex. A (Proposed Amended Protective Order with proposed amendment underlined). This Court routinely enters protective orders permitting the designation of these types of files as "source code" with the associated protections. It is also appropriate to do so here.

## I. BACKGROUND

Since early September 2024, non-party SDC has produced [redacted] documents in this case relating to the accused functionality of the displays in the accused products. SDC has designated the large majority of these documents as confidential or confidential – attorneys' eyes only and produced electronic copies to Pictiva.

[redacted] SDC seeks to protect three types of files under source code protections: GDS files, run specifications, and recipes. GDS, or Graphic Design System files, [redacted]

[redacted]

[redacted]

Pictiva reviewed the Source Code Files between December 2, 2024 and December 4, 2024. [redacted]

On December 17, 2024, Pictiva filed a Motion to Compel the redesignation of the Source Code Files. Dkt. 122. In its Motion, Pictiva argued that SDC "needs to move the Court to modify the PO if it believes the definition of 'Source Code Materials' should be expanded." Dkt. 122 at 5. SDC now moves the Court to amend the Protective Order to ensure adequate protection for

[redacted]

GDS files, run specifications, and recipes [redacted] to SDC's manufacturing processes. Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung Defendants") do not oppose this Motion.

## II. ARGUMENT

### A. The Three File Types SDC Seeks To Protect As Source Code Are Commonly Protected As Source Code

The categories of documents SDC seeks to maintain as Source Code Files – GDS files, recipes, and run specifications – are commonly protected as source code because they contain highly sensitive and proprietary information.

First, this Court, and others, routinely enter Protective Orders that recognize that GDS files are properly designated "Source Code Material" that should receive the highest level of security and care. *See, e.g., Redwood Techs., LLC v. Texas Instruments Inc.*, Case No. 2:23-cv-00135, Dkt. 27 at ¶ 8 (E.D. Tex. Aug. 11, 2023) ("Source Code Material includes instructions contained in files (such as . . . .gds files . . . and other computer aided design files . . . . The term "Chip-Level Schematics" shall refer to a subset of Source Code Material such as schematics and layout files (such as GDS . . . or other comparable file types)."); *Luminatronics LLC v. Texas Instruments Inc.*, Case No. 2:23-cv.0085, Dkt. 17 at ¶ 8 (E.D. Tex. June 21, 2023) (same); *Godo Kaisha IP Bridge 1 v. Intel Corp.*, Case No. 2:17-CV-00676-JRG-RSP, Dkt. 56 at ¶ 11 n.2 (E.D. Tex. Mar. 5, 2018) ("'source code' shall include . . . layout files (such as GDS . . . or other comparable file types)"); *see also* Ex. E, *Samsung Display Co. v. Solas Oled Ltd.*, No. 1:21-CV-07201 (LGS) (S.D.N.Y), Dkt. 52 at ¶ 7 (Nov. 5, 2021) (.gds files may be designated as Source Code). This level of protection is appropriate because [redacted]

[redacted]

[redacted] and are highly sensitive and proprietary.

Run specifications and recipe files are also properly protected as Source Code. Run specifications [redacted] Recipe files describe [redacted]

Accordingly, Protective Orders commonly [redacted] run specification documents to receive the same protections source code does. *See, e.g.*, *Greenthread, LLC v. Omnivision Techs., Inc. et al*, No. 2:23-cv-00212-JRG, Dkt. 52 at ¶ 15 (E.D. Tex. Aug. 21, 2023) ("A producing Party may designate as "HIGHLY SENSITIVE PROCESS INFORMATION" any Protected Material qualifying to be designated "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" to the extent such Protected Material includes, reproduces and/or contains highly sensitive and proprietary ***Detailed Process Flows***, a ***Recipe***, or Chip-Level Schematics, the producing Party may designate such Protected Material as 'HIGHLY SENSITIVE PROCESS INFORMATION.'") (emphasis added). SDC's run specifications and recipes similarly contain highly sensitive and proprietary information about [redacted]

### B. SDC Received Approval From The South Korean Government To Produce These Documents As Source Code

SDC's requested amendment to the Protective Order permits the continued orderly use of these files in this case. [redacted]

[redacted]

**C. The Terms Of The Current Protective Order Were Negotiated Between Pictiva And The Samsung Defendants Months Before Pictiva Served Its Subpoena On Non-Party SDC**

SDC should not be ordered to produce highly sensitive files with insufficient protections under a Protective Order it did not stipulate to. The terms of the current Protective Order were negotiated between Pictiva and the Samsung Defendants. Moreover, the Protective Order was entered in April 2024, nearly two months before Pictiva served its document subpoena on SDC. Accordingly, the parties had no reason to specify in the Protective Order that GDS files, run specification, and recipes—files that are responsive to a subpoena that had not yet been served—could be designated as Source Code. Now that SDC has produced these types of files in the case in response to Pictiva's subpoena, the Protective Order is properly amended to provide adequate protections that are routinely given to these type of files.

## III. CONCLUSION

For the foregoing reasons, SDC respectfully requests that the Court grant SDC's Motion to Amend the Protective Order and enter the attached Amended Protective Order (Exhibit A).

Dated: December 24, 2024

By: *\/s/ Lance Yang*

[redacted]

Melissa R. Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Phone: (903) 934-8450
Fax: (903) 934-9257

D. James Pak (admitted *pro hac vice*)
Lance Yang (admitted in E.D. Tex.)
Patrick Schmidt (admitted *pro hac vice*)
djamespak@quinnemanuel.com
lanceyang@quinnemanuel.com
patrickschmidt@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100

Sean S. Pak (admitted *pro hac vice*)
Melissa J. Baily (admitted in E.D. Tex.)
seanpak@quinnemanuel.com
melissabaily@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, California 94111
Tel: 415-875-6600
Fax: 415-875-6700

***Attorneys for Non-Party Samsung Display Co., Ltd.***

[redacted]

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on December 24, 2024, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

Dated: December 24, 2024

*/s/ Lance Yang*
Lance Yang

## CERTIFICATE OF AUTHORIZATION TO [redacted].

I hereby certify that the foregoing document is being [redacted] pursuant to the Protective Order entered in this matter.

Dated: December 24, 2024

*/s/ Lance Yang*
Lance Yang

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), the undersigned hereby certifies that counsel for the parties conducted a meet-and-confer regarding the issue of SDC's designation of GDS files, recipes, and run specification files as "Source Code." On December 11, 2024, counsel for SDC (Sean Pak, with others) participated in a telephonic conference with counsel for Pictiva (lead counsel Jason Sheasby, with others) regarding the issue of SDC's designation of GDS files, recipes, and run specification as "Source Code." On December 17, 2024, Pictiva filed a Motion to Compel the production of SDC's GDS files, recipes, and run specification files as "Attorneys' Eyes Only." Dkt. 122. In its Motion, Pictiva argued that SDC "needs to move the Court to modify the PO if it believes the definition of 'Source Code Materials' should be expanded." Dkt. 122 at 5. Accordingly, the parties are at impasse on the issues presented in this Motion. The Samsung Defendants do not

[redacted]

oppose this Motion.

Dated: December 24, 2024

*<u>/s/ Claire D. Hausman</u>*
Claire D. Hausman