**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **PICTIVA DISPLAY INTERNATIONAL LTD., and KEY PATENT INNOVATIONS LTD.,**<br><br>Plaintiff,<br><br>v.<br><br>**SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.**<br><br>Defendants. | Civil Action No. 2:23-cv-00495-JRG<br><br>JURY TRIAL DEMANDED |

**STIPULATED SUPPLEMENTAL PROTECTIVE ORDER BETWEEN NON-PARTY BATTELLE MEMORIAL INSTITUTE, PLAINTIFF, AND DEFENDANTS**

WHEREAS, the Court entered a Protective Order to protect Party and Non-party confidential business information in the above referenced action on April 26, 2024 ("Protective Order"); and

WHEREAS, Plaintiffs Pictiva Displays International Ltd. and Key Patent Innovations Ltd. (collectively "Pictiva") and Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively "Samsung") (together, hereinafter referred to as "the Parties"); and non-party Battelle Memorial Institute ("Battelle") may produce documents in this action governed by export control restrictions; and

WHEREAS the Parties and Batelle have agreed to provisions in addition to those contained in the Protective Order to govern such information (the Protective Order remains operative, but this document provides a supplement to it);

WHEREFORE, IT IS HEREBY ORDERED that HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – MAY BE SUBJECT TO EXPORT CONTROL material (as defined below) or documents which incorporate HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – MAY BE SUBJECT TO EXPORT CONTROL material produced in connection with the above-captioned matter be subject to the following restrictions:

(a) HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – MAY BE SUBJECT TO EXPORT CONTROL. Third parties may designate certain material as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – MAY BE SUBJECT TO EXPORT CONTROL ("HC-OCO-MBTEC") for any documents which may be subject to applicable laws and regulations of the United States including regulations relating to the export of technical data, including but not limited to the Export Administration Regulations ("EAR") and/or International Traffic in Arms Regulations ("ITAR").

(b) Secure Storage, No Export. HC-OCO-MBTEC must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order. HC-OCO-MBTEC may not leave the territorial boundaries of the United States of America. To ensure compliance with applicable EAR and ITAR, HC-OCO-MBTEC may not be exported outside the United States. HC-OCO-MBTEC may only be made available to individuals who are U.S. citizens or individuals who, although not a U.S. citizen, have permanent allegiance to the United States (such as a lawful permanent resident as defined by 8 U.S.C. 1101(a)(20) or a protected individual as defined by 8

U.S.C. 1324b(a)(3)); i.e., HC-OCO-MBTEC may not be released to any "Foreign Person" (even if within the United States), as that term is defined in the United States Export Administration Regulations ("EAR"). "Foreign Person" also includes firms or institutions organized or existing under the laws of a country other than the United States, including but not limited to any agency or instrumentality of a foreign government, and firms, institutions, or business organizations that are owned or substantially controlled by foreign governments, firms, institutions, or individuals. Each Party shall be responsible for its own compliance with Export Control Laws and Regulations including but not limited to the EAR and ITAR. For the avoidance of doubt, the definitions of "U.S. Person(s)" and "Foreign Person(s)" in the EAR shall apply to this Protective Order in determining the status of an individual, with the additional restrictions as set forth in this paragraph. Without limitation, these prohibitions extend to HC-OCO-MBTEC (including copies) in physical and electronic form, and any documents which incorporate HC-OCO-MBTEC. The viewing of Protected Information through electronic means outside the territorial limits of the United States of America is similarly prohibited.

To the extent there is any conflict between the provisions in the Protective Order and this supplement, the terms of this supplement govern.