UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| PICTIVA DISPLAYS INTERNATIONAL LTD. and KEY PATENT INNOVATIONS LTD., Plaintiffs, vs. SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC., Defendants. | ) | Civil Action No. 23-495-JRG [redacted] |

**PLAINTIFF PICTIVA'S MOTION FOR A PROTECTIVE ORDER REGARDING** [redacted]

**TABLE OF CONTENTS**

**Page**

I. Introduction .......... 1

II. Background .......... 1

III. Argument .......... 3

A. The Discovery Samsung Seeks is Irrelevant .......... 3

B. Samsung's Attorneys Cannot Ethically Seek This Discovery Against [redacted] .......... 4

IV. Conclusion .......... 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Am. Airlines, Inc.*,
972 F.2d 605 (5th Cir. 1992) ..... 4

*Art Akiane LLC v. Art & Soulworks LLC*,
2020 WL 5593242 (N.D. Ill. Sept. 18, 2020) ..... 3

*Dynamic 3D Geosolutions LLC v. Schlumberger Ltd. (Shlumberger N.V.)*,
837 F.3d 1280 (Fed. Cir. 2016) ..... 4, 5

*EEOC v. Exxon Corp.*,
202 F.3d 755 (5th Cir. 2000) ..... 4

*Fleet Connect Solutions LLC v. Waste Connections US, Inc.*,
2022 WL 2805132 (E.D. Tex. June 29, 2022 ..... 3

*Selby v. Revlon Consumer Products Corp.*,
6 F. Supp. 2d 577 (N.D. Tex. 1997) ..... 5

*United States v. Lucio*,
996 F. Supp. 2d 514 (S.D. Tex. 2013) ..... 4

**Other Authorities**

*Firm Quinn Emanuel, Litigation Funder Longford Ink $40 Mln Deal for Private Equity Clients*, Reuters (Apr. 11, 2024 2:48 PM EDT) ..... 2

Model Rule of Professional Conduct 1.7 ..... 4, 6

Texas Rule of Professional Conduct 1.06 ..... 4, 6

## I. INTRODUCTION

The law firm of Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn"), who represents Samsung in this case, currently represents [redacted]. At the recent deposition of Angela Quinlan, Managing Director of Plaintiffs, attorneys from Quinn questioned her at length regarding [redacted]. This questioning potentially implicated confidential information of [redacted] that Quinn learned through its representation of [redacted] Quinn has also served discovery requests for information regarding Key Patent's ownership structure, and moved to compel privileged information from Pictiva and Key Patent's board minutes, which implicates information over which [redacted] has a common interest. Plaintiffs believe that Quinn is unable to ethically seek out this discovery without acting adversely to [redacted] and that this presents an unavoidable risk of misuse of confidential information that Quinn obtained from its representation of [redacted]

Following the recent deposition, Plaintiffs notified counsel at Quinn that their questioning was not only irrelevant to any issue or claim in this case, but also improper in view of Quinn's current attorney-client relationship with [redacted] In view of upcoming depositions of additional Pictiva witnesses on March 14 and March 17, Plaintiffs sought an agreement that Quinn would not seek further irrelevant discovery regarding [redacted] In a meet and confer on March 12, Quinn refused to agree that it would not pursue this discovery. Plaintiffs therefore request a protective order to prevent Samsung from seeking additional discovery regarding [redacted] as it is both irrelevant and contrary to its attorneys' ethical obligations.

## II. BACKGROUND

Samsung is represented in this matter by Quinn. [redacted] is a current and long term client of Quinn. *See, e.g.*, [redacted]

[redacted]

Despite its obligations to [redacted] as a client, Quinn has sought extensive discovery in this matter regarding [redacted] On March 5, 2025, for example, attorneys from Quinn deposed Angela Quinlan, Plaintiffs' Managing Director. Ex. 1 [Quinlan Depo.] at 161:21–162:10. Ms. Quinlan was asked various questions about Key Patent's relationship with [redacted] including about the details of [redacted] and the corporate relationship and structure above Key Patent, as well as questions regarding [redacted] presence at board meetings in which Plaintiffs decided to sue Samsung. *See* Ex. 1 [Quinlan Depo.] 169:5–173:12. These questions were particularly concerning because Quinn has detailed knowledge related to [redacted] confidential legal and business strategies due to its current and prior representation of them, and it appears that Quinn was using that information to inform its questions in this case.

Additionally, Samsung through Quinn has served interrogatories requesting detailed information about Key Patent's relationship with its affiliates, including [redacted] In particular, Samsung's Interrogatory No. 33 requests that Plaintiffs

> Describe in detail KPI's past and present corporate organizational structure, including (a) the identity of all past and present incorporators, shareholders, parents, subsidiaries, predecessors in interest, successors in interest, and affiliates, including when such relationships began and how long they lasted; (b) the identity and current location of all past and present incorporators, officers, directors, agents, or employees; (c) all agreements between KPI and/or any person who has or previously held a financial, ownership, or other interest in KPI or in the Patents-in-Suit; and (d) any other agreements related to the Patents-in-Suit, or any application and/or patent related to the Patents-in-Suit.

## III. ARGUMENT

### A. The Discovery Samsung Seeks is Irrelevant

[redacted] interest in Key Patent is not relevant to the present litigation. Samsung has not suggested that [redacted] has any relationship to Key Patent relative to this case [redacted]. This Court's standing order in patent cases makes clear that parties "shall be precluded from introducing evidence, testimony, or argument regarding funding of litigation." Standing Order on Motions *In Limine* In Cases Involving Allegations of Patent Infringement at 3.

This Court has accordingly precluded discovery regarding the sources of a plaintiff's litigation funding. In *Fleet Connect Solutions LLC v. Waste Connections US, Inc.*, the defendant moved to compel discovery of "litigation funding agreements related to the Asserted Patents or the current litigation." 2022 WL 2805132, at *2 (E.D. Tex. June 29, 2022) (Gilstrap, J.). The Court denied the motion, explaining that such documents were not "relevant to the claims or defenses in this action." *Id.* at *3. And this Court dismissed as pretextual the defendant's argument that they merely sought to "determin[e] ownership of the Asserted Patents," characterizing this argument as a "guise" to "engage in a fishing expedition." *Id.*; *see also Art Akiane LLC v. Art & Soulworks LLC*, 2020 WL 5593242, at *6 (N.D. Ill. Sept. 18, 2020) ("In most instances, the real (not theoretical) significance and purpose of the inquiry is to learn *whether* litigation funding is involved in the case. That knowledge would allow the inquiring party to learn whether its opponent has financial difficulties. . . . But those facts are

'irrelevant'—and potentially harmful to the party obtaining litigation funding—without legitimately advancing the purposes of litigation or of defense one whit.").

The same reasoning applies here. Discovery regarding Plaintiffs' investors or funding sources has no relevance to the claims or defenses at issue in this case.

### B. Samsung's Attorneys Cannot Ethically Seek This Discovery Against [redacted]

Counsel's conduct before this court is governed "not only by the local ethical rules, but also by ethical rules announced by the national legal profession in light of the public interest and the litigants' rights." *EEOC v. Exxon Corp.*, 202 F.3d 755, 759 (5th Cir. 2000) (applying these rules in "determining the propriety" of a former government attorney's testimony on behalf of a private party). This includes rules regarding conflicts of interest. *See In re Am. Airlines, Inc.*, 972 F.2d 605, 614–28 (5th Cir. 1992) (applying Texas and model rules to disqualify counsel from representing a client adverse to a former client in a "substantially related" matter). Relevant here, The ABA's Model Rule of Professional Conduct 1.7 provides:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> > (1) the representation of one client will be directly adverse to another client; or
> >
> > (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

Texas Rule of Professional Conduct 1.06 contains similar restrictions. *See United States v. Lucio*, 996 F. Supp. 2d 514, 524 (S.D. Tex. 2013) (applying Model Rule 1.7 to a concurrent conflict of interests). This conflict is imputed to all attorneys at a firm when "any one of them practicing alone would be prohibited from" representing a client under this rule. *See Dynamic 3D Geosolutions LLC v. Schlumberger*

*Ltd. (Shlumberger N.V.)*, 837 F.3d 1280, 1285 (Fed. Cir. 2016) (quoting Model Rule of Professional Conduct 1.10) (applying Fifth Circuit law to a disqualification motion).

Courts may issue protective orders to prevent discovery that would violate these rules. For example, in *Selby v. Revlon Consumer Products Corp.*, a district court granted a protective order prohibiting a plaintiff's attorney and "anyone in his law firm" from deposing a former co-plaintiff whom the attorney had also represented. 6 F. Supp. 2d 577, 582 (N.D. Tex. 1997). Quoting the ABA's Committee on Ethics, the district court explained:

> [E]xamining one's own client as an adverse witness on behalf of another client, or conducting third party discovery of one client on behalf of another client, is likely (1) to pit the duty of loyalty to each client against the duty of loyalty to the other; (2) to risk breaching the duty of confidentiality to the client-witness . . . [which is] likely to present a direct adverseness of interest.

*Id.* at 581 (quoting ABA Comm. on Ethics and Professional Responsibility, Formal Op. 92–367 (1992), reprinted in ABA/BNA Lawyers' Manual on Professional Conduct at 1001:151 (1993)) (alterations in original).

Those same concerns are present here. The discovery Quinn is seeking on behalf of Samsung puts it in a position adverse to [redacted] and risks disclosing [redacted] confidential information. For example, Samsung has moved to compel the disclosure of privileged records of Key Patent's and Pictiva's board [redacted], according to Ms. Quinlan's deposition testimony. Quinlan Dep. at 169:6–22. Additionally, there is an unavoidable risk that Quinn could "use information relating to the representation" of [redacted] "to the disadvantage of" [redacted] *Dynamic 3D Geosolutions LLC*, 837 F.3d at 1285 (quoting Model Rule of Professional Conduct 1.9). During a deposition, for example, Quinn may ask questions designed to elicit confidential information that it already knows by virtue of its representation of [redacted] Indeed, this potentially already occurred during the deposition of Ms. Quinlan.

During the parties' meet and confer, Quinn pointed to an alleged waiver. Under Texas Rule of Professional Conduct 1.06, to proceed with discovery involving its current client [redacted] Quinn would need to show that "each affected or potentially affected client consents to such representation after full disclosure of the existence, nature, implications, and possible adverse consequences of the common representation and the advantages involved, if any." ABA Rule 1.7 likewise requires "each affected client gives informed consent, confirmed in writing." But the only waiver that Quinn has provided evidence of in this case is a conflict waiver from Pictiva related to prior work that Quinn did for Pictiva related to the acquisition of the OSRAM patents. It has not provided any evidence of informed consent, confirmed in writing from both Samsung and [redacted] after full disclosure of the items required by the Texas rule.

In short, there are serious ethical concerns with attorneys from Quinn being permitted to seek discovery concerning its own client ([redacted] on behalf of a different client. This not only risks misuse of confidential client information, but is unnecessary in view of the lack of any relevance of this information to the case.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request a protective order preventing Samsung from seeking further discovery regarding [redacted]

Dated: March 13, 2025

Respectfully submitted,

*/s/ Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)
hzhong@irell.com
Rebecca Carson (*pro hac vice*)
rcarson@irell.com
Jie Gao (*pro hac vice*)
jgao@irell.com
Jeffrey Linxwiler (*pro hac vice*)
jlinxwiler@irell.com
Michael Tezyan
mtezyan@irell.com (*pro hac vice*)

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

***Attorneys for Plaintiffs***

[redacted]

[redacted]

## CERTIFICATE OF SERVICE

I hereby certify that, on March 13, 2025, a copy of the foregoing was served to all counsel of record via Email as agreed by the parties.

*/s/ Jason G. Sheasby*
Jason G. Sheasby

## CERTIFICATE OF CONFERENCE

I hereby certify that, on March 12, 2025, counsel for Pictiva met and conferred with Samsung's counsel regarding the subject matter of Pictvia's motion. Samsung opposes Pictiva's motion.

*/s/ Jason G. Sheasby*
Jason G. Sheasby