## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **PICTIVA DISPLAYS INTERNATIONAL LTD., KEY PATENT INNOVATIONS LIMITED** | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 2:23-cv-00495-JRG (LEAD CASE) |
| v. | ) ) | JURY TRIAL DEMANDED |
| **SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.** | ) ) ) ) | ████████████████ |
| Defendants. | ) ) ) | |

| | | |
|---|---|---|
| **PICTIVA DISPLAYS INTERNATIONAL LTD., KEY PATENT INNOVATIONS LIMITED** | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 2:23-cv-00532-JRG (MEMBER CASE) |
| v. | ) ) | JURY TRIAL DEMANDED |
| **SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.** | ) ) ) ) | ████████████████ |
| Defendants. | ) ) | |

## PLAINTIFFS' SUR-REPLY TO DEFENDANTS' MOTION TO STRIKE AND EXCLUDE THE TESTIMONY OF PLAINTIFFS' DAMAGES EXPERT DAVID KENNEDY

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

I.      Mr. Kennedy's Apportionment Approach Complies with Federal Circuit Law......................1

II.     Mr. Kennedy's Application of The Survey Results Is Sound and Reliable............................1

III.    Mr. Kennedy's Additional Apportionments Are Reliable..........................................................3

IV.     Mr. Kennedy Opinions On ████████████████ Are Sound.................4

V.      Mr. Kennedy's Hypothetical Negotiation Date Analysis Is Proper...........................................4

VI.     Mr. Kennedy's Opinions On Marking, Notice and Willfulness Are Proper. ..........................5

## **<u>TABLE OF AUTHORITIES</u>**

**Page(s)**

**Cases**

*GREE, Inc. v. Supercell Oy,*
  2020 WL 4288350 (E.D. Tex. July 27, 2020) ...................................................................5

*IPA Techs. Inc. v. Microsoft Corp.,*
  2024 WL 1797394 (D. Del. Apr. 25, 2024) ......................................................................2

*Monsanto Co. v. McFarling,*
  488 F.3d 973 (Fed. Cir. 2007) .........................................................................................1

*Multimedia Techs. Pte. Ltd. v. LG Elecs. Inc.,*
  2025 WL 436926 (E.D. Tex. Feb. 7, 2025) .....................................................................2

*Papst Licensing GmbH & Co., KG v. Samsung Elecs. Co., Ltd.,*
  403 F. Supp. 3d 571 (E.D. Tex. 2019) .............................................................................3

*Realtime Data LLC v. EchoStar Corp.,*
  No. 6:17-CV-00084, 2018 WL 6266301 (E.D. Tex. Nov. 15, 2018) ...............................1

*Scott Fetzer Co. v. House of Vacuums Inc.,*
  381 F.3d 477 (5th Cir. 2004)............................................................................................2

## I.    Mr. Kennedy's Apportionment Approach Complies with Federal Circuit Law.

Samsung does not dispute the requirement to "carefully tie proof of damages to the claimed invention's footprint" can be met by comparing the value obtained from infringement to the value that could have been achieved using an NIA. *Monsanto Co. v. McFarling*, 488 F.3d 973, 980 (Fed. Cir. 2007). Nor does Samsung dispute that this is the methodology used by Plaintiffs' experts. Instead, it complains about the inputs Mr. Kennedy relies on from Plaintiffs' technical experts. But as detailed in Dkts. 279 and 286, Samsung's complaints about their technical benefits analyses are nothing more than factual disputes and disagreements with their conclusions. Such "factual disputes relating to Mr. [Kennedy's] underlying data, however, go to the weight of the evidence, not its admissibility." *Realtime Data LLC v. EchoStar Corp.*, 2018 WL 6266301, at *8-9 (E.D. Tex. Nov. 15, 2018) (denying motion to exclude over argument that "35 percent technical benefit" was based on unreliable data/assumptions). Moreover, Mr. Kennedy's opinions do not "rise and fall" with the opinions of Plaintiffs' technical experts as Samsung suggests. Rather, as explained in the Opposition, Samsung's own documents contain comparisons between the accused products and NIAs that independently provide support.[1]

## II.    Mr. Kennedy's Application of The Survey Results Is Sound and Reliable.

Samsung does not dispute that the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓    *See* Dkt. 277 at 2. It nevertheless continues to quibble with Mr. Kennedy's decision to linearly interpolate or extrapolate the results to account for the slight variations in certain scenarios

---

[1] Dkts. 277-6 (Katona Op. Rpt.) ¶ 1577 (identifying ▓▓▓▓▓▓▓▓▓▓▓▓▓ as an NIA for '547 Patent); 277-7 (PICTSAMSUNGEDTX359334) & 277-8 (PICTSAMSUNGEDTX320253) ▓▓▓▓▓▓▓▓ 277-9 (Kymissis Op. Rpt.) ¶ 1012 (identifying devices ▓▓▓▓▓▓▓▓▓▓ as an NIA for '164 Patent); 277-10 (SDC_00045425) at 45432–33 & 277-11 (Humphrey Op. Rpt., Ex. A) at 192-194 (▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓); 277-12 at 3-6 ▓▓▓▓▓▓▓▓▓▓▓▓.

between the precise percentages and the rounded numbers Dr. Marais tested.[2]  But apportionment does not require "absolute precision," as "it is well-understood that this process may involve some degree of approximation and uncertainty."  *Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1328 (Fed. Cir. 2014); *Whitserve, LLC v. Comput. Packages, Inc.*, 694 F.3d 10, 31 (Fed. Cir. 2012) ("[M]athematical precision is not required.").  And, while Samsung criticizes Mr. Kennedy's assumption, it fails to engage with the fact that using the alternative assumption suggested by its own expert has a minimal impact on Mr. Kennedy's overall calculations.  Dkts. 277 at 8–9; 277-14 (████████████████ ████████████████).  Courts have repeatedly held that these kinds of disputes about the interpretation and use of a survey "bear on the weight [a] survey should receive, not the survey's admissibility." *Scott Fetzer Co. v. House of Vacuums Inc.*, 381 F.3d 477, 488 (5th Cir. 2004); *Multimedia Techs. Pte. Ltd. v. LG Elecs. Inc.*, 2025 WL 436926, at *4 (E.D. Tex. Feb. 7, 2025) (objections to damages expert's use of survey results "go towards the credibility of [the expert's] report, not its admissibility").

Samsung also complains that Mr. Kennedy did not adequately explain his assumption in his report.  But linearity is well-known in the field of economics and surveys, and Mr. Kennedy clearly pointed out each instance where he interpolated and extrapolated.  Dkts. 277-2 (Kennedy Rpt.) ¶ 151 ████████████████████████████████████████████████ ████████████ 237-3 (Exhibits) at Ex. 5B.164.B (noting where values are based on "[i]nterpolation or extrapolation"); *IPA Techs. Inc. v. Microsoft Corp.*, 2024 WL 1797394, at *21–22 (D. Del. Apr. 25, 2024) (use of "adjustment factor" to extract value of patented features from survey was admissible, even where expert did not "describe her thought process because the underlying principles behind the

---

[2] Because there are three separate patents that each enable different ranges of power benefits, it would have been impractical for Dr. Marais to test all individual and combined values ████████ ████████████.  As shown in the chart in Plaintiffs' Opposition, however, the rounded numbers he tested were closely tied to the (1) highest individual benefit, and (2) the cumulative benefit, which are the numbers Mr. Kennedy relies on for a negotiation involving all patents.  Dkt. 277 at 7.

adjustment factor were well-known in her field"). If Samsung disagrees with Mr. Kennedy's decision to extrapolate/interpolate, the proper way to challenge it is via cross-examination. *Papst Licensing GmbH & Co., KG v. Samsung Elecs. Co., Ltd.*, 403 F. Supp. 3d 571, 606 (E.D. Tex. 2019) (disputes about use of "survey data that can be reasonably extrapolated" were "properly evaluated by the jury").

**III.    Mr. Kennedy's Additional Apportionments Are Reliable.**

Samsung's assertion that Plaintiffs "offer no rebuttal" to Samsung's arguments regarding Mr. Kennedy's use of the lowest average sales price and incremental discount levels and that "[e]xclusion is warranted on that basis alone" makes no sense. Dkt. 305 (Reply) at 3. In its Motion, Samsung merely stated that these are "not apportionment steps," not that they are somehow unreliable. Mr. Kennedy provides a detailed explanation for why he took these steps. Dkt. 277-2 (Kennedy Rpt.) ¶ 153-58, 162, 203. And, had he not made these conservative assumptions, Samsung surely would have complained that his analysis included value not attributable to the Asserted Patents and/or overstated damages.

As to the other apportionments, Samsung does not dispute this Court has previously found Mr. Kennedy's methodology reliable and admissible. Dkt. 277 (Opp.) at 11–12 (citing multiple cases). Instead, it claims these cases are "inapplicable" because it supposedly identified its "own technical contributions to the accused products" in an interrogatory. Dkt. 305 (Reply) at 3–4. But that response addresses patents owned by SDC, not Samsung. And Samsung has repeatedly argued SDC is an independent, third party. Dkt. 54 at 2 ███████████████████████████████ ███████████████████████████), 6 (SDC is ████████████████████████ ███████); Dkt. 242 at 8 (same). Samsung's corporate representative on this issue could not identify a single Samsung patent that covers the accused products. Dkt. 277-15 (2025-03-11 Kim Dep. Tr.) at 60:17-61:5. Even if the SDC patents were relevant, the response merely regurgitates information from SDC's marking website, which explicitly notes the listed patents are ████████████████████████ ███████████████████████████████████████████ Dkt. 317-5. Moreover, Mr. Kennedy's

methodology is designed to account for situations where (as here) the licensee vaguely points to alleged contributions without offering data quantifying them. Dkt. 277-2 (Kennedy Rpt.) ¶¶ 153, 168.

**IV.   Mr. Kennedy Opinions On** ███████████████████████████████ **Are Sound.**

Samsung's suggestion that the different rates Mr. Kennedy proposes for ███████████████

"disprove[s]" his opinions on other products reflects a fundamental misunderstanding of his analysis.

Mr. Kennedy did not opine that it would be reasonable to use the rates he derived for ***any and all***

product categories.  Rather, he opined ████████████████████████████████████

███████████████████████████████████████████. *Id.* (Kennedy Rpt.) ¶¶196,

226.  Given the similarities between the products in each of these groups, his opinion is well grounded,

particularly in view of his reliance on real world licensing experience. *Id.* at ¶¶ 195, 226 ████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████). Samsung's

suggestion that Mr. Kennedy didn't ██████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████ *See id.* ¶¶196, 227, 336-37, 360-65.

**V.   Mr. Kennedy's Hypothetical Negotiation Date Analysis Is Proper.**

Samsung fails to engage with the fact that Mr. Kennedy bases his hypothetical negotiation date

directly on the opinions of Dr. Schanze and Mr. Humphrey, who identified the ████████████████

████████████████████ as infringing the '223 and '389 patents, respectively.  Dkts. 277-18

(Schanze Op., Ex. C) at ¶ 1 n.2 ████████████████████████████████

██████████████████████████████████ 277-19 (Humphrey Op.,

Ex. B) at 9 & 277-20 (Humphrey Op., Ex. B-3) ██████████████████████████████

████████████████████). Samsung's technical experts did not rebut these opinions;

nor did Samsung move to strike them or move for summary judgement. Thus, Mr. Kennedy's opinion is grounded in the evidence and it is Samsung's expert, not Mr. Kennedy, who used the wrong date.

Samsung instead reverts back to the argument that—even though Plaintiffs' contentions defined accused products as ████████████████████████████████████████ ███████████████ ████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ██████████████████████████████████ throughout the case. *See* Ex. 21. In any event, it is undisputed that Mr. Kennedy considered other dates, and confirmed his opinion would not change if the Court determines one of those later dates applies, which renders Samsung's request to exclude his testimony on this basis moot. Dkt. 277-2 ¶ 614, n.692; *id.* ¶ 617 (opinions would not change with separate negotiations for each patent, including those occurring in 2022 or 2023).

## VI.  Mr. Kennedy's Opinions On Marking, Notice and Willfulness Are Proper.

Samsung does not dispute that experts are allowed to "opine . . . on the underlying facts that may show a party's state of mind" for purposes of notice and willfulness. *GREE, Inc. v. Supercell Oy*, 2020 WL 4288350, at *3 (E.D. Tex. July 27, 2020) (citing *Spreadsheet Automation Corp. v. Microsoft Corp.*, 587 F. Supp. 2d 794, 803 (E.D. Tex. 2007)). This is precisely what Mr. Kennedy's does, he identifies specific facts showing notice of its infringement, including the multiple communications Pictiva sent to Samsung informing it of its infringement, as well as Samsung's independent discovery of the '547 and '164 Patents. Dkt. 277-2 (Kennedy Rpt.) ¶¶ 47–68. Samsung's suggestion that *GREE*'s is limited to "technical" experts who provide infringement opinions is not true. The *Spreadsheet* case cited by *GREE* involved a willfulness expert who explained "aspects of patent prosecution." 587 F. Supp. 2d at 799. Moreover, Samsung provides no substantive response whatsoever to Pictiva's arguments regarding why the ████████████████ do not bar Mr. Kennedy's testimony. *See* Dkt. 305 at 5.

Dated: June 6, 2025                    Respectfully submitted,

                                       */s/ Rebecca Carson*
                                       _____

                                       Samuel F. Baxter
                                       Texas State Bar No. 01938000
                                       sbaxter@mckoolsmith.com
                                       Jennifer L. Truelove
                                       Texas State Bar No. 24012906
                                       jtruelove@mckoolsmith.com
                                       **MCKOOL SMITH, P.C.**
                                       104 East Houston Street Suite 300
                                       Marshall, TX 75670
                                       Telephone: (903) 923-9000
                                       Facsimile: (903) 923-9099

                                       Jason G. Sheasby (*pro hac vice*)
                                       jsheasby@irell.com
                                       Annita Zhong, Ph.D. (*pro hac vice*)
                                       hzhong@irell.com
                                       Rebecca Carson (*pro hac vice*)
                                       rcarson@irell.com
                                       Jie Gao (*pro hac vice*)
                                       jgao@irell.com
                                       Jeffrey Linxwiler (*pro hac vice*)
                                       jlinxwiler@irell.com
                                       Michael W. Tezyan (*pro hac vice*)
                                       mtezyan@irell.com

                                       **IRELL & MANELLA LLP**
                                       1800 Avenue of the Stars, Suite 900
                                       Los Angeles, CA 90067
                                       Tel. (310) 277-1010
                                       Fax (310) 203-7199

                                       *Attorneys for Plaintiffs Pictiva Displays*
                                       *International Ltd. and Key Patent Innovations*
                                       *Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 6, 2025, a copy of the foregoing was served to all counsel of record.

*/s/ Rebecca Carson*
Rebecca Carson