# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| PICTIVA DISPLAYS INTERNATIONAL LTD, KEY PATENT INNOVATIONS LIMITED,<br><br>*Plaintiffs*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO. LTD., SAMSUNG ELECTRONICS AMERICA, INC.<br><br>*Defendant*. | § § § § § § § § § § § § § §<br><br>Case No. 2:23-cv-00495-JRG-RSP |

## ORDER ON MOTIONS *IN LIMINE*

The Court held a Pretrial Conference in the above-captioned case on June 27, 2025, and addressed the motions *in limine* filed by Plaintiffs Pictiva Displays International Ltd and Key Patent Innovations Limited (Dkt. No. 358) and Defendants Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc. (Dkt. No. 354). This Order summarizes and memorializes the Court's rulings and reasons at the hearing, including additional instructions given to the parties, and also gives the Court's rulings on the motions resolved on the briefing. While this Order memorializes such rulings, it in no way limits or constrains the Court's rulings as announced into the record from the bench. Further, a party must approach the bench before introducing evidence or argument about the subject matter of a motion *in limine* that has been granted. Accordingly, it is hereby **ORDERED** as follows:

**A. Pictiva's Motions *in Limine* (Dkt. No. 358)**

   1. <u>Plaintiff's</u> **MIL No. 1**: Preclude Any Evidence That SDC Told Samsung That the Asserted Patents Were Not Infringed or Were Invalid as a Basis for Non-Willfulness.

This motion *in limine* is **GRANTED** as to any evidence that Samsung Display Co. told the Defendants that the asserted patents were not infringed or were invalid. This ruling is based on the assertion of privilege to deposition questions on this topic, and does not prevent Defendants from describing the relevant relationship with Samsung Display.

2. Plaintiff's **MIL No. 2**: Preclude Any Fact Witness Assertion That Any Samsung, SDC or Other Third Party Patent Is Practiced by the Accused Products.

This motion *in limine* is **GRANTED** as to testimony by a fact witness that the accused products practice any particular patent (because that is inherently an opinion, and has not been disclosed).

3. Plaintiff's **MIL No. 3**: Preclude Samsung's Fact Witnesses from Testifying About Technical Features of Clix2 for Which They Disclaimed Knowledge.

This motion *in limine* was initially carried by is hereby **DENIED**. The Court finds that, while a close question, Defendants did give sufficiently timely notice of their early reliance on the M1-B process underlying Cliz2; and that the evidence of insufficient deposition answers is not persuasive.

4. Plaintiff's **MIL No. 4**: Preclude Samsung's "Fact" Witness Antoniadis from Testifying as an Expert Witness on OSRAM Patents.

This motion *in limine* is **DENIED**. In addition to any relevant fact testimony that may be elicited based on his employment with OSRAM and others, the witness will be allowed to provide expert testimony within the four corners of his expert report.

5. Plaintiff's **MIL No. 5**: Preclude Evidence/Argument Suggesting It Was Improper for Plaintiffs to Sue SEC/SEA Instead Of SDC.

This motion *in limine* is **GRANTED** to the extent that the Defendants shall not imply that Plaintiff *should* have sued SDC or any other entity. This does not prevent evidence about SDC or other entities.

**B. Samsung's Motions *in Limine* (Dkt. No. 354)**

1. <u>Defendants' **MIL No. 1**</u>: Exclusion of Evidence, Argument, or Testimony Which Are Barred by an NDA and by a "No Notice" Provision.

This motion *in limine* was initially carried but is now **GRANTED** in part to the extent that discussions and related information shared between OSRAM on the one hand, and Defendants, on the other hand, during Samsung's 2018 negotiations with OSRAM concerning potential purchase of patents (including the asserted patents) shall not be used by Plaintiffs to establish *notice* to Defendants of the patents offered for sale to Samsung.[1] This order does not prevent the use of such information for any other *relevant* purposes, including the determination of a reasonable royalty.

2. <u>Defendants' **MIL No. 2**</u>: Exclusion of Evidence, Argument, or Testimony Regarding Samsung's Overall Product Revenues or Profits.

This motion *in limine* is **GRANTED** as to overall revenue from sale of the accused products. Plaintiffs have leave to supplement Mr. Kennedy's Schedules to remove mention of total revenue.

---

[1] The Court finds that Pictiva has not been shown to be bound by the NDA between OSRAM and Samsung (Dkt. No. 354-3). The Patent Purchase Agreement (PPA) between OSRAM and DH5 (the predecessor of Pictiva) (Dkt. No. 354-4) defines "encumbrances" in a way that does not include the NDA. However, the PPA does appear to extend certain rights to "Interested Parties," including the protection against using negotiations by OSRAM with other prospective purchasers as "notice." Samsung appears to qualify as an "Interested Party."

3. <u>Defendants' **MIL No. 3**</u>: Exclusion of Evidence, Argument, or Testimony on a Corporate Representative's Lack of Knowledge Outside of Personal Knowledge or 30(b)(6) Topics.

This motion *in limine* is **GRANTED.**

4. <u>Defendants' **MIL No. 4**</u>: Limiting Fact Witness Dieter Boss from Offering Expert Testimony at Trial.

This motion *in limine* is **DENIED** without prejudice as unnecessary. The witness provided no expert report and therefore may not offer opinion testimony. Any objections to opinion questions will be taken up with regard to deposition designations or live at trial.

5. <u>Defendants' **MIL No. 5**</u>: Exclusion of Evidence, Testimony, Argument, or Suggestion that Samsung Does Not Generally Respect Intellectual Property, as a Clarification of Court Standard MIL No. 9.

This motion *in limine* is **GRANTED** but does not limit Plaintiffs' ability to contend that Samsung has violated Plaintiffs' intellectual property rights in this case.

**SIGNED this 29th day of June, 2025.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE