**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **PICTIVA DISPLAYS INTERNATIONAL LTD., KEY PATENT INNOVATIONS LIMITED,** | ) | |
| *Plaintiffs*, | ) | Civil Action No. 2:23-cv-00495-JRG |
| v. | ) | |
| **SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.** | ) | JURY TRIAL DEMANDED |
| *Defendants*. | ) | |

**SAMSUNG'S MOTION FOR LEAVE TO FILE A MOTION FOR**
**SUMMARY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,723,164**

## I. INTRODUCTION

Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung") seek leave to file a motion for summary judgment of non-infringement of U.S. Patent No. 8,723,164 ("'164 patent"). On March 27, 2025, Plaintiffs served Mr. Humphrey's infringement report for the '164 patent. Mr. Humphrey only applied Plaintiffs' proposed construction for "matrix material" and failed to assert infringement under Samsung's proposed construction. On June 27, 2025, after the deadline for dispositive motions, the Court issued a claim construction ruling that adopted Samsung's proposed construction and expressly rejected the construction on which Mr. Humphrey's infringement theory is based. Samsung did not previously file the instant motion for summary judgment because the deadline for dispositive motions passed before the Court issued its claim construction ruling.

Now, having the benefit of the Court's claim construction order, Samsung respectfully seeks leave to file its motion for summary judgment and for a corresponding 13-page increase in the total page limits on summary judgment briefing. Additionally, given the currently scheduled trial date, Samsung respectfully requests that the Court set an appropriate briefing schedule for Samsung's motion for summary judgment if leave to file is granted.

## II. LEGAL STANDARD

District courts have broad discretion to determine their own dockets as warranted. *Edwards v. Cass Cnty., Tex.*, 919 F.2d 273, 275 (5th Cir. 1990). When a party moves to file a dispositive motion after a deadline set by the court, Federal Rules of Civil Procedure 6(b) and 16(b)(4) govern. To modify a scheduling order pursuant to Rule 16(b)(4), the moving party must show good cause. *See S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003). A party may also be granted leave to file a dispositive motion after the

deadline for doing so has passed under Rule 6(b) on grounds of excusable neglect. Fed. R. Civ. P. 6(b). Whether evaluating good cause or excusable neglect, courts in this circuit generally consider the same four factors: (1) the explanation for the failure to meet the deadline; (2) the importance of the modification of the deadline; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice. *See Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997).

## III. ARGUMENT

Samsung respectfully requests that the Court grant it leave to file a motion for summary judgment of non-infringement of the '164 patent as proper under both Rule 6(b) and Rule 16(b)(4).

First, Samsung's failure to submit its motion for summary judgment of non-infringement of the '164 patent before the deadline for dispositive motions was not the result of delay, lack of diligence, or negligence. Samsung's motion is based on the Court's June 27, 2025 construction of "matrix material," which was not available at the previous dispositive motion deadline. *See Ortiz v. Minnesota Life Ins. Co.*, No. 420CV00923SDJCAN, 2023 WL 3993047, at *2 (E.D. Tex. June 9, 2023) (first factor weighed in favor of granting leave when basis for motion was not available until after deadlines had passed). Although the parties had briefed and argued their proposed claim constructions at that point, the construction of "matrix material" remained disputed. A motion for summary judgment on Samsung's proposed construction was thus not ripe when dispositive motions were due. *See Dexas Int'l, Ltd. v. Saunders Mfg. Co.*, No. CIV.A.3:07-CV-0296-O, 2008 WL 4526132, at *7 (N.D. Tex. Oct. 7, 2008) (motion for summary judgment denied as premature when filed before claim construction rulings had been made). Courts have granted defendants leave to file non-infringement summary judgment motions after claims have been construed, and Samsung requests that the Court do the same here. *See PA Advisors, LLC v. Google, Inc.*, 706 F.

Supp. 2d 739, 742 (E.D. Tex. March 11, 2010) (leave to file summary judgment motions of non-infringement was granted after claim construction ruling, and motions resulted in summary judgment of non-infringement).

Second, Samsung's motion for summary judgment is important. The motion seeks summary judgment on all of Plaintiffs' infringement claims under the '164 patent (resolving all asserted patent claims of the '164 patent against all accused products). The motion thus goes straight to the question of liability and, if granted, will decrease the number of patents for trial from five to four. *See Adrian-Favela v. Empire Scaffold, LLC*, No. 1:13-CV-377, 2015 WL 13694647, at *5 (E.D. Tex. Feb. 13, 2015) (partial summary judgment motion was important to outcome of the case because it went straight to liability); *Gaalla v. Citizens Med. Ctr.*, No. CIV.A. V-10-14, 2012 WL 1414281, at *2 (S.D. Tex. Apr. 19, 2012) (granting motion for leave in part because requested summary judgment motion was important, as it would immediately remove claims if granted).

Third, Plaintiffs will suffer no prejudice or surprise if leave is granted. Samsung's motion is narrowly tailored on a discrete issue: whether summary judgment of non-infringement should be granted in light of the Court's construction of "matrix material." Plaintiffs have known of Samsung's position with regard to the "matrix material" since at least October 2024, when the parties exchanged their proposed constructions. Plaintiffs' expert chose not to assert an infringement theory under Samsung's proposed construction. On May 9, 2025, Samsung conditionally moved to strike Mr. Humphrey's infringement theories to the extent the Court adopted Samsung's constructions for the '164 patent. Dkt. 239 at 14. On July 11, 2025, Samsung informed the Court and Plaintiffs of its intent to seek leave to file a motion for summary judgment during the pre-trial conference. Although trial is currently scheduled to begin on August 14, 2025,

Samsung is concurrently requesting an appropriate briefing schedule to provide Plaintiffs with the opportunity to fully brief the requested relief. Samsung has also moved for expedited briefing on this motion for leave, which Plaintiffs do not oppose.

Finally, any prejudice Samsung's motion for summary judgment may cause can be cured with an appropriate briefing schedule.

## IV. CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court grant it leave to file its motion for summary judgment of non-infringement on all asserted claims of the '164 patent. Samsung also respectfully requests that the Court set an appropriate briefing schedule for the motion for summary judgment given the trial date for this case.

Dated: July 18, 2025

By: *_/s/ Lance Yang_*

Melissa R. Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Phone: (903) 934-8450
Fax: (903) 934-9257

D. James Pak (admitted *pro hac vice*)
Lance Yang (admitted in E.D. Tex.)
Patrick Schmidt (admitted *pro hac vice*)
djamespak@quinnemanuel.com
lanceyang@quinnemanuel.com
patrickschmidt@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100

---

Sean S. Pak (admitted *pro hac vice*)
Melissa J. Baily (admitted in E.D. Tex.)
seanpak@quinnemanuel.com
melissabaily@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, California 94111
Tel: 415-875-6600
Fax: 415-875-6700

John Bash
Texas State Bar No. 24067504
johnbash@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
300 West 6th Street, Suite 2010
Austin, Texas 78701-3901
Phone: (737) 667-6100
Fax: (737) 667-6110

***Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.***

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on July 18, 2025, all counsel of record who have appeared in this action are being served with a copy of the foregoing via the Court's CM/ECF system.

Dated: July 18, 2025

*/s/ Melissa R. Smith*
Melissa R. Smith

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(i), the undersigned hereby certifies that counsel for the parties satisfied the Court's meet-and-confer obligations. Samsung notified Plaintiffs during the July 11, 2025 pre-trial conference that it would file this motion for leave, and Plaintiffs indicated that they would oppose. Samsung sent an email to Plaintiffs confirming this understanding of Plaintiffs' opposition.

Dated: July 18, 2025

*/s/ Lance Yang*
Lance Yang