**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **PICTIVA DISPLAYS INTERNATIONAL LTD., KEY PATENT INNOVATIONS LIMITED** | |
| Plaintiffs, | Civil Action No. 2:23-cv-00495-JRG |
| v. | |
| | JURY TRIAL DEMANDED |
| **SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.** | [redacted] |
| Defendants. | |

**PLAINTIFFS' OPPOSITION TO SAMSUNG'S MOTON FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,723,164**

**TABLE OF CONTENTS**

**Page**


I. BACKGROUND ..... 1

II. LEGAL STANDARDS ..... 3

III. ARGUMENT ..... 4

A. The Court's Adoption of Samsung's Construction Does Not Justify Samsung's Proposed Summary Judgment Motion. ..... 4

B. Samsung Has Not Established "Excusable Neglect." ..... 6

C. Samsung Has Failed to Demonstrate "Good Cause." ..... 10

IV. CONCLUSION ..... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ballard Med. Prods v. Allegiance Healthcare Corp.*,
268 F.3d 1352 (Fed. Cir. 2001) ........ 8

*Deaton v. Kroger Co.*,
No. 4:13-cv-254, 2014 WL 3452486 (E.D. Tex. July 15, 214) ........ 4, 11

*Dexas International, Ltd. v. Saunders Manufacturing Co., Inc.*,
2008 WL 4526132 (N.D. Tex. Oct. 7, 2008) ........ 8

*Estech Sys., Inc. v. Target Corp.*,
No. 2:20-cv-00123, 2021 WL 2187978 (E.D. Tex. May 28, 2021) ........ 4

*Garrity Power Servs. LLC v. Samsung Elecs. Co. Ltd.*,
No. 2:20-cv-00269-JRG, 2021 WL 4894262 (E.D. Tex. Oct. 19, 2021) ........ 4

*Graham v. HRchitect, Inc.*,
No. 4:16-cv-743, 2017 WL 3216609 (E.D. Tex. July 28, 2017) ........ *passim*

*Guerrero Mendoza v. A&A Landscape & Irrigation, LP*,
No. 4:12-cv-562, 2014 WL 12884089 (E.D. Tex. Nov. 3, 2014) ........ 11

*MacroSolve, Inc. v. Antenna Software, Inc.*,
Nos. 6:11-cv-287-MHS-JDL, 6:12-cv-74-MHS-JDL, 2013 WL 3833079 (E.D. Tex. July 23, 2013) ........ 9

*Ningde Amperex Tech. Ltd. v. Zhuhai CosMX Battery Co., Ltd.*,
No. 2:22-cv-00232-JRG, 2024 WL 83507 (E.D. Tex. Jan. 2024) ........ 4, 6, 7, 8

*Rivero v. Sunbeam Prod., Inc.*,
2010 WL 1752532 (W.D. Tex. Apr. 29, 2010) ........ 7, 9

*S&W Enters, L.L.C. v. SouthTrust Bank of Alabama, NA*,
315 F.3d 533 (5th Cir. 2003) ........ 4

*Sycamore IP Holdings LLC v. AT&T Corp.*,
No. 2:16-CV-588-WCB, 2018 WL 1695231 (E.D. Tex. Apr. 6, 2018) ........ 9

**Rules**

Fed. R. Civ. P. 6(b) ........ 3, 4, 6

Fed. R. Civ. P. 16(b) ........ 3, 4, 6, 10

Local Patent Rule 3-6(a)(1) ........ 9

Plaintiffs Pictiva Displays International Ltd. and Key Patent Innovations Ltd. (collectively, "Plaintiffs") respectfully oppose Samsung's motion for leave to file a motion for summary judgment of non-infringement of U.S. Patent No. 8,723,164 (the "'164 patent") (Dkt. 425). The Court adopted Samsung's construction of "matrix material." There was no surprise. Plaintiffs' expert analyzed the infringement for the '164 patent under Samsung's proposed construction. Samsung had every opportunity to move for summary judgment on this part of the expert's analysis. It did not, and should not be given a second chance to do so.

## I. BACKGROUND

Plaintiffs assert five patents, including the '164 patent, against Samsung in this case. Dkt. 124. All independent claims of the '164 patent recite the term "matrix material." *See* Dkt. 124-4 ('164 patent) at 9:10-12 ("wherein the at least one organic functional layer has at least a first matrix material, a second matrix material, and a third matrix material. . ." (1[f])). The parties disputed how this term should be construed throughout the *Markman* proceeding, and proposed the following constructions respectively. Dkt. 397 at 32.

**M. "matrix" / "matrix material" ('164 Patent, Claims 1–6, 10, 13–16)**

| Pictiva's Construction | Samsung's Construction |
|---|---|
| "matrix material": plain and ordinary meaning, i.e., a material that forms a continuous phase | matrix: "a continuous phase of the mixture of matrix materials"<br>matrix material: "The first, second, and third matrix materials are different materials and are part of the same matrix" |

As Samsung acknowledges, the parties were aware of Samsung's proposed construction for "matrix material" "since at least October 2024, when the parties exchanged their proposed constructions." Dkt. 425 at 3.

Pursuant to the Court's Docket Control Order ("DCO"), the deadline to serve opening expert

reports was March 26, 2025. Dkts. 40; 206. As of that time, the Court had not yet issued a claim construction order. Therefore, Pictiva's technical expert on the '164 patent, Mr. Kurt Humphrey, addressed infringement under both parties' proposed constructions in his report. *See* Dkt. 286-21 (Humphrey Opening Report), ¶ 28 [redacted]

The table below provides examples where Mr. Humphrey applied Samsung's construction:

[redacted]

[redacted]

Under the DCO, the deadline to file dispositive motions and motions to strike expert testimony (including *Daubert* motions) was May 9, 2025. Dkts. 224; 232. As of May 9, 2025, the Court had not yet issued a claim construction order. While Samsung filed a motion to exclude the opinions of Plaintiffs' technical expert on the '164 patent for allegedly failing to apply Samsung's proposed construction of "matrix material"—which as noted above is not true—Samsung did not file any motion for summary judgement under either parties' proposed construction.

On June 27, 2025, the Court issued its claim construction order, which "adopt[ed] Samsung's construction for 'matrix material.'" Dkt. 397 at 34–35.

| Disputed Term | The Court's Construction |
|---|---|
| "matrix material"<br>('164 Patent, Claim 1–6, 10, 13–16) | "The first, second, and third matrix materials are different materials and are part of the same matrix" |

*Id.* at 50.

Samsung then waited three weeks before filing this motion on July 18, 2025 seeking leave to file the summary judgment motion. Because Samsung has failed to establish "excusable neglect" or "good cause" for filing its proposed summary judgment motion out of time, its motion for leave should be denied.

## II. LEGAL STANDARDS

A party seeking "leave to file a motion for summary judgment after the dispositive motion deadline" must "demonstrat[e] ***both*** 'good cause' and 'excusable neglect'" under the Federal Rules of Civil Procedure 6(b) and 16(b)(4). *Graham v. HRchitect, Inc.*, No. 4:16-cv-743, 2017 WL 3216609, at *1 (E.D.

Tex. July 28, 2017) (emphasis added). The party "must first satisfy the requirements of Rule 6(b), which specifically requires that [the party] show[s] they failed to timely file the motion for summary judgment because of 'excusable neglect.'" *Deaton v. Kroger Co.*, No. 4:13-cv-254, 2014 WL 3452486, at *1 (E.D. Tex. July 15, 214) (citations omitted). This Court applies "four factors when evaluating excusable neglect: '(1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the movant's reasonable control; and (4) whether the movant acted in good faith.'" *Ningde Amperex Tech. Ltd. v. Zhuhai CosMX Battery Co., Ltd.*, No. 2:22-cv-00232-JRG, 2024 WL 83507, at *2 (E.D. Tex. Jan. 2024) (citing *Graham*, 2017 WL 3216609, at *1).

Moreover, under Rule 16(b)(4), a Scheduling Order may be modified only upon a showing of "good cause" and "with the judge's consent." Courts in the Fifth circuit consider four factors in determining whether good cause exists: "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Garrity Power Servs. LLC v. Samsung Elecs. Co. Ltd.*, No. 2:20-cv-00269-JRG, 2021 WL 4894262, at *1 (E.D. Tex. Oct. 19, 2021) (citing *Estech Sys., Inc. v. Target Corp.*, No. 2:20-cv-00123, 2021 WL 2187978, at *2 (E.D. Tex. May 28, 2021); *S&W Enters, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

## III. <u>ARGUMENT</u>

### A. The Court's Adoption of Samsung's Construction Does Not Justify Samsung's Proposed Summary Judgment Motion.

The only excuse Samsung offers for its failure to timely file the proposed summary judgment motion is "the Court's June 27, 2025 construction of 'matrix material,' which was not available at the previous dispositive motion deadline." Dkt. 425 at 2. Samsung, however, does not explain why the Court's adoption of its proposed construction of "matrix material" justifies the belated filing, where it had all along

relied on and applied this construction. For example, the non-infringement opinions for the '164 patent proffered by Samsung's expert, Dr. Ioannis Kymissis, are based entirely on Samsung's construction of "matrix material." *See, e.g.*, Dkt. 243-3 (Kymissis Rebuttal Report), ¶¶ 191 [redacted]

Moreover, contrary to Samsung's assertion made in the proposed summary judgment motion, Plaintiffs' technical expert, Mr. Humphrey, applied Samsung's proposed construction of "matrix material" in both his literal infringement and DOE analysis. *See, e.g.*, Dkt. 286-21 (Humphrey Opening Report), ¶ 28 [redacted]; Dkt. 286-2 (Humphrey Opening Report, Ex. A), ¶¶ 186–419 (infringement analysis for 1[f]), 654 [redacted].

Samsung does not cite any rule or authority that prohibits a party from filing a summary judgment motion based on its proposed claim construction, and Samsung could have filed such a motion well before the dispositive motion deadline if it intended to do so. In fact, this is exactly what Samsung did in its

conditional motion to "strike Mr. Humphrey's infringement theories to the extent the Court adopted Samsung's construction for the '164 patent." Dkt. 425 at 3; *see* Dkt. 239 at 14 ("Thus, if the Court later agrees with Samsung's proposed constructions, paragraphs 85-90, 95-106, 112-120, 137-141, 145-146, 148-151 of Ex. 3 and paragraphs 186-419, 451-565, 643-651 of Ex. 6 should be stricken.").

Additionally, Samsung's motion amounts to an improper attempt to evade the Court's page limits for summary judgment motions, and Samsung fails to provide any explanation for their request for a "13-page increase in the total page limits." Dkt. 425 at 1. Samsung made the strategic decision to use its summary judgement pages on other issues and to not file a motion for summary judgement on the '164 patent, despite the fact that its motion is based entirely on facts and evidence that existed prior to the Court's dispositive motion deadline and that Samsung was also well-aware of its proposed construction of "matrix material" at that time.

**B. Samsung Has Not Established "Excusable Neglect."**

While acknowledging that both Rules 6(b) and 16(b)(4) govern this motion, Samsung completely fails to address any of the Rule 6(b) factors. The Court should thus deny Samsung's motion for this reason alone. *See Ningde Amperex*, 2024 WL 83507, at *2 (denying ATL's motion for leave without "reach[ing] the good cause analysis" after finding that "ATL ha[d] not established that its delay was excusable"). Even had Samsung addressed the applicable standard, however, it cannot establish that its delay in filing its proposed motion for summary judgment constitutes "excusable neglect."

**(a) Factor 1: The danger of prejudice to Plaintiffs**

The first factor weighs strongly against granting Samsung's motion because doing so "would affect trial preparation." *Graham*, 2017 WL 3216609, at *2 (noting that "[d]istrict courts in the Fifth Circuit have found prejudice in this context when finding excusable neglect would affect trial preparation" (citations omitted)). In *Graham*, "Defendants filed their motion for leave to file a motion for summary judgment" on July 10, 2017, "over three months after the dispositive motion deadline," two months before the case's

"pre-trial conference [] set for September 22, 2017," and three months before trial that was "schedule in October 2017." *Id.* at *1-2. The court found that "it is likely that Plaintiff has been preparing for trial, as the pretrial conference is impending" and that "hearing Defendants' summary judgment motion could adversely affect Plaintiff's 'trial preparation in reliance on the scheduling order deadlines.'" *Id.* at *2 (citing *Rivero v. Sunbeam Prod., Inc.*, 2010 WL 1752532, at *1 (W.D. Tex. Apr. 29, 2010)). Here, Samsung's motion for leave was filed more than two months after the dispositive motion deadline (*i.e.*, May 9, 2025) and less than a month before trial. Allowing Samsung to file its proposed motion at this late stage, as the courts in *Graham* and *Rivero* found, would "adversely affect [Plaintiffs'] 'trial preparation in reliance on the scheduling order deadlines.'" *Id.* (citation omitted).

Plaintiffs would be further prejudiced because the late filing "could force the parties to go to trial without a summary judgment ruling." *Id.* Trial is only a few weeks away, and "both parties would have to fully brief the summary judgment motion" if this motion for leave is granted, which makes it very likely that "trial could start without a summary judgment ruling" given this Court's heavy docket. *Id.*

**(b) Factor 2: The length of the delay and its potential impact on judicial proceedings**

**(c) Factor 3: The reason for the delay, including whether it was within Samsung's reasonable control**

The second and third factors also weigh against a finding of excusable neglect. Samsung alleges that its proposed motion "is based on the Court's June 27, 2025 construction of 'matrix material,' which was not available at the previous dispositive motion deadline.'" Dkt. 425 at 2. It is, however, Samsung's proposed construction for the term "matrix material" that "the Court ultimately adopted." Dkt. 426 at 1; Dkt. 397 at 32, 50. Samsung admits that it was aware of this construction "since at least October 2024, when the parties exchanged their proposed constructions." Dkt. 425 at 3. Samsung thus "could have brought a motion for partial [summary] judgment . . . as to this [construction] at any point" since "at least October 2024." *Ningde Amperex*, at *4 (finding "ATL's explanation for its delay [] insufficient" because

"CosMX did not need to disclaim another theory to make it possible for ATL to move for partial judgment on the pleadings as to this theory").

Samsung attempts to justify the delay by contending that a party is not permitted to file a dispositive motion based on a proposed claim construction until the claim construction is "ripe," but does not cite any authority for this proposition.[1] Dkt. 425 at 2. Rather, the Federal Circuit has squarely rejected the argument that a district court is required to "conduct a complete claim construction of the asserted claims ***before*** addressing the issue of infringement." *Ballard Med. Prods v. Allegiance Healthcare Corp.*, 268 F.3d 1352, 1358 (Fed. Cir. 2001) (emphasis added). "If the district court considers [the infringement] issue to be dispositive, the court may cut to the heart of the matter and need not exhaustively discuss all the other issues presented by the parties." *Id.* Samsung's explanation is further belied by its conditional motion "to strike Mr. Humphrey's infringement theories to the extent the Court adopted Samsung's constructions for the '164 patent." Dkt. 425 at 3; *see* Dkt. 239 at 14.

Samsung also fails to explain how the claim construction order necessitates the proposed motion seeking a summary judgment on Plaintiffs' doctrine of equivalents ("DOE") theory. As explained above, Plaintiffs' expert Mr. Humphrey applied the adopted claim construction for "matrix material" in his DOE analysis. Notably, Samsung did not seek to strike Mr. Humphrey's DOE opinions (contained in ¶¶ 652-664 of Exhibit A to the Humphrey Opening Report) on the basis that these opinions "did not apply Samsung's proposed construction." Dkt. 239 at 14. Samsung's explanation is therefore "insufficient and does not excuse [its] delay in seeking leave" to file the summary judgment motion at least with respect to

[1] In *Dexas International, Ltd. v. Saunders Manufacturing Co., Inc.*, Defendant's motion for summary judgment of non-infringement was based on a claim construction determined by another court, not Defendant's own proposed construction in that case. 2008 WL 4526132, at *7 (N.D. Tex. Oct. 7, 2008). The court denied Defendant's motion also because "questions of infringement generally present issues of fact to be resolved at trial" and "[i]t is axiomatic that issue of fact cannot be resolved by motion for summary judgment." *Id.*

Plaintiffs' DOE theory.[2] *MacroSolve, Inc. v. Antenna Software, Inc.*, Nos. 6:11-cv-287-MHS-JDL, 6:12-cv-74-MHS-JDL, 2013 WL 3833079, at *4 (E.D. Tex. July 23, 2013) ("Thus, Defendants' inability to specify how the amended infringement contentions necessitated amendment of their invalidity contentions with these seven references weighs against permitting amendment." (citation omitted)).

Finally, even if the Court determines that Samsung's proposed summary judgment motion would be premature if filed before the dispositive motion deadline, Samsung's three-week delay in filing this motion after the Court's claim construction order (Dkt. 397) is nevertheless "too long to support an excusable neglect finding, especially considering the impending trial." *Graham*, at *2 ("District Courts in the Fifth Circuit have found delays as short as a few weeks as too long to find excusable neglect." (citing *Rivero*, 2010 WL 1752532, at *1)); *see also Rivero*, 2010 WL 1752532, at *2 (finding that "[t]he circumstances leading up to Sunbeam's delay were all within its control," where "Sunbeam was [] aware as of March 23, 2010," after "the March 15, 2010, deadline for dispositive motions," that "its own expert's opinion could serve as the basis for a motion for summary judgment, yet it waited until April 14, 2010, to seek leave from the Court to file a dispositive motion beyond the deadline").

**(d) Factor 4: Whether Samsung acted in good faith**

The fourth factor similarly counsels against finding "excusable neglect." "[I]n determining whether a proposed amendment to infringement or invalidity contentions is made in 'good faith,' as provided by Local Patent Rule 3-6(a)(1), courts in the Eastern District of Texas have uniformly required the movant to show that the claim construction adopted by the court was 'unexpected or unforeseeable.'" *Sycamore IP Holdings LLC v. AT&T Corp.*, No. 2:16-CV-588-WCB, 2018 WL 1695231, at *4 (E.D. Tex. Apr. 6, 2018). Applying this "good faith" standard, the Court should find that Samsung did not file this motion in good

[2] To the extent Samsung attempts to argue that Plaintiffs' DOE theory does not apply the adopted construction for "matrix material," this amounts to an improper *Daubert* challenge that simply comes too late.

faith because the claim construction for "matrix material" adopted by the Court was not "unexpected or unforeseeable," as it was Samsung's own proposed construction. Moreover, although it received the Court's claim construction order on June 27, Samsung waited until July 18, three weeks after issuance of the order, to seek leave from the Court when the trial is only four weeks away. This delay also shows that Samsung did not act in good faith.

### C. Samsung Has Failed to Demonstrate "Good Cause."

Even if the Court finds that Samsung's delay in filing this motion was excusable, Samsung still is not entitled to an extension to file a motion for summary judgment at this late stage because it has not made the required showing of "good cause" under Rule 16(b)(4).

#### (a) Factor 1: The explanation for the failure to meet the deadline

As discussed above, Samsung fails to adequately explain why it did not move to file a motion for partial summary judgment before the dispositive motion deadline based on its proposed construction of "matrix material." Samsung's motion is also silent on why it waited three weeks to seek leave after the Court issued its claim construction Order, "especially considering the impending trial" that is set to take place in a few weeks. *Graham*, at *2.

#### (b) Factor 2: The importance of what the Court is excluding

The fact that Samsung did not timely file a partial summary judgment motion of non-infringement of the '164 patent or move to modify the Scheduling Order suggests that it does not deem this proposed motion, though potentially dispositive of certain claims, important. This is further evidenced by Samsung's decision to wait three weeks before filing this motion.

#### (c) Factor 3: Potential prejudice if the Court allows the belated summary judgment motion

As explained above in connection with the first factor for "excusable neglect," granting Samsung's motion would cause severe prejudice to Plaintiffs and adversely affect Plaintiffs' trial preparation, especially "as Plaintiff[s] ha[ve] been under the impression that there were no further grounds for a summary

judgment motion." *Deaton v. Kroger Co.*, 2014 WL 3452486, at *2.

**(d) Factor 4: The availability of a continuance to cure such prejudice**

Samsung does not address this factor, and therefore, the Court need not consider it. In any event, the prejudice would not be cured by a continuance, as it "would simply increase the expense to both parties and delay resolution of this matter further." *Guerrero Mendoza v. A&A Landscape & Irrigation, LP*, No. 4:12-cv-562, 2014 WL 12884089, at *1 (E.D. Tex. Nov. 3, 2014).

## IV. CONCLUSION

Plaintiffs respectfully request that the Court deny Samsung's motion for leave to file a motion for summary judgment of non-infringement of the '164 patent.

Dated: July 24, 2025

Respectfully submitted,

*/s/ Rebecca Carson*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)
hzhong@irell.com
Rebecca Carson (*pro hac vice*)
rcarson@irell.com
Jie Gao (*pro hac vice*)
jgao@irell.com
Jeffrey Linxwiler (*pro hac vice*)
jlinxwiler@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010

Fax (310) 203-7199

*Attorneys for Plaintiffs Pictiva Displays International Ltd. and Key Patent Innovations Ltd.*

[redacted]

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 24, 2025, a copy of the foregoing was served to all counsel of record via Email as agreed by the parties.

*/s/ Rebecca Carson*
Rebecca Carson