# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| PICTIVA DISPLAYS INTERNATIONAL LTD. *and* KEY PATENT INNOVATIONS LIMITED, § § § § § *Plaintiffs*, § § v. § § SAMSUNG ELECTRONICS CO. LTD. *and* SAMSUNG ELECTRONICS AMERICA, INC., § § § § *Defendants*. § | CASE NO. 2:23-CV-00495-JRG-RSP (Lead Case) |

## MEMORANDUM ORDER

Before the Court is the Motion to Strike Defendants' Amended Answer, filed by Plaintiffs Pictiva Displays International Ltd. and Key Patent Innovations Limited. **Dkt. No. 393**. For the reasons discussed below, the Motion is **GRANTED** as to Defendants' shop rights/employed-to-invent defenses and otherwise **DENIED**.

## I. BACKGROUND

On April 21, 2024, the Court issued the Docket Control Order in this case, which set November 19, 2024, as the deadline to file amended pleadings. Dkt. No. 40 at 5. On November 19, 2024, Defendants filed their Answer to Plaintiffs' First Amended Complaint. Dkt. No. 114. However, on December 17, 2024, Plaintiffs filed their Second Amended Complaint ("SAC"), adding Key Patent Innovations Limited as a Plaintiff (Dkt. No. 124), which was in response to the Court's Order (Dkt. No. 118) resolving Defendants' motion to dismiss the First Amended Complaint for lack of standing (Dkt. No. 57).[1]

---

[1] The Court's Order resolving Defendants' motion to dismiss the FAC also granted leave to Plaintiffs to file their SAC out of time. *See* Dkt. No. 118 at 11.

On January 2, 2025, Defendants moved to dismiss the SAC under FRCP Rule 12(b)(6). Dkt. No. 141. On May 29, 2025, the Court granted in part Defendants' 12(b)(6) Motion. Dkt. No. 295 (Dismissing member case 2:24-cv-00532 due to claim splitting and otherwise denying the motion). On June 12, 2025, Defendants filed their Answer to Plaintiffs' SAC ("June 12 Answer"). Dkt. No. 361. By this time, fact discovery had already closed. Dkt. No. 40 at 3 (Docket Control Order setting fact discovery cutoff to March 17, 2025).

## II. APPLICABLE LAW

In evaluating whether to strike an untimely amendment to an answer, this Court's well-known four-factor test is employed. *See Plastronics Socket Partners, Ltd. v. Dong Weon Hwang*, No. 2:18-CV-00014-JRG-RSP, 2019 WL 5700797 (E.D. Tex. Apr. 17, 2019). Those four factors are: (1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) the potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice. *See id.*

## III. ANALYSIS

### A. Timeliness

In the Motion, Plaintiffs argue that Defendants' June 12 Answer was filed months after the amended pleadings deadline set out in the Docket Control Order and is, therefore, untimely. *See* Dkt. No. 393. As a result of this, Plaintiffs assert that the newly raised affirmative defenses and theories appearing for the first time in the June 12 Answer should be stricken. *Id.* at 4. In support of this, Plaintiffs point out that (1) their First Amended Complaint and SAC are substantively identical (the only change being that the SAC added Key Patent Innovations Limited as a plaintiff); and (2) that because of this, Defendants needed to seek leave of the Court before they could add their new arguments found in the June 12 Answer. *Id.* at 4–5 (citing e.g. *Tech Pharmacy*

2

*Servs., LLC v. Alixa Rx LLC*, No. 4:15-cv-766, 2017 WL 2911773, at *2 (E.D. Tex. Jan. 19, 2017)).

In response, Defendants argue that their June 12 Answer is timely since it was filed within fourteen days after the Court's Order resolving Defendants' 12(b)(6) motion, and that they had, as a matter of right, the ability to file within this period. Dkt. No. 407 at 1 (citing FED. R. CIV. P. 12(a)(4)). They further argue that, regardless of Rule 12(a)(4), all of their allegedly new defenses were previously disclosed, and there is no prejudice to Plaintiffs. *Id.* at 1–2.

The Court finds that portions of Defendants' June 12 Answer are untimely and that Defendants misapprehend the effect of Rule 12(a)(4). While ordinarily Rule12(a)(4) allows a party to file an answer to a complaint within fourteen days of a Rule 12(b) motion being denied, and without first having to receive leave from the court, *see, e.g.*, *Beardmore v. Jacobson*, No. 4:13-CV-361, 2014 WL 3543726, at *7 (S.D. Tex. Jul. 14, 2014), this Court has made clear that this only applies where "the amended complaint changes the theory or scope of the case," *Tech Pharmacy Servs., LLC v. Alixa Rx LLC*, No. 4:15-CV-766, 2017 WL 2911773, at *1–2 (E.D. Tex. Jan. 19, 2017).

Here, as Plaintiffs suggest, there are no substantive differences between their Complaints. *See* Dkt. No. 17; *compare* Dkt. No. 124; *see also* Dkt. No. 393-1 (redline comparison of FAC and SAC). In the absence of such differences, Defendants were required to first receive leave from the Court to file an answer that raises new theories.[2] The reason is that, "[i]f every amendment, no matter how minor or substantive, allowed defendants to assert counterclaims or defenses as of right, claims that would otherwise be barred or precluded could be revived without cause," and "[t]his would deprive the Court of its ability to effectively manage the litigation." *Tinnus Enters., LLC v. Telebrands Corp.*, No. 6:16-CV-0033, 2017 WL 11630433, at *2 (E.D. Tex. July 11, 2017)

---

[2] *See infra* Section III.B.

3

(quoting *E.E.O.C. v. Morgan Stanley & Co., Inc.*, 211 F.R.D. 225, 227 (S.D.N.Y. 2002)). The Court finds that, because Defendants did not seek leave to file their June 12 Answer, and it was filed after the amended pleadings deadline, the new portion of the Answer is untimely.

### B. Prejudice

In line with the prior analysis, there may be certain circumstances under which an untimely answer is still permissible. *See supra* Section II. However, Plaintiffs argue that Defendants are without excuse for adding new defenses so late in the litigation, asserting that there has not been any late-breaking evidence on which Defendants base their amendments. *See* Dkt. No. 393 at 6. They further argue that because of the stage, they would be significantly prejudiced due to the close of fact discovery and a lack of opportunity to investigate the new defenses. *See id.* at 5.

In response, Defendants argue that there is no prejudice because the new defenses were already pleaded in their Answer to Plaintiffs' First Amended Complaint. Dkt. No. 407 at 1–2 (citing Dkt. No. 114). They further argue that Plaintiffs cannot validly claim surprise about these defenses since they were previously the subject of motions for summary judgment filed by Plaintiffs and discussed in Plaintiffs' experts' reports. *See id.* at 2, 10.

There are five defenses at issue in the June 12 Answer: Defendants' defense of (1) improper inventorship; (2) an allegedly new prosecution history estoppel defense related to Plaintiffs' assertion of the doctrine of equivalents; (3) a shop rights/employed-to-invent defense; an inequitable conduct defense; and (5) a marking defense on damages.

With respect to the improper inventorship defense, Defendants point to a side-by-side comparison of their answer to the First Amended Complaint and the SAC in support of their argument that they had already pleaded this defense:

4

| Previous Answer (Dkt. 114) | Answer (Dkt. 361) |
|---|---|
| **SECOND AFFIRMATIVE DEFENSE ("INVALIDITY")**: Each and every claim of the Patents-in-Suit is invalid for failure to comply with one or more requirements of United States Code, Title 35, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112, and the rules, regulations, and laws pertaining thereto. | **SECOND AFFIRMATIVE DEFENSE ("INVALIDITY")**: Each and every claim of the Patents-in-Suit is invalid for failure to comply with one or more requirements of United States Code, Title 35, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112, and the rules, regulations, and laws pertaining thereto. This defense is in part factually supported in that others not named as inventors should have been named as inventors for the '425 Patent. This defense is further in part factually supported in that others not named as inventors should have been named as inventors for the '389 Patent. |

Dkt. No. 407 at 3. They further point to their April 2024 Initial Disclosures, June 2024 Corrected Invalidity Contentions, and the March 2025 Opening Report of Samsung's Expert Dr. Katona in support of their argument that, to the extent that they had not already pleaded this defense, Plaintiffs were nonetheless on sufficient notice and are therefore not prejudiced:

| Affirmative Defenses at Issue | Samsung's Previous Disclosures |
|---|---|
| Inventorship Defense | Previous Answer (Dkt. 114). *See supra* Section I.<br><br>April 2024 Initial Disclosures (Declaration of Claire Hausman (Hausman Decl.) Ex. A at 3): "The Asserted Patents are also invalid for incorrect inventorship under Sections 102(f) and 116." |
|  | June 2024 Corrected Invalidity Contentions (Hausman Decl. Ex. B at 277): "The Asserted Claims of the '425 patent are invalid under 35 U.S.C. §101 because Ulrich Kastner-Jung, Markus Klein, Stan Maes, Romana Sigl, Annette Haid, Stephan Lintner, Julian Herget, Gregor Matjan did not, or at least did not alone invent the subject matter sought to be patented."<br><br>March 2025 Opening Report of Samsung's Expert Dr. Katona (Hausman Decl. Ex. C at 618-21): "The asserted claims of the '389 patent and '425 patent are invalid for improper inventorship" |

5

*Id.* at 6–7.

Having reviewed Defendants' April 2024 Initial Disclosures and June 2024 Corrected Invalidity Contentions,[3] the Court is satisfied that Plaintiffs were sufficiently apprised of this defense. Both aforementioned documents were served on Plaintiffs well in advance of the discovery cut-off (*See* Dkt. No. 40 at 3), and they contained enough details for Plaintiffs to pursue relevant discovery. We note with particularity, however, that Defendants will be held to what they disclosed to Plaintiffs during discovery.[4]

With respect to the prosecution history estoppel defense, Defendants' again point to a side-by-side comparison of their answer to the First Amended Complaint and the SAC in support of their argument that they had already pleaded this defense:

---

[3] For the sake of completeness, the Court notes that we disregard the March 2025 Opening Report of Samsung's Expert Dr. Katona because this was due on the same day that fact discovery closed. Dkt. No. 40 at 3-4. The same will be true for all other documents Defendants cite to which also came after discovery. *See infra*.

[4] This will be true of all defenses not stricken by this Order, regardless of whether the Court explicitly states this for each surviving defense.

| | |
|---|---|
| **THIRD AFFIRMATIVE DEFENSE ("NON-INFRINGEMENT")**: Defendants do not infringe and have not infringed, under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement), any valid, enforceable claim of the Patents-in-Suit, either literally or under the Doctrine of Equivalents, and has not committed any acts in violation of 35 U.S.C. § 271. If the claims at issue are interpreted so broadly as to read on any accused product, Defendants have not infringed any such claim under the Reverse Doctrine of Equivalents.<br><br>**SIXTH AFFIRMATIVE DEFENSE ("PROSECUTION HISTORY ESTOPPEL AND DISCLAIMER")**: Plaintiff's claims are barred, in whole or in part, by the doctrine of prosecution history | **THIRD AFFIRMATIVE DEFENSE ("NON-INFRINGEMENT")**: Defendants do not infringe and have not infringed, under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement), any valid, enforceable claim of the Patents-in-Suit, either literally or under the Doctrine of Equivalents, and has not committed any acts in violation of 35 U.S.C. § 271. If the claims at issue are interpreted so broadly as to read on any accused product, Defendants have not infringed any such claim under the Reverse Doctrine of Equivalents. Plaintiffs' Doctrine of Equivalents arguments are further precluded to prosecution history estoppel. |
| estoppel and/or disclaimer based on statements, representations, and admissions made during prosecution of the patent applications resulting in the Patents-in-Suit. | |

Dkt. No. 407 at 3–4. They further point to their January 2025 Responsive Claim Construction Brief and their June 2024 Supplemental Response to Plaintiffs' Interrogatories Set One in support of their argument that, to the extent that they had not already pleaded this defense, Plaintiffs were nonetheless on sufficient notice and are therefore not prejudiced:

| Estoppel Defense | Previous Answer (Dkt. 114). *See supra* Section I.<br><br>January 2025 Responsive Claim Construction Brief (Hausman Decl. Ex. D at 1-3): "Plaintiffs' proposed constructions are not tethered to the intrinsic or extrinsic record."<br><br>"Further, during prosecution, the patentee disclaimed that 'upon' could include 'above, but not directly on . . . Plaintiffs cannot undo patentees' statements in prosecution by suggesting that the patentees could have made another argument instead."<br><br>June 2024 Samsung's Supplemental Responses and Objections to Plaintiffs' Interrogatories Set One (Hausman Decl. Ex. E at 93): "As it pertains to prosecution history estoppel (setting aside that this information is more easily available to Pictiva than Samsung . . .), Samsung responds as follows . . ." |

*Id.* at 7.

The Court is satisfied that Plaintiffs were sufficiently apprised of Defendants' prosecution history estoppel defense. Enough details were contained within Defendants' answer to the First Amended Complaint such that Plaintiffs could pursue relevant discovery. Plaintiffs' only argument specific to this defense is that Defendants failed to identify any statement in any asserted patent's prosecution history giving rise to estoppel. Dkt. No. 393 at 7. While again holding Defendants to what they disclosed during discovery, the Court finds Plaintiffs' arguments unpersuasive. There was sufficient specificity of the theory to allow Plaintiffs to investigate the matter.

With respect to the shop rights/employed-to-invent defense, Defendants' side-by-side comparison is as follows:

| | |
|---|---|
| **SEVENTH AFFIRMATIVE DEFENSE ("EQUITABLE DEFENSES")**: Plaintiff's claims for relief are barred in whole or in part by reason of estoppel, unclean hands, acquiescence, waiver, and/or other equitable doctrines. | **SEVENTH AFFIRMATIVE DEFENSE ("EQUITABLE DEFENSES")**: Plaintiffs' claims for relief are barred in whole or in part by reason of shop rights, employed to invent, and/or other equitable doctrines. This defense is factually supported in part on the fact that the entity who prosecuted the '164 Patent failed to disclose prior art of the '164 patent that it was previously responsible for prosecuting. Furthermore, the equitable shop rights and employed-to-invent defenses apply to the '389 Patent in part because a named inventor, Karl Pichler, allegedly conceived the purported invention at his prior employer, which is now owned by Samsung. |

Dkt. No. 407 at 4. They further point to the March 2025 Opening Report of Dr. Katona and their May 2025 Opposition to Plaintiffs' Motion for Summary Judgment on Certain Affirmative Defenses in support of their argument that, to the extent that they had not already pleaded this defense, Plaintiffs were on sufficient notice and are therefore not prejudiced:

| | |
|---|---|
| **Shop Rights and Employed to Invent Defense** | **Previous Answer (Dkt. 114)**. *See supra* Section I.<br><br>**March 2025 Opening Report of Samsung's Expert Dr. Katona** (Hausman Decl. Ex. C at 618-21): "Pichler was employed by eMagin in 2000."<br><br>**May 2025 Samsung's Opposition to Plaintiffs' Motion for Summary Judgment on Certain Affirmative Defenses** (Dkt. 293 at 9-10): "Plaintiffs' motion on Samsung's seventh affirmative defense, for equitable defenses (Br. 14-16), should be denied because, under Plaintiffs' new theory of the conception of the '389 patent, the equitable shop rights and employed-to-invent defenses apply because a named inventor, Karl Pichler, conceived the purported invention at his prior employer, eMagin (f/k/a FED), which is now owned by Samsung."<br><br>"Similarly, if the '389 patent invention is what Plaintiffs now say it is, the patent is invalid for improper inventorship because Mr. Pichler conceived the invention with others at eMagin (non-named inventors), and summary judgment on inventorship for the patent should be denied." |

*Id.* at 7.

9

The Court finds Defendants' arguments unpersuasive. First, the totality of what is said in Defendants' Answer to the First Amended Complaint is little more than a boilerplate generic catch-all, which is insufficient to inform Plaintiffs of what specific issue (namely, a shop rights defense) they need to seek discovery on. Second, the March 2025 Opening Report of Dr. Katona and Defendants' May 2025 Opposition to Plaintiffs' Motion for Summary Judgment on Certain Affirmative Defenses both came after the close of fact discovery; thus, this does little to ameliorate the prejudice to Plaintiffs.

Accordingly, the Motion to Strike on this basis is **GRANTED** and Defendants' shop rights/ employed-to-invent defenses are hereby **STRICKEN**.

With respect to the inequitable conduct defense, Defendants' side-by-side comparison is as follows:

| EIGHTH AFFIRMATIVE DEFENSE ("UNENFORCEABILITY"): Plaintiff's claims for relief are barred in whole or in part by reason of patent misuse and inequitable conduct. | EIGHTH AFFIRMATIVE DEFENSE ("UNENFORCEABILITY"): Plaintiffs' claims for relief are barred in whole or in part by reason of inequitable conduct. The factual support for this defense is in part based on the applicants of the '425 Patent knowing that the USPTO had already rejected substantially similar claims of a related application and the applicants failed to disclose this material information. The factual support for this defense is further in part based on the fact that the entity who prosecuted the '164 Patent failed to disclose prior art of the '164 patent that it was previously responsible for prosecuting. |
|---|---|

Dkt. No. 407 at 4. They further point to, *inter alia*, their June 2024 Corrected Invalidity Contentions in support of their argument that, to the extent that they had not already pleaded this defense, Plaintiffs were on sufficient notice and are therefore not prejudiced:

| Inequitable Conduct Defense | **Previous Answer (Dkt. 114)**. *See supra* Section I. <br><br> **June 2024 Corrected Invalidity Contentions** (Hausman Decl. Ex. B at 277-81): "The '425 patent is unenforceable based on inequitable conduct for at least the following reasons . . ." <br><br> "The '164 patent is unenforceable based on inequitable conduct for at least the following reasons . . ." |
|---|---|
|  | **March 2025 Opening Report of Samsung's Expert Dr. Katona** (Hausman Decl. Ex. C at 621-28): "The asserted claims of the '425 patent are not enforceable for inequitable conduct." <br><br> **March 2025 Opening Report of Samsung's Expert Dr. Kymissis** (Hausman Decl. Ex. F at 488-95): "The asserted claims of the '164 patent are not enforceable for inequitable conduct." <br><br> **March 2025 Samsung's Supplemental Responses and Objections to Plaintiffs' Interrogatories Set One** (Hausman Decl. Ex. G at 108): "Among other things, Plaintiffs have impermissibly attempted to expand the scope of their patent monopoly beyond the statutory grant, including at least via their licensing practices and their attempts to enforce invalid or unenforceable patents with knowledge of their defects. Samsung incorporates by reference Section VII (Inequitable Conduct) of its December 19, 2024 invalidity contentions in Case No. 2:24-cv-00532-JRG." |

*Id.* at 7–8.

The Court is satisfied that Plaintiffs were sufficiently apprised of Defendants' inequitable conduct defense. Defendants' June 2024 Corrected Invalidity Contentions provide sufficient detail for Plaintiffs to be able to properly investigate this defense. *See* Dkt. No. 407-3 at 277–81.

Finally, with respect to the marking defense on damages, Defendants point one last time to a side-by-side comparison of their answer to the First Amended Complaint and the SAC:

| **FOURTH AFFIRMATIVE DEFENSE (LIMITATION OF PATENT DAMAGES)**: Plaintiff's claims for damages, if any, against Defendants for alleged infringement of the Patents-in-Suit are limited by 35 U.S.C. §§ 286, 287, and/or 288. | **TWELFTH AFFIRMATIVE DEFENSE (FAILURE TO MARK UNDER 35 U.S.C. § 287)**: To the extent Plaintiffs are entitled to any remedy, damages may be recovered only for infringement occurring after Plaintiffs provided Samsung actual notice "of the infringement" for each asserted patent given that their |
|---|---|
|  | licensees failed to mark patented articles pursuant to 35 U.S.C § 287. |

11

Dkt. No. 407 at 4–5. They further point to their February 2025 *Arctic Cat* letter in support of their argument that, to the extent that they had not already pleaded this defense, Plaintiffs were on sufficient notice and are therefore not prejudiced:

| Marking Defense | Previous Answer (Dkt. 114). *See supra* Section I. |
|---|---|
| | **February 2025 Samsung's *Artic Cat* Notice.** (Hausman Decl. Ex. H at 1): "[Samsung] contends that, pursuant to 35 U.S.C. § 287, [Plaintiffs] are not entitled to pre-suit damages for the [patents-in-suit] because Plaintiffs . . . have not marked products practicing or licensed under the Section 287 Patents, and Samsung was not provided with pre-suit notice of alleged infringement for all of the Section 287 Patents." |
| | **March 2025 Samsung's Supplemental Responses and Objections to Plaintiffs' Interrogatories Set One** (Hausman Decl. Ex. G at 107): "Pursuant to 35 U.S.C. § 287, Plaintiffs' claims for damages, if any, against Defendants for alleged infringement of the asserted patents are limited by the failure of relevant products to be marked . . ." |
| | **April 2025 Rebuttal Report of Samsung's Expert Dr. Katona** (Hausman Decl. Ex. I at 172-73): "I understand that Samsung identified a number of products that practice the asserted patents in Samsung's Identification Of Products Which Should Have Been Marked Pursuant To Arctic Cat served on February 21, 2025." |
| | **May 2025 Samsung's Motion for Summary Judgment of Failure to Mark** (Dkt. 242 at 1): "Pursuant to Federal Rule of Civil Procedure 56, [Samsung] respectfully move for summary judgment that [Plaintiffs] and their licensees failed to mark patented articles pursuant to 35 U.S.C § 287 and thus (1) 'damages may be recovered only for infringement occurring after' Plaintiffs provided Samsung actual notice 'of the infringement' for each asserted patent; and (2) such actual notice was first provided for U.S. Patent No. 8,314,547 on October 19, 2023, via the original Complaint in this action; for U.S. Patent No. 11,828,425 on March 1, 2024, via the First Amended Complaint in this action; and for U.S. Patent Nos. 8,558,223, 8,723,164, and 6,949,3891 on August 17, 2021, via a letter from Pictiva to SEC." |
| | **April 2025 Rebuttal Report of Samsung's Expert Dr. Perryman** (Hausman Decl. Ex. J at 30, 136): "I understand that Samsung has asserted a marking defense that, if successful, could further limit the start of the damages period (as discussed in my Reasonable Royalty Determination section)." |
| | "In the event that Samsung's marking defense is successful, it would change the start of the damages period to . . ." |

*Id.* at 7–8.

The Court is satisfied that Plaintiffs were sufficiently apprised of Defendants' marking defense. Defendants sent Plaintiffs an *Arctic Cat* letter with almost a full month left in discovery.

*See* Dkt. No. 407-9 at 3 (Letter dated February 21, 2025); *compare* Dkt. No. 40 at 3. This is sufficient under the facts of this case.

## IV. CONCLUSION

For the reasons discussed above, the Motion is **GRANTED** as to Defendants' shop rights/employed-to-invent defenses and otherwise **DENIED**.

**SIGNED this 19th day of October, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE