IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

PICTIVA DISPLAYS INTERNATIONAL       §
LTD. *and* KEY PATENT INNOVATIONS    §
LIMITED,                             §
                                     §
            *Plaintiffs*,            §
                                     §
v.                                   §       CASE NO. 2:23-CV-00495-JRG-RSP
                                     §
SAMSUNG ELECTRONICS CO., LTD.        §
*and* SAMSUNG ELECTRONICS            §
AMERICA, INC.,                       §
                                     §
            *Defendants*.            §

## MEMORANDUM ORDER

Before the Court is the Motion to Strike and Exclude the Testimony and Opinions of Plaintiffs' Survey Expert Dr. Laurentius Marais ("the Motion") filed by Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung"). (Dkt. No. 238.) In the Motion, Samsung moves to exclude Dr. Marais's opinions in their entirety or, alternatively, to exclude Dr. Marais from opining on a particular set of issues that are purportedly not in his report. (Dkt. No. 238 at 1.) Having considered the Motion and its related briefing, and for the reasons set forth herein, the motion is granted only in part and otherwise denied.

## I.     LEGAL STANDARD

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." FED. R. EVID. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied regarding a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("[T]he trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'The trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits" (quoting Fed. R. Evid. 702 advisory committee note)). As the Supreme

Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

Despite the above, however, "[e]ven if testimony is reliable, it may still be excluded if it relies on information that violates the [Federal] [R]ules [of Civil Procedure]." *Estech Sys. IP, LLC v. Carvana LLC*, 2023 WL 3292881, at *2 (E.D. Tex. May 5, 2023).

## I.    ANALYSIS

Plaintiffs move to exclude Dr. Marais' opinions on two (2) grounds.  The Court addresses each in turn.

### (a)    Reliance on Dr. Schanze's and Mr. Humphrey's technical benefits opinions

First, Samsung moves to exclude the entirety of Dr. Marais' opinions on the grounds that Dr. Marais has no other basis for his reports besides the opinions of Dr. Schanze and Mr. Humphrey, which Samsung argues are also unreliable.  (Dkt. No. 238 at 1, 3.)  As support, Samsung asserts that Dr. Marais confirmed he lacked an independent basis for his opinions during his deposition testimony.  (*Id*. at 3; Dkt. No. 306 at 3.)  Samsung therefore argues that, if the Court were to strike the technical opinions of Dr. Schanze and Mr. Humphrey, then the Court should also strike Dr. Marais' opinions.  (*Id*.)

Plaintiffs Pictiva Displays International Ltd. and Key Patent Innovations Limited ("Plaintiffs") respond that Dr. Marais' survey is sufficiently reliable to avoid exclusion for two (2) reasons.  (Dkt. No. 280 at 2–3.)  First, Plaintiffs assert that, contrary to Samsung, Dr. Schanze and Mr. Humphrey have provided reliable "technical inputs" into Dr. Marais' survey.  (Dkt. No. 280 at 3.)  Specifically, Plaintiffs assert that their technical experts "compared the patented technology to

the non-infringing alternatives identified by Samsung, and Dr. Marais has thus designed the survey to test the specific incremental benefit enabled by the Asserted Patents." (*Id*.; *see also* Dkt. No. 337 at 2.) Second, Plaintiffs maintain that other evidence independent of their technical experts supports Dr. Marais' survey. (Dkt. No. 280 at 3–4.) Plaintiffs point out that Dr. Marais evaluates the asserted patents' disclosures and Samsung's own internal documents and expert opinions in forming his opinions. (*Id*. at 3–4, 7.)

The Court has already addressed Samsung's arguments in its Motions to Strike and Exclude the Testimony and Opinions of Plaintiffs' Technical Experts, Mr. Humphrey (Dkt. No. 239) and Dr. Schanze (Dkt. No. 250). The Court only granted the Motion to Strike as to Mr. Humphrey's technical benefits opinions related to the '389 Patent and otherwise denied striking on these grounds in its Orders addressing both Motions.

As to the "other evidence," the Court is not convinced that this evidence provides an independent basis for the inclusion of Dr. Marais' opinions. For starters, Dr. Marais has not cited to any of the evidence identified by Plaintiffs in his report, nor have Plaintiffs pointed to any paragraphs where Dr. Marais considers this evidence. (*See* Dkt. No. 238-2; Dkt. No. 280.)

Accordingly, the Court finds that this portion of the Motion should be **GRANTED** to the limited extent that Dr. Marais relies on Mr. Humphrey's technical benefits opinions related to '389 Patent and **DENIED** otherwise.

**(b)   Pretesting**

Samsung then moves, in the alternative, to preclude Dr. Marais from testifying about any pretesting of his surveys on the grounds that "[t]here is no dispute that Dr. Marais did not disclose in his report any efforts to pretest his surveys." (Dkt. No. 238 at 3–4.) In response, Plaintiffs

confirm that Dr. Marais has not included any testimony on pretesting in his reports. (Dkt. No. 280 at 2.)

The Court finds that preclusion is inappropriate here. These arguments "are more properly the subject of a motion *in limine*," not a motion to strike. *United Services Automobile Association v. Wells Fargo Bank, N.A.*, No. 2:18-cv-00366-JRG-RSP, 2019 WL 6896648, at *4 (E.D. Tex. Dec. 18, 2019). Indeed, even if the Court adopted Samsung's position, it would have nothing to strike. (Dkt. No. 238 at 3–4.) However, Dr. Marais, like all experts, will be held to the scope of his report.

Accordingly, the Court finds that this portion of the Motion is **DENIED**.

## II.    CONCLUSION

For the reasons and to the extent stated above, the Court finds that the Motion should be **GRANTED** to the limited extent that Dr. Marais relies upon Mr. Humphrey's technical benefits opinion related to the '389 Patent, and otherwise **DENIED**.

 **SIGNED this 22nd day of October, 2025.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE