IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PICTIVA DISPLAYS INTERNATIONAL LTD. *and* KEY PATENT INNOVATIONS LIMITED, | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CASE NO. 2:23-CV-00495-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD. *and* SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § | |
| *Defendants*. | § § | |

## MEMORANDUM ORDER

Before the Court is the the Motion to Strike and Exclude the Testimony and Opinions of Plaintiffs' Damages Expert David Kennedy (Dkt. No. 237) filed by Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. In the Motion, Samsung asks the Court to strike certain portions of Mr. Kennedy's report. (*Id*. at 1). Having considered the Motion and its related briefing, and for the reasons stated herein, the Court finds that it should be **GRANTED** only **IN PART**.

I.   **LEGAL STANDARD**

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied regarding a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("[T]he trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'The trial court's role as gatekeeper [under *Daubert*] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a

2

trial court must take care not to transform a *Daubert* hearing into a trial on the merits" (quoting Fed. R. Evid. 702 advisory committee note)). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

Despite the above, however, "[e]ven if testimony is reliable, it may still be excluded if it relies on information that violates the [Federal] [R]ules [of Civil Procedure]." *Estech Sys. IP, LLC v. Carvana LLC*, 2023 WL 3292881, at *2 (E.D. Tex. May 5, 2023).

**II.    ANALYSIS**

Samsung argues that the Court should exclude Mr. Kennedy's opinions for multiple reasons. The Court addresses each in turn.

**(a)   Reliance on Schanze, Humphrey, and Marais**

Samsung's first and second arguments posit that Mr. Kennedy's opinions that rely on certain technical-benefits and survey opinions should be excluded because those underlying opinions are untethered to the footprint of the asserted patents. (Dkt. No. 237, at 8–10). This argument rises and falls on arguments presented and addressed in the Motions to Strike Dr. Schanze, Mr. Humphrey, and Dr. Marais.[1] Accordingly, the Court does not address them independently here but rather incorporates their reasoning and results by reference. In that light, the Court **GRANTS** the Motion insofar as Mr. Kennedy relies on portions of those

---

[1] Samsung also takes issue with Mr. Kennedy's interpolation and extrapolation from Dr. Marais's opinions. However, Samsung has not shown that such use is unreliable as a matter of law, and its objection is overruled on that ground.

3

experts' reports that have been stricken, but it **DENIES** Samsung's objections to Mr. Kennedy's reliance on portions that have been permitted.

### (b) Apportionment Steps

Next, Samsung argues that Mr. Kennedy's "purported 'additional' and 'optional' apportionment steps are not apportionment steps at all" and thus should be excluded. (Dkt. No. 237, at 11). Here, Samsung critiques Mr. Kennedy's use of average sales price, assumed discount levels, gross profit margin, and research-and-development expense ratios because "n[one] of these steps has anything to do with the claimed inventions or the value thereof." (*Id.*). But as Pictiva points out, Mr. Kennedy provides detailed explanations for why he took these steps. (Dkt. No. 277, at 10–12). "And, had he not made these conservative assumptions, Samsung surely would have complained that his analysis included value not attributable to the Asserted Patents and/or overstated damages." (Dkt. No. 336, at 3). The Court agrees with Pictiva—Samsung has not shown that these apportionment steps are unreliable and must be excluded as a matter of law, but Samsung certainly may cross-examine Mr. Kennedy about their various bases.

### (c) Use of Royalty Rates Across Accused Product Groups

Samsung next critiques Mr. Kennedy's "extension of his royalty rates for accused smartphones and TVs to the other accused products" as "unreliable and unsupported." (Dkt. No. 237, at 12). Samsung complains that it makes no sense to assume that smartwatch, monitor, laptop, or tablet users would find the same technical benefit that smartphone or TV consumers do. (*Id.*).

Pictiva responds by pointing out that Mr. Kennedy does provide "thorough reasoning and explanation for why it would be reasonable for the parties to extrapolate the rates for smartphones and televisions to the other products." (Dkt. No. 277, at 12). Pictiva also points to certain confidential Samsung documents that show that "battery life and display quality/brightness are just as important of a driver of sales for the other mobile product categories . . . if not a bigger driver." (*Id.* at 12–13).

The Court concludes that Mr. Kennedy's opinion here is neither unreliable or unsupported. There is nothing inherently wrong with analyzing the various product groups as Mr. Kennedy did, and it is not the case that Mr. Kennedy's analysis is unsupported by the facts of this case. By contrast, Mr. Kennedy provides ample support for these opinions, so the Court will not exclude them.

**(d) Hypothetical-Negotiation Date**

Next, Samsung objects to Mr. Kennedy's opinion that the hypothetical negotiation would take place in October 2013 or November 2014. (Dkt. No. 237, at 13). Here, the parties disagree about the scope and sufficiency of Pictiva's infringement contentions and how those affect the hypothetical-negotiation date. (*Id.* at 13–14; Dkt. No. 277, at 13–14). But Samsung never demonstrates why this is the proper subject of a Motion to Strike. And Samsung's own arguments belie the thought that it might. As Samsung identifies, the hypothetical-negotiation date is set by operation of an infringement analysis. Thus, as is the case here, it is hard to imagine how a damages expert could do anything more than assume the earliest infringement identified by his or her relied-upon technical expert. (*See* Dkt. No. 277, at 14 ("Samsung's argument improperly omits that Mr. Kennedy's opinion[] is based on the date of the first sale

5

for products that Pictiva's technical experts identified as infringing . . . .")). It becomes important, then, that Samsung did not move for summary judgment on this issue. And by that token, the hypothetical-negotiation date is still a live issue to be decided by the jury. A ruling on this Motion to Strike would not change that fact. Thus, because "Mr. Kennedy expressly opined that if 'the date of first infringement . . . is later determined to be at some later point in time, [his] ultimate opinions on the appropriate royalty would not change" (*id.*), the Court declines Samsung's invitation to strike his testimony for failing to comport with a determination that has yet to be made.

### (e) Opinions Regarding Marking, Notice, and Willfulness

Last, Samsung complains of Mr. Kennedy's opinions regarding marking, notice, and willfulness. (Dkt. No. 237, at 14). Samsung makes two similar arguments: (1) Mr. Kennedy's opinions should be stricken because they "amount to legal conclusions," (2) and many of his opinions "simply recite evidence or parrot [Pictiva]'s arguments without offering expert analysis." (*Id.*).[2]

Pictiva rejoins by correctly identifying that expert opinions are "not objectionable just because [they] embrace[] an ultimate legal issue." (Dkt. No. 277, at 15 (quoting Fed. R. Evid. 704(a))). But beyond this, the parties seem to talk past one another. Pictiva makes much of the fact that "experts may testify regarding topics such as notice and willfulness by 'opin[ing] . . . on the underlying facts that may show a party's state of mind.'" (*Id.* (alteration in original)

---

[2] Samsung also asserts that Mr. Kennedy should not be allowed to rely on certain "documents and information that Plaintiffs[] are contractually prohibited from using in litigation." (*Id.*). However, because the Court denied Samsung's Motion for Summary Judgment on this same ground, it does not independently address this argument here, and it is not improper for Mr. Kennedy to so rely.

(quoting *GREE, Inc. v. Supercell Oy*, 2020 WL 4288350, at *3 (E.D. Tex. July 27, 2020))). But Samsung does not seem to dispute this. Without necessarily conceding that this is a proper province of expert testimony, Samsung's argument is that Mr. Kennedy "merely parrots Plaintiffs' marking, notice, and willfulness arguments and the facts underlying them." (Dkt. No. 305, at 5).

The Court finds that Samsung has not met its burden to show that the relevant paragraphs of Mr. Kennedy's report should be excluded as a matter of law. It does not appear that Mr. Kennedy merely recites facts. By contrast, he discusses his understanding of the facts that then color his opinions, as is allowed. Accordingly, Samsung's motion is denied on this point.

### III.   CONCLUSION

For the reasons stated herein, the Motion is **GRANTED** insofar as Mr. Kennedy relies on paragraphs from other experts' reports that have been stricken. However, the Motion is **DENIED** in all other respects.

SIGNED this 22nd day of October, 2025.

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE