IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PICTIVA DISPLAYS INTERNATIONAL LTD. *and* KEY PATENT INNOVATIONS LIMITED,<br><br>*Plaintiffs*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. *and* SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | §§§§§§§§§§§§§§ CASE NO. 2:23-CV-00495-JRG-RSP |

**MEMORANDUM ORDER**

Before the Court is Plaintiffs Pictiva Displays International Ltd. and Key Patent Innovations Limited's Motion to Strike Certain Opinions of Samsung's Expert Dr. Ioannis Kymissis. **Dkt. No. 243**. The Motion is fully briefed. *See* Dkt. Nos. 284, 322, 395. In the Motion, Plaintiffs argue, *inter alia*, that the Court should exclude the opinions of Samsung's technical expert, Dr. Kymissis, under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) and its progeny. The Motion is granted in part and denied otherwise for the foregoing reasons.

## I. LEGAL STANDARD

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

1

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied regarding a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert*, 509 U.S. at 592–93 (1993). Trial courts are given broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("[T]he trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert's testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *See United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury to consider. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391–92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249–50 (5th Cir. 2002) ("'The trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits" (quoting an Advisory Committee Note to Fed. R. Evid. 702)). As the Supreme Court explained, "[v]igorous cross-examination, presentation of contrary evidence, and careful

2

instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

Despite the above, however, "[e]ven if testimony is reliable, it may still be excluded if it relies on information that violates the [Federal] [R]ules [of Civil Procedure]." *Estech Sys. IP, LLC v. Carvana LLC*, 2023 WL 3292881, at *2 (E.D. Tex. May 5, 2023).

## II.    ANALYSIS

Plaintiffs argue that specific portions of portions of Dr. Kymissis's Opening and Rebuttal Reports should be excluded for eight distinct reasons. *See* Dkt. No. 243 (citing Dkt. Nos. 243-2 [hereinafter *Kymissis Opening Rep.*], 243-3 [hereinafter *Kymissis Rebuttal Rep.*]). The Court addresses each in turn.

### A.  Improper Opinions on Inequitable Conduct

Plaintiffs first take aim at the portion of Dr. Kymissis's Opening Report that relates to inequitable conduct as to the '164 Patent. *See* Dkt. No. 243 at 1 (citing Kymissis Opening Rep. ¶¶ 1018–37). Although this portion of Plaintiffs' Motion relates to Dr. Kymissis's inequitable conduct opinion regarding the '164 Patent, Plaintiffs' and Samsung's arguments as to the procedural and substantive grounds for exclusion are nearly identical to the arguments they both previously made concerning Plaintiffs' Motion to Strike Certain Opinions of Samsung's Expert Dr. Thomas Katona (Dkt. No. 240). The Court already addressed those grounds in the Order deciding that Motion and decided to grant-in-part the relief Plaintiffs' sought to the extent that they sought to exclude Dr. Katona's opinions regarding inequitable conduct related to the '425 Patent that (1) state the '425 applicants "should have known" about "Diekmann's materiality" and (2) "speculate" about Plaintiffs' "intent to deceive the USPTO." Similarly, here, relief is warranted to the same extent, and for the same reasons. Therefore, Plaintiffs' Motion to Strike is **GRANTED** to the limited extent that Dr. Kymissis (1) opines that the '164 applicants "should have known" about Choulis's

3

materiality, and (2) speculates, based upon the notes that Angela Quinlan brought to her deposition, that the applicants "specific[ally] inten[ded]" to deceive the USPTO.

### B. Improper References to IPRs

Plaintiffs next allege that Dr. Kymissis improperly refers to an *Inter Partes* Review proceeding in both Reports in violation of this Court's Standing MIL Nos. 6 and 13. *Id.* at 2 (first citing *Kymissis Opening Rep.* ¶¶ 14–15, 147–51, 180–86, 239–42, 364, 437, 655, 777, 890, 907, 907 n.610, 955 n.646, 1024–26, 1073; and then citing *Kymissis Rebuttal Rep.* ¶ 26). However, these arguments have no bearing on the reliability of Dr. Kymissis's opinion under Rule 702 of the Federal Rules of Evidence and are not based on some strikable violation under Rule 37 of the Federal Rules of Civil Procedure. Instead, Plaintiffs' arguments "are more properly the subject of a motion *in limine*." *See United Servs. Auto. Ass'n v. Wells Fargo Bank, N.A.*, No. 2:18-CV-366, 2019 WL 6896648, at *4 (E.D. Tex. Dec. 18, 2019). Consequently, the Court finds that the Motion should be and hereby is **DENIED** on these grounds, but Defendants are cautioned to observe the Court's Standing MILs.

### C. Improper Incorporation of Invalidity Contentions

Plaintiffs then allege that Dr. Kymissis improperly incorporates by reference thirty-eight claim charts from (1) Samsung's December 19, 2024, Invalidity Contentions and (2) SDC's petitions and expert declarations in the IPR proceeding. Dkt. No. 243 at 2 (citing *Kymissis Opening Rep.* ¶¶ 151, 208, 364, 437, 655, 777, 890, 1024). Specifically, Plaintiffs allege that Dr. Kymissis does so by "reserv[ing] the right to rely on any citations or arguments from any of these documents as part of [his] trial testimony." *Id.* (citing *Kymissis Opening Rep.* ¶¶ 208, 364, 437, 655, 777, 890, 1024). Plaintiffs first argue that this is a failure under Federal Rule of Civil Procedure 26(a)(2)(B) to provide proper notice of what Dr. Kymissis will opine on at trial. *Id.* (citing *Promega Corp. v.*

*Applied Biosystems, LLC*, No. 13-CV-2333, 2013 WL 9988881, at *5 (N.D. Ill. May 28, 2013) (Posner, J.), *aff'd*, 557 F. App'x 1000 (Fed. Cir. 2014)). Plaintiffs next argue that this should be excluded under this Court's Standing MIL No. 23. In response, Samsung argues that "Dr. Kymissis selectively incorporated by reference invalidity charges in this matter and the relevant IPR expert declarations and papers," and this approach is not improper under Rule 26. Dkt. No. 284 at 5 (citing *Kymissis Opening Rep.* ¶¶ 151, 208, 364, 437, 655, 777, 890, 1024) (relying on *Atlas Glob. Techs. LLC v. TP-Link Techs. Co.*, 684 F. Supp. 3d 570, 578 (E.D. Tex. 2023)).

Rule 26(a)(2)(B) requires an expert report to "contain . . . a complete statement of all opinions that the witness will express and the basis and reasons for them; [and] the facts or data considered by a witness in forming them." Fed. R. Civ. P. 26(a)(2)(B). Here, Dr. Kymissis's Opening Report spans 533 pages. *See Kymissis Opening Rep.* As to paragraph 151, Dr. Kymissis does not incorporate any material by reference; he merely discusses the procedural history of the IPR proceeding. *See Kymissis Opening Rep.* ¶ 151. Samsung is correct that he incorporates selectively, referring to specific claim charts, exhibits, and documents, and different sets in response to each set of limitations. *See Kymissis Opening Rep.* ¶¶ 208, 364, 437, 655, 777, 890, 1024. Moreover, Dr. Kymissis analyzes each limitation and explains his analysis below the incorporating paragraphs. Plaintiffs' argument that they do not have sufficient notice, under Rule 26, of the basis of Dr. Kymissis's opinions, is therefore without merit.

It is permissible for an expert report to incorporate evidence supporting his opinions by reference, so long as it is a clear and unambiguous incorporation of a clearly identified and easily accessible reference. However, the expert's report must itself disclose all opinions that the party wants the expert to be able to express to the jury. It is not proper to merely incorporate by reference the reports of other experts and use that as a basis to testify to the jury as to opinions not clearly

revealed in the testifying expert's report. Accordingly, the motion to strike is denied on this ground except to the extent that Dr. Kymissis is asked to testify as to the opinions of other experts merely incorporated by reference in his own report. As to any such opinions, the motion to strike is **GRANTED**.

### D. Improper Clix2 Opinions

Plaintiffs argue that three portions of Dr. Kymissis's report related to the Clix2 device should be excluded for different reasons. Dkt. No. 243 at 2–7. The Court addresses each in turn.

#### i. Undisclosed Clix2 Theories

Plaintiffs first argue that, in its June invalidity contentions, Samsung failed to provide sufficient notice of Clix2-related theories because there was no analysis or explanation in Samsung's mapping to the '164 or '223 Patents in the provided claim charts. *See* Dkt. No. 243 at 2–3 (citing Dkt. No. 243-4, -5). Plaintiffs then complain that Dr. Kymissis improperly added new theories that were not disclosed in the contentions, and allowing these theories to be presented at trial is highly prejudicial to them. *Id.* at 3–4 (first citing *Firtiva Corp. v. Funimation Glob. Grp.*, No. 2:21-CV-111, 2022 WL 179785, at *1 (E.D. Tex. June 1, 2022); and then citing *Visto Corp. v. Seven Networks, Inc.*, No. 2:03-CV-333, 2006 WL 5153146, at *1 (E.D. Tex. Mar. 27, 2006). Plaintiffs therefore ask the Court to exclude the portions of Dr. Kymissis's opinions that assert invalidity based on undisclosed Clix2 theories. See *id.* at 2–4 (citing *Kymissis Opening Rep.* ¶¶529–38, 611–20, 648).

Having again reviewed the contentions and the cited-to portions of Dr. Kymissis's report, the Court disagrees. Also, Plaintiffs' cited cases are not on point. *Firtiva*, for example, dealt with a defendant that failed to identify the reference in his contentions, 2022 WL 17985, at *1, whereas here, Plaintiffs admit that Samsung in fact identified Clix2 in its contentions.

6

The Court finds that Samsung timely disclosed its Clix2 theories. Accordingly, exclusion on this ground is unwarranted, and this portion of the Motion is **DENIED**.

   ii. <u>Opinions Based on Untimely Documents</u>

Plaintiffs next seek exclusion of Dr. Kymissis's opinions regarding Clix2 that rely on untimely produced documents. *See* Dkt. No. 243 at 4–6 (citing *Kymissis Opening Rep.* ¶¶ 219–23, 238, 278–92, 294–97, 300–09, 313–17, 336–38, 340–46, 509–27, 529–46, 549–53, 556–58, 560–61, 567–69, 572–73, 594, 600–01, 611–20, 624–28, 631–35, 637–39, 701–04, 737, 759–62, 841–44, 850, 852, 870–73, 943–46, 952, 975–78). Plaintiffs raised the same arguments they now raise here in their Motion to Strike Untimely Clix2 Evidence, *see* Dkt. No. 251, which the Court has already addressed. For the same reasons and to the extent provided in that Order, the Court finds that this portion of the Motion should be and hereby is **DENIED**.

   iii. <u>Improper Reliance on Hearsay Conversations with SDC Employees that Conflict with Deposition Testimony</u>

Plaintiffs finally move to exclude Dr. Kymissis's opinions that rely on conversations he had with SDC witnesses: Mr. Kwangjin Yun, Mr. Yonghun Jo, and Mr. Hansung Bae. *See* Dkt. No. 243 at 6–7 (citing *Kymissis Opening Rep.* ¶¶ 211–18). Plaintiffs first argue that these conversations directly conflict with the deposition testimony they received. *Id.* Plaintiff also argue that these statements are inadmissible hearsay. *Id.* at 7.

The Court disagrees that Dr. Kymissis's reported conversations cannot be reconciled with these witnesses' deposition testimony. For example, Dr. Kymissis reportedly asked "what the difference between the two models was," whereas, in deposition, Plaintiffs asked, "[I]s there anything else you can remember about your work on the Clix product." *See* Dkt. No. 243 at 6–7. It is unsurprising that Mr. Yun responded with different, but not inconsistent, information. *See id.* To the last point, experts routinely rely on hearsay evidence, and it is allowed by the Federal Rules.

*See* Fed. R. Evid. 703. This is not a reason to exclude. *See United Servs. Auto. Ass'n*, 2019 WL 6896648, at *4. Accordingly, the Court finds that the Motion should be and hereby is **DENIED** on these grounds, reserving for trial the issue of whether Dr. Kymissis attempts to present hearsay to the jury.

### E. Improper Reliance on Unproduced Declarations from Undisclosed Fact Witnesses

Plaintiffs next seek to exclude narrow portions of Dr. Kymissis's opinion relying on undisclosed declaration testimony from two fact witnesses: Mr. Byunghoon Chun (an SDC employee), and Ms. Rachel Garland (an Elsevier employee). *See* Dkt. No. 243 at 7–8 (citing *Kymissis Opening Rep.* ¶¶ 239–42, 303, 317). Plaintiffs allege that Samsung did not identify these witnesses in its Rule 26 disclosures or produce the declarations, which are dated during fact discovery, during fact discovery. *Id.* at 7 (citing Dkt. No. 243-9). Plaintiffs state that Mr. Chun's declaration deals with Clix2, and Ms. Garland's declaration addresses the Ma reference. *Id.* at 8. Plaintiffs argue that Dr. Kymissis's opinion relying on them should be excluded because the failure to timely disclose "is neither substantially justified, nor harmless." *Id.* (citing *United. Servs. Auto. Ass'n v. Wells Fargo Bank, N.A.*, No. 2:18-CV-366, 2019 WL 7041725, at *4 (E.D. Tex. Dec. 20, 2019)). Samsung responds that, under the Rule 37 four-factor test, Plaintiffs have failed to show that Dr. Kymissis's opinion relying on the declarations should be excluded. *See* Dkt. No. 284 at 6–7 (citing *United Servs. Auto Ass'n*, 2019 WL 7041725, at *4).

Looking first at the paragraphs complained of by Plaintiffs, Dr. Kymissis relies on the declaration of Ms. Garland in his discussion of an IPR: Ms. Garland's declaration confirming Ma was available before August 29, 2008, in the Elsevier journal, led in part to an IPR decision "in Samsung's favor." *See Kymissis Opening Rep.* ¶¶ 239-42. Dr. Kymissis relies on the declaration of Mr. Chun to "confirm that the LG201 is an organic compound" and that the chemical structure

8

of it is "consistent with the chemical structure" for the ETL/Buffer shown in the Eurofins tear-down report. *See Kymissis Opening Rep.* ¶¶ 303, 317. The four factors the Court uses to decide whether to exclude evidence under Federal Rule of Civil Procedure 37 are (1) the explanation for the failure to disclose the evidence, (2) the importance of the evidence, (3) the potential prejudice to the objecting party in allowing the evidence, and (4) the availability of a continuance. *See United Servs. Auto Ass'n*, 2019 WL 7041725, at *4.

As to the first factor, explanation, Samsung explained that Plaintiffs became aware of both declarations during fact discovery due to their publication in related IPR and European actions. *See* Dkt. No. 284 at 6 (citing Dkt. No. 284-2, -3). Samsung also explains that it failed to disclose the declarations "due to an inadvertent error" in this action. *Id.* Given that these declarations are buried in the report, which is the only place they are used, and in a *de minimis* fashion, the Court finds that this factor weighs slightly against striking.

As to the second factor, importance, as previously stated and already discussed above, the use of these declarations is *de minimis* in Samsung's case. Mr. Chun's declaration is only used to confirm the chemical structure of a buffer used in fabrication as already confirmed and reported by Eurofins. *See Kymissis Opening Rep.* ¶¶ 303, 317. Ms. Garland's declaration is slightly more substantial, given that she confirms that a reference was published before August 29, 2008, a critical component of Samsung's invalidity case. *See Kymissis Opening Rep.* ¶¶ 239-42. However, this information is also otherwise publicly available and confirmed by publication date on the Ma reference itself. Given the *de minimis* nature of the use of these references, this factor weighs slightly in favor of striking.

However, that factor is balanced out by the weight of third factor, prejudice to Plaintiffs, which weighs slightly against striking. For the same reasons as discussed above, Samsung's *de*

9

*minimis* use of these declarations does little harm to Plaintiffs' ability to rebut Samsung's invalidity case that makes use of them. Plaintiffs argue they are harmed substantially because they were deprived of the opportunity to depose these witnesses. *See* Dkt. No. 322 at 2. The Court has accounted for this argument in its weighting of this factor.

The fourth factor, continuance, weighs against striking because this case was specially set for trial on October 27, 2025, which is quickly approaching. Continuation is not available.

On balance, the Court finds that the factors weigh against striking the portions of Dr. Kymissis's opinion relying on the declarations of Mr. Chun and Ms. Garland. Accordingly, the Court finds that Plaintiffs' Motion on these grounds should be and hereby is **DENIED**. However, whether the expert may quote these references to the jury, over a hearsay objection, is a matter reserved for trial.

### F. Improper Reliance on References Subject to *Sotera* Stipulations

Plaintiffs next argue that portions of Dr. Kymissis's invalidity opinion rely on references that are subject to *Sotera* stipulations and should therefore be excluded. *See* Dkt. No. 243 at 8–9 (citing *Kymissis Opening Rep.* ¶¶ 686, 728, 793, 835, 878, 885, 903, 938, 982, 989). Specifically, Plaintiffs assert that, by opining that the Choulis, Sugiura, and Thompson references anticipate Claims 1 and 7 of the '164 Patent, and "various claim elements" of the '223 Patent, Dr. Kymissis asserts invalidity based on grounds that "were raised or reasonably could have been raised in the [] IPR." *Id.* at 9.

Samsung responds that Dr. Kymissis has not violated any *Sotera* stipulations because he advanced different invalidity grounds than those in the instituted IPR. *See* Dkt. No. 284 at 7–9. Samsung provides the full context of its *Sotera* stipulation: "*If* the PTAB institutes . . . then Defendants will not pursue an invalidity defense in this case that the patent claims subject to the

10

instituted IPR are invalid based on grounds that were raised or reasonably could have been raised in the IPR." *Id.* at 7 n.4 (citing Dkt. Nos. 243-14 ('164 Patent *Sotera* stipulation), -17 ('223 Patent *Sotera* stipulation)) (emphasis added).

Samsung continues that the Board only instituted the following grounds with respect to the '164 Patent: (i) Choulis alone renders Claims 1–8 and 10–16 invalid; (ii) Choulis with Yong renders Claim 9 invalid; (iii) Sugiura alone renders Claims 1, 3, 5–8, and 10–13 invalid; and (iv) Thompson alone renders Claims 15–16 invalid. *Id.* at 7 (citing Dkt. No. 243-15 ('164 Patent IPR Decision)). Samsung continues that Dr. Kymissis opined the following grounds: (i) Clix2 alone renders Claims 1–16 invalid; (ii) Clix2 with Thompson render claims 1–16 invalid; (iii) Clix2 with Choulis render Claims 1–16 invalid; (iv) Clix2 with Sugiura render Claims 1–16 invalid. *Id.* at 8.

And with respect to the '223 Patent, Samsung states that the Board instituted IPR on the following grounds: (i) Werner alone renders Claims 1–4, 6, and 8–14 invalid; (ii) Ma alone renders Claims 1–2, 6 and 8–14 invalid. *Id.* at 7–8 (citing Dkt. No. 243-18 ('223 Patent IPR)). Whereas, Samsung continues, Dr. Kymissis opined the following grounds: (i) Clix2 alone renders Claims 1–3 and 8–14 invalid; (ii) Clix2 with Werner renders Claims 1–3 and 8–14 invalid; and (iii) Clix2 with Ma renders Claims 1–3 and 8–14 invalid. *Id.* at 8.

Having reviewed the *Sotera* stipulations, *see* Dkt. Nos. 243-14, -17, the Board's decision instituting IPR on both Patents, *see* Dkt. Nos. 243-15, -18, and the portions of Dr. Kymissis's report that Plaintiffs complain of, *see* Kymissis Opening Rep. ¶¶ 686, 728, 793, 835, 878, 885, 903, 938, 982, 989, the Court is satisfied that Dr. Kymissis is not opining on the same invalidity grounds on which the IPRs were instituted. Accordingly, this portion of the Motion is **DENIED**.

11

### G. Improper Claim Construction Opinions

Plaintiffs additionally move to strike three categories of Dr. Kymissis's opinions on the grounds that they impermissibly attempt to make claim construction arguments. *See* Dkt. No. 243 at 10–12 (citing *Kymissis Opening Rep.* ¶¶ 507, 528–39, 541–46, 548–53, 602, 610–21, 623–28, 630–39, 648–50; *Kymissis Rebuttal Rep.* ¶¶ 34, 35, 100, 102–22, 255–350, 356–57, 697). The Court notes that expert reports in this case were due before the Claim Construction Order was issued. *See* Dkt. No 224 at 1; Dkt. No. 397. "Expert opinions that contradict or disregard a court's claim construction should be excluded." *See Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-CV-33-JRG-RSP, 2016 WL 3475688, at *4 (E.D. Tex. Jan. 7, 2016). However, Plaintiffs fail to advance any arguments with respect to or explain with particularity any instance where Dr. Kymissis's opinion does in fact differ from the claim construction that has been issued in this case. Accordingly, the Motion is **DENIED** on these grounds.

### H. Improper Technical Damages Opinions

Plaintiffs finally move for exclusion of five categories of Dr. Kymissis's opinion on the grounds that they are improper technical damages opinions. *See* Dkt. No. 243 at 12–15. The Court addresses each in turn.

    i.    <u>Unreliable "Qualification" of Technical Benefits</u>

Plaintiffs first move to strike Dr. Kymissis's opinions that the '223 and '164 Patents provide a technical benefit of a "0.1 increase in power efficiency [] and [a] 0.1% increase in lifetime." Dkt. No. 243 at 12 (citing *Kymissis Rebuttal Rep.* ¶¶ 694, 732). Specifically, Plaintiffs argue these opinions are unreliable because Dr. Kymissis does not identify any scientific methodology in reaching these figures. *Id.* (first citing *LaserDynamics, Inc. v. Quanta Comput., Inc.*, 694 F.3d 51, 59 (Fed. Cir. 2012); then citing *VirnetX, Inc. v. Cisco Sys.*, 767 F.3d 1308, 1333 (Fed. Cir. 2014);

12

and then citing *Blue Spike LLC v. Huawei Techs. Co.*, No. 2:18-CV-366, 2016 WL 9286102, at *4 (E.D. Tex. Oct. 14, 2016)).

The Court disagrees. Dr. Kymissis's opinions are unlike those of the experts in Plaintiffs' cited cases. For example, and specifically in contrast to the expert in *Laser Dynamics*, 694 F.3d at 69, who had "a complete lack of economic analysis to quantitatively support his analysis," here Dr. Kymissis considered many factors in his analysis, such as the disclosures, the needs of the accused products, and unpatented features that contribute to the technical benefits of the patents. *See Kymissis Rebuttal Rep.* ¶¶ 642–739. The Court therefore cannot say that Dr. Kymissis's opinions are sufficiently unreliable to warrant exclusion. Accordingly, this portion of the Motion is **DENIED**.

        ii.    <u>Irrelevant and Untimely Opinions Regarding SDC Innovations and Patents</u>

Plaintiffs next seek exclusion of Dr. Kymissis's benefits opinions relying on SDC patents. Dkt. No. 243 at 13–14 (citing *Kymissis Rebuttal Rep.* ¶¶ 674–93, 729–31). Plaintiffs specifically take issue with Dr. Kymissis stating that the "efficiency and lifetime benefits of the '223 and '164 Patents are 'negligible' because they 'could be, and were, achieved through numerous alternative means pioneered by SDC.'" *Id.* at 13. Plaintiffs argue that Dr. Kymissis has not shown that the sixteen Samsung patents he identified "bear some relation to the accused products," and they are therefore irrelevant. *Id.* (citing *Paltalk Holdings, Inc. v. Microsoft Corp.*, No. 2:06-CV-369, 2009 U.S. Dist. LEXIS 131090, at *9 (E.D. Tex. Feb. 25, 2009)).

Having considered the cited portions of Dr. Kymissis's Rebuttal Report, *see Kymissis Rebuttal Rep.* ¶¶ 674–93, 729–31, the relevance argument is unpersuasive. The Court noted in *Paltalk* that the defendant's patents "may be relevant to a reasonable royalty analysis under" the thirteenth factor of *Georgia Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), if "those patents cover *some portion* of the accused products." 2009 U.S. Dist.

13

LEXIS 131090, at *9. And, as Samsung points out, Dr. Kymissis's analysis has met this burden: he has explained how each of SDC's patents improves the lifetime and efficiency of Samsung's OLED devices, *see* Dkt. No. 284 at 12–13 (citing *Kymissis Rebuttal Rep.* ¶¶ 674–80, 684–93, 729–31), which directly rebuts Plaintiffs' experts' own technical benefits analysis. But, more to the point, Plaintiffs accuse Samsung's OLED devices—so explanation of how SDC's patents improve the lifetime and efficiency of those products generally *does* relate to Plaintiffs' underlying Accused Products. Accordingly, the Court finds that this portion of the Motion should be and hereby is **DENIED**. The Court is not suggesting that Samsung can argue non-infringement based on the SDC patents, but the issue discussed here is apportionment for the damages analysis.

        iii.    Irrelevant Opinions on Undisclosed NIAs/Prior Art

Plaintiffs next take aim at Dr. Kymissis's opinions that rely on two prior art references, Liao and Nakayama. See Dkt. No. 243 at 14 (citing *Kymissis Rebuttal Rep.* ¶¶ 668–73). Plaintiffs first argue that these paragraphs improperly rely on references that were not disclosed as NIAs during discovery. *Id.* at 14 (citing *Gree, Inc. v. Supercell Oy*, No. 2:19-CV-71, 2020 WL 4288323, at *2–3 (E.D. Tex. July 26, 2020)). Plaintiffs then argue that they should be excluded as irrelevant under Rule 403 because Dr. Kymissis does not provide any analysis that the accused products practice them. *Id.* (citing *Paltalk Holdings,* 2009 U.S. Dist. LEXIS 131090, at *9).

Samsung does not dispute that these NIAs were untimely disclosed and only addresses Plaintiffs' second argument in its response and sur-reply. *See* Dkt. No. 284 at 13; Dkt. No. 359 at 4. Plaintiffs are correct that NIAs must be disclosed during discovery—they cannot be disclosed for the first time in a rebuttal report. *See Gree*, 2020 WL 4288323, at *2–3. The four factors the Court uses to decide whether to exclude evidence under Federal Rule of Civil Procedure 37 are (1) the explanation for the failure to disclose the evidence, (2) the importance of the evidence, (3) the

14

potential prejudice to the objecting party in allowing the evidence, and (4) the availability of a continuance. *See United Servs. Auto Ass'n*, 2019 WL 7041725, at *4.

Samsung has made no attempt to explain its failure to disclose the NIAs, so this first factor weighs in favor of striking. Looking to the cited-to portions of Dr. Kymissis's report, *see Kymissis Rebuttal Rep.* ¶¶ 668–73, this appears to be one of seven arguments he advances for why Plaintiffs' experts' technical benefits analysis is flawed; the other six arguments do not rely on Liao or Nakayama. *See Kymissis Rebuttal Rep.* ¶¶ 643–94. The second factor therefore weighs slightly against striking. As to the third factor, because of Dr. Kymissis's *de minimis* use of the two references, this factor weighs slightly in favor of striking. Continuance is not available currently, considering this case is on the eve of trial. On balance, the Court finds that the factors weigh in favor of striking under Rule 37. Consequently, the Motion to strike any opinion that these references may be NIAs is **GRANTED**.

    iv.    <u>Conclusory Opinions on Prior Art/NIAs</u>

Plaintiffs next argue that several statements of Dr. Kymissis should be excluded as conclusory because he does not explain the basis for them. Dkt. No. 243 at 14–15 (citing *Kymissis Rebuttal Rep.* ¶¶ 667, 723, 741, 744–45) (relying on *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 370–71 (5th Cir. 2016), for the proposition that *ipse dixit* should be excluded). Specifically, Plaintiffs take issue with three statements: (1) that "each and every referenced [item of the prior art] [] could and would achieve the same alleged benefits of the" '223 and '164 Patents, *Kymissis Rebuttal Rep.* ¶¶ 667, 723; (2) that "[e]ach [NIA] would meet SEA/SEC's performance requirements, [] would not increase the cost of the display panel" and "would behave identically to the accused products," *Kymissis Rebuttal Rep.* ¶ 741; and (3) that two different modifications would cost $10,000 and require "less than a week of engineering time," *Kymissis Rebuttal Rep.* ¶¶ 744–45. *Id.*

Samsung responds that the first of the three statements is sufficiently supported by considerable analysis in his invalidity report, which he references in the full statement. *See* Dkt. No. 284 at 13–14 (citations omitted). Samsung continues that, for the second statement, Dr. Kymissis cited relevant testimony of SEC's corporate witness, Mr. Sangheon Park, and opines specifically to why the NIAs would be acceptable. *Id.* at 14 (citations omitted). To the final statement, Samsung argues that it is not *ipse dixit* because it is based on his expertise in this field, which is within the scope of what he is allowed to testify about. Id. at 14 (relying on *Personalized Media Commc'n, LLC v. Apple, Inc.*, No. 15-CV-1366, 2021 U.S. Dist. LEXIS 31667, at *8–11 (E.D. Tex. Feb. 19, 2021), for the proposition that an expert may rely on their expertise to estimate and judge costs for an NIA).

Regarding the first two statements, having considered the cited portions complained of by Plaintiffs, *see Kymissis Rebuttal Rep.* ¶¶ 667, 723, 741, along with the relevant portions of Dr. Kymissis's Opening Report to which he referred in the first statement, *see Kymissis Opening Report* ¶¶ 274–993, and the full context of the second statement, the Court finds that these statements are sufficiently supported to foreclose their exclusion. To the third argument, the Court begins with *C.F. Bean*. 814 F.3d at 370–71. In that case, the Fifth Circuit was deciding whether the district court had abused its discretion in excluding *ipse dixit* and answered that it did not; and the facts are not on point. *Personalized Media* is more on point: the defendant's damages expert there provided an accounting of the "non-infringing alternative cost" at "$400,000" based on "his conversation with" a technical expert with experience in the relevant field, "of any potential or unforeseen costs associated with developing a non-infringing alternative[.]" *See* 2021 U.S. Dist. LEXIS 31667, at *1, *10–11. Here, Dr. Kymissis is directly Samsung's technical expert, and these considerations are within his technical expertise. Moreover, considering the context of the

16

statement within his report, see Kymissis Rebuttal Rep. 741–751, and that, in his opinion, these changes are "trivial," the Court finds that Dr. Kymissis third statement is not impermissible *ipse dixit*. Accordingly, this portion of Plaintiffs' Motion is **DENIED**.

> v. Dr. Kymissis Should Not Be Permitted to Apply a Methodology He Opines is Technically Incorrect

Plaintiffs finally argue that Dr. Kymissis's opinions should be stricken to the extent that he relies on methodology that he disagrees with as "technically incorrect." *See* Dkt. No. 243 at 15 (citing *Kymissis Rebuttal Rep.* ¶¶ 669, 671, 690, 691, 720–22) (citing *Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-CV-33, 2015 U.S. Dist. LEXIS 176746, at *8 (E.D. Tex. Sept. 30, 2015)) (citations omitted). Samsung responds that these paragraphs instead provide Dr. Kymissis's rebuttal opinions that Mr. Humphrey and Dr. Schanze failed to consider some unpatented and unaccused technologies that would overshadow their alleged benefits analysis of the '164 and '223 Patents, which is allowed under *Genband U.S. LLC*, 2015 U.S. Dist. LEXIS 176746, at *8 ("[A]n expert is permitted to apply reliable principles and methods to criticize, analyze, or discuss theories of an adverse party and the opinions of its experts."). Dkt. No. 284 at 14–15 (citing *Biscotti Inc. v. Microsoft Corp.*, No. 2:13-CV-1015, 2017 U.S. Dist. LEXIS 94037, at *8–9). As in *Biscotti*, having considered Dr. Kymissis's opinions in the cited paragraphs of his Rebuttal Report, *see Kymissis Rebuttal Rep.* ¶¶ 669, 671, 690, 691, 720–22, the Court "perceives no fatal, irreconcilable conflicts with [his] opinions." 2017 U.S. Dist. LEXIS 94037, at *9. Therefore, the Court finds that Plaintiffs' Motion seeking exclusion on this ground should be and hereby is **DENIED**.

### III. CONCLUSION

Accordingly, for the reasons and to the extent provided above, the Court finds that Plaintiffs' Motion should be and hereby is **GRANTED** to the limited extent provided above and otherwise **DENIED**.

**SIGNED this 22nd day of October, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE