# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| PICTIVA DISPLAYS INTERNATIONAL LTD., KEY PATENT INNOVATIONS LTD., <br><br> Plaintiffs, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Civil Action No. 2:23-cv-495-JRG <br><br> JURY TRIAL DEMANDED |

**PLAINTIFFS' REQUEST FOR CURRATIVE INSTRUCTIONS REGARDING FACTUALLY UNSUPPORTED ASSERTIONS MADE IN CLOSING BY DEFENDANTS**

Plaintiffs recognize this Court heard all the evidence in the case and has the prerogative to proctor statements made in closing as it sees fit. Plaintiffs also recognize they were given significant latitude in closing to point out where they believe false statements about the record evidence were made. Plaintiffs also recognize that merely because they disagree with the factual inference an attorney asks a jury to draw, this does not make a closing argument improper. Finally, Plaintiffs recognize that the jury was already instructed on how to weigh the issue of false statements:

> You must consider whether any misstatement was an intentional falsehood or a simple lapse in memory and what significance should be attached to that testimony.

Plaintiffs submit this proffer regarding statements made in closing that did not just have no support in the record, but expressly contradicted the record and previous rulings of this Court. Plaintiffs leave it to the Court to determine the nature of any curative instruction to be given to the jury.

## I. STATEMENTS REGARDING PRODUCTS MANUFACTURED ON THE A1 LINE

During closing, counsel for Samsung stated that

> We brought you evidence that we've been operating that factory, producing millions of units for Samsung/Apple until 2017. And guess what? They're accusing products that go back to 2013. That means that some of the accused products in this case were manufactured in the very A1 factory that counsel wants you to believe was shut down because Clix2 was such a failure. Tr. Tri. At 1387.

After the closing, Plaintiffs pointed out that there is "[n]ot a shred of factual evidence in the record to support that" statement. *Id.* at 166:15-19, 167:8-16. Counsel for Samsung admitted there was no evidence to support his assertion in the record:

> ***just because they decided strategically not to -- not to conduct discovery into the A1 manufacturing line***, which was in operation, as we heard, until 2017, does not mean that the products that are being accused going back to 2013 are not produced there. Id. at 1388.

The defect is deeper. The statements made to the jury and the Court affirmatively contradicts evidence in the record. The witnesses did not testify that displays for Samsung and Apple were

- 1 -

produced on the A1 line. The only testimony in the record was that displays for Samsung and Apple were produced on entirely different lines:

> Q. What products are made on the A3 and A4 lines?
> A. Going by the customers that we deal with, we make products that would get incorporated into Apple's iPhones and also the phones made by Samsung Electronics.
>
> Q. These are the AMOLED displays for screens. Correct?
> A. That's right. Tr. T. at 842.

Samsung's witness Yonghun Jo's testified that no "other device ever in history used that original old Clix2 OLED." Tr. Tr. at 1016:19-23. Moreover, Mr. Jo testified that the infringing products could not have been made on the A1 manufacturing line. He testified Samsung is "currently using [the A1 manufacturing line] for our R&D line." Tr. Tr. at 1016:24-1017:1.

> Q. The manufacturing line that was used for the old Clix2 device has been shut down. Correct?
>
> A. We are currently using that for our R&D line.

## II.    STATEMENTS REGARDING CUTTING OFF "CURRENTLY" FROM CROSS-EXAMINATION

Counsel for Samsung also accused Plaintiffs of "[c]hopp[ing] off the word currently in all those cross-examination questions" played in the video testimony in connection with the A1 manufacturing line. Day 5 Realtime Tr. at 147:3-6. Plaintiffs did no such thing. The A1 manufacturing line was mentioned only once during all video depositions, and as the testimony shows, the question was clearly directed to the current status of the A1 line:

> Q. No OLED panels are made on the A1 line. Correct?
>
> A. Currently, in our company, A[1] production line has been shut down.

Tr. Tr. 1207:24-1208:3 (video testimony of Sokwon Noh). Moreover, during the live cross-examination of SDC's witness Yonghun Jo, counsel for Plaintiffs emphasized that he was specifically asking about whether the A1 line is in use "currently":

> Q. Is there any company in the world that sells the alleged AMOLED screen in the Clix2 device today?
>
> A. I don't know about currently, but in 2007 the company iRiver sold Clix2.
>
> Q. You understand I'm talking about currently. Correct, sir?
>
> A. Yes. *Id.* at 824:17-23.

### III. STATEMENTS REGARDING THE INVESTOR PROJECTIONS

In closing, counsel stated to the jury that an offer of $65 million was made to Samsung and that it was then raised to $360 million: Counsel for Samsung stated: "You remember Mr. Kennedy. And what Mr. Kennedy said is, you know what we can do, we can take that $65 million deal or we don't have to take the $65 million deal." Id. at 1384. There is no record evidence that a $65 million offer was made by Pictiva to Samsung.

Counsel then stated "And what did Samsung say? Samsung said, look, we're a pioneer in this field. We have our own patents." Id. at 1384. There is no record evidence that this statement was ever made by Samsung to Pictiva.

### IV. STATEMENTS REGARDING THE MARKING DEFENSE

Counsel for Samsung made numerous inaccurate statements regarding its marking defense by stating that for Plaintiffs to meet the burden, they need to prove that "these five patents were never used by OSRAM, never used by LG," and that Plaintiffs "couldn't seek past damages for all five patents" simply because "LG took a license for 1,400 patents." Day 5 Realtime Tr. at 142:18-22, 150:9-18. These statements are contrary to the law and unsupported by the evidence in the record.

*First*, it was wholly improper for Samsung to even bring up OSRAM in the context of the marking defense because its has previously represented to the Court that "Samsung does not intend to raise arguments regarding OSRAM products." Dkt. No. 324 at 3, n.4 ("Samsung does not intend

- 3 -

to raise arguments regarding OSRAM products; that issue is moot."); Dkt. 289 at 10, n.2 (same); *see* Dkt. 505 at 6, n.4 (finding the issue "moot" because of Samsung's representation).

**Second**, Judge Payne also held that "any products sold by LG before August 4, 2023—the date the LG License came into being—are irrelevant to the section 287(a) analysis." Dkt. 505 at 9. Accordingly, contrary to Samsung's assertion that Plaintiffs must prove that "these five patents were . . . *never* used by LG," Plaintiffs only need to prove that no LGD products practiced the '547, '223, '164, and '425 Patents after August 4, 2023 and before Plaintiffs filed this suit.

**Third**, , Mr. Kennedy concluded that "[f]or the '223 and the '164 Patents, [the damages period] starts . . . when Samsung was notified of infringement in August of 2021," and "for the '425 Patent, that patent issued on November 28, 2023, after the initiation of the lawsuit. Tr. Tr. at 627:18-628:2.

Dated: November 3, 2025

Respectfully submitted,

*/s/ Jason Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Rebecca Carson (*pro hac vice*)
rcarson@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Jie Gao (*pro hac vice*)
jgao@irell.com
Jeffrey Linxwiler (*pro hac vice*)

- 4 -

jlinxwiler@irell.com
Michael Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

*Attorneys for Plaintiff Pictiva Displays International Ltd. and Key Patent Innovations Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that, on November 3, 2025, a copy of the foregoing was served to all counsel of record via the Court's ECF system.

*/s/ Jason Sheasby*
Jason Sheasby